## COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS.                                    SUPERIOR COURT DEPARTMENT
                                                 OF THE TRIAL COURT
                                                 C.A. NO. PLCV2004-01072-B

*******************************
JANET M. BUTLER,                *
         Plaintiff,             *
                                *
v.                              *
                                *
MARK S. BEATON, Individually    *
and in his capacity as a Member of *
the BOARD OF SELECTMEN OF       *
THE TOWN OF KINGSTON,           *
PAUL M. GALLAGHER, OLAVO        *      **04 11971 GAO**
B. DEMACEDO, JOSEPH D.          *
KELLEHER, RICHARD E.            *
KENNEY in their capacities as   *
Members of the BOARD OF         *
SELECTMEN OF THE TOWN OF        *
KINGSTON and TOWN               *
OF KINGSTON,                    *
         Defendants.            *
*******************************

### COMPLAINT AND JURY DEMAND

### INTRODUCTION

On or about August 17, 2004, the defendants, Selectmen of the Town of Kingston, gave the plaintiff, Janet M. Butler, an alternate member of the Zoning Board of Appeals of the Town of Kingston, notice of a purported "show cause" hearing on August 24, 2004 in order to consider her removal for "cause" Mass. Gen. L. c. 40A, §12. The notice she was given specified that she had (1) voted on a matter which she had been informed she could not legally vote on causing the petitioner to have to reapply and (2) violated a written policy relating to appointed officials by having 3 absences within the last six months.    The plaintiff, Janet M. Butler, maintains via this action that she was

denied due process in the conduct of the hearing, challenges her dismissal for "cause" which was arbitrary, capricious and utterly without basis in fact or law, and also brings a claim against the chairman of the Board of Selectmen for defamation due to his false and malicious attribution of derogatory statements by the plaintiff to the public and also because of his false and malicious statements concerning the charges which he claimed were made against the plaintiff which were not in fact made against the plaintiff.

Due the obvious defects in the conduct of the hearings, the plaintiff, Janet M. Butler, also seeks temporary, preliminary and injunctive relief against the defendants, Board of Selectmen and Town of Kingston precluding the appointment of an alternate to fill the position from which the plaintiff, Janet Butler, was purportedly removed from pending a hearing on the merits of this matter.   The plaintiff, Janet M. Butler, also seeks an expedited hearing on this matter.

## PARTIES

1.   The plaintiff, Janet M. Butler, is an individual residing at 47 Grove Street, Kingston, Plymouth County, Commonwealth of Massachusetts.

2.   The defendant, Mark S. Beaton, is an individual residing at 208 Parting Ways Road, Kingston, Plymouth County, Commonwealth of Massachusetts.   At all relevant times hereto, the defendant, Mark S. Beaton, served as the chairman of the Kingston Board of Selectmen.

3A.     The defendants, Mark S. Beaton, Paul M. Gallagher, Olavo B. Demacedo, Joseph D. Kelleher, and Richard E. Kenney are all residents of the Town of Kingston, Massachusetts and together they comprise the defendant, Board of Selectmen of the Town of Kingston, Massachusetts which has a usual place of business at 28 Evergreen Street, Kingston, Massachusetts 02364.

3B.     The Town of Kingston is a municipal corporation organized and existing under the laws of the Commonwealth of Massachusetts with a usual place of business at 28 Evergreen Street, Kingston, Massachusetts 02364.

## FACTS

4.      On or about June 1, 2004, the defendant, Board of Selectmen, reappointed the plaintiff Janet M. Butler, as an alternate member of the Zoning Board of Appeals of the Town of Kingston ("Appeals Board").     The plaintiff, Janet M. Butler, was reappointed by the Board of Selectmen notwithstanding the fact that there had been prior occasion in the prior term of office when she had missed three or more meetings within a six month period of time.

5.      The Appeals Board of the Town of Kingston is a five-member board with two alternate positions.    The second alternate position of the Appeals Board has been vacant since at least on or about the summer of 2002.

6.      The Appeals Board generally authorized by state law (Gen. L. c. 40A) and local by-laws of the Town of Kingston to hear and decide so-called special permits, variances,

3

appeals from the Kingston zoning enforcement official, and to grant site plan approvals and also comprehensive permit applications relating to affordable housing (Gen. L. c. 40B, §§20-23).

7.  When performing these duties, members of the Appeals Board, are said to be performing "quasi-judicial functions." Their decisions may be appealed to court under Gen. L. c. 40A, §17.

8.  Also on or about June 1 2004, the defendant, Mark S. Beaton, during a public meeting of the Board of Selectmen, publicly criticized, verbally attacked and mis-portrayed the plaintiff, Janet M. Butler, concerning her performance and attendance as a member of the Appeals Board.

9.  On June 15, 2004, the plaintiff, Janet M. Butler, although not obligated to do so, appeared at a public forum which precedes the ordinary business of the Board of Selectmen and responded to the defendant, Mark S. Beaton's personal attacks on her.

10. At or about July of 2004, the plaintiff, Janet M. Butler, in her capacity as an alternate member of the Appeals Board contacted the town counsel, Jason Talerman, Esq. of Kopelman & Paige to inquire about the 40B hearing process and have procedural questions and concerns answered by him specifically about the authority of the Board of Selectmen in the 40B process. Attorney Talerman recommended that since his firm represented the Board of Selectmen that she contact Donald Schmidt of the

Massachusetts Department of Housing and Community Development to have said questions answered.

11. Sometime prior to July 7, 2004, a 25 year member and several year chairman of the Appeals Board, Stanley Kuzborski, resigned from his position on the Appeals Board citing personal reasons.

12. Following his resignation, Kuzborski, provided the plaintiff, Janet M. Butler, with a written memorandum from the law firm of Kopelman & Paige, PC, town counsel for the Town of Kingston, Massachusetts which made certain recommendations to town boards and commissions on how to avoid constructive approvals of permits.  *A copy of this Memorandum is attached as Exhibit A.*

13. On July 7, 2004, the plaintiff, Janet M. Butler, appeared for a regular meeting of the Appeals Board.  During the course of the evening, a matter which the plaintiff, Janet M. Butler, was sitting as a voting member, arose.  The matter ultimately involved a non-controversial special permit and a finding by the Appeals Board that the proposed reconstruction of a single-family residence was not more substantially detrimental to the neighborhood under Gen. L. c. 40A, §6 and a similar requirement under the Kingston Zoning Bylaw (the so-called "Vallaincourt Matter").

14. The plaintiff, had been advised prior to the hearing by Kuzborski, that the Appeals Board might need to vote on that matter of else face the possibility that the special permit would be constructively approved due to non-action by the Appeals Board.

15. Two regular members of the Appeals Board, Mauro Mazzilli and Edward Donnelly, rightly or wrongly, had missed prior meetings involving the issue and elected not to participate in the Vallaincourt Matter but were present for the entire July 7, 2002 meeting.

16. The former chairman, Stanley Kuzborski (also a full member of the Appeals Board) was also now unavailable to the Appeals Board due to his resignation, leaving the five-member Appeals Board with only three (3) voting members for the Vallaincourt Matter.

17. The Kopelman & Paige memorandum ultimately recommends voting even with less than required four members Appeals Board if a meeting cannot be continued.

18. Since the Vallaincourt Matter could never be continued to a future date where there would be a sufficient number of members given the absences of Appeals Board members, the plaintiff, Janet M. Butler, voted with the remaining two Appeals Board members and granted the special permit.

19. Upon information and belief, no person has challenged the validity of the vote nor has anyone ever criticized the Appeals Board's underlying basis for its decision.

20. Unbeknownst to the plaintiff and Appeals Board members, Palombo and Gleason, the chairman of the Appeals Board, Mauro Mazzilli, acting in concert with another town official who publishes a local newspaper, Daniel Sapir, video-taped the hearing.

21. Shortly before July 27, 2004, the chairman of the Board of Selectmen, arranged for a joint meeting of the Board of Selectmen and the Appeals Board for July 27, 2004 for the stated purpose of making town counsel personally available to the boards to answer procedural and substantive questions about matters before the Appeals Board.

22. At said hearing, the chairman of the Board of Selectmen, the defendant, Mark S. Beaton, read a prepared list of questions to Town Counsel, Elizabeth Lane, Esq., which said questions were designed to point out perceived deficiencies in the Appeals Board's past practices.

23. The Board of Selectmen also appointed a new full-time member, John Haas, to the Appeals Board after the conclusion of the public meeting with the Appeals Board.

24. On July 28, 2004, the Appeals Board was scheduled to meet for its next regular session. The plaintiff, Janet Butler, was obligated as a part of her occupation to appear that same night before an Appeals Board in the Town of Athol, Massachusetts, and was

therefore unable to attend the Appeals Board meeting in Kingston on time and possibly at all. Sometime during the day, the plaintiff, Janet M. Butler, contacted the Town Planner, Tom Bott and fellow Board member, Joseph Palombo, and advised them of her conflict and that she would make an effort to be there later that evening. Unfortunately, the plaintiff, Butler, was unable to make it back that evening in time for the hearing.

24. Apparently on July 28, 2004, a consultant to an 40B applicant appeared before the Appeals Board, and was critical of the Appeals Board members (Gleason, Mazzilli and Donnelly's (Haas was also present but allegedly reviewed the materials)) failure to review application materials.

25. On August 1, 2004, the defendant, Mark S. Beaton, sought the advice of town counsel to determine whether the Board of Selectmen could assume the functions of the Appeals Board.

26. Sometime prior to August 10, 2004, town counsel opined that the Board of Selectmen had no right to assume the functions of the Appeals Board.

27. Thereafter, on August 10, 2004, the defendant, Mark S. Beaton, demanded again the resignations of each and every member of the Appeals Board calling them "not competent" to sit on important issues.

28. In response to his request, newly appointed member, John Haas, offered submitted his resignation and full-time member Gail Gleason offered her resignation

29. Sometime prior to August 17, 2004, not having received resignations from the plaintiff, Janet Butler, Joseph Palombo, Edward Donnelly or Mauro Mazzilli, the defendant, Mark S. Beaton, began and/or continued an investigation into the conduct of the remaining Appeals Board members to find cause to remove them from their positions.

30. As a part of his investigation, the defendant, Mark S. Beaton, personally discussed whether the Appeals Board needed four votes to grant a special permit with the Building Inspector/Zoning Officer, Paul Armstrong. The defendant, Beaton, also claims to have obtained and watched a copy of the videotape of the July 7, 2004 meeting of the Appeals Board.

31. On August 17, 2004, the defendant, Mark Beaton, possessed a pre-printed draft letter detailing potential charges against the remaining Appeals Board members and initiated a discussion about removal at the Selectmen's meeting that evening.

32. On August 17, 2004, the Board of Selectmen voted to conduct removal for "cause" hearings against the remaining Appeals Board members and to charge them with certain specific misconduct. The Board of Selectmen also voted to deny the Appeals Board members the right to be reimbursed for counsel expenses if they elected to have private counsel represent them.

32.  On August 18, 2004, the plaintiff, Janet Butler, also received notice of the charges against in writing. Said notice indicated that she would have the right to have counsel present and cross-examine witnesses. *A copy of this Notice to Butler is attached as Exhibit B.*

33.  On August 18, 2004, the plaintiff, Janet Butler, through counsel, sought to have the defendant, Mark S. Beaton, recuse himself from sitting on the matter since on any objective view of the evidence, he would not be impartial about the charges given his role in developing the charges, his criticism of the Ms. Butler and his public statements about the "competency" of the Appeals Board membership. Ms. Butler also sought to have the Board of Selectmen make available to her information concerning the charges, where the information was obtained, how the proceedings would be conducted, how the Board had handled other attendance issues and whether other elected and appointed Boards had experienced problems, and whether she would have the right to call witnesses and question Mr. Beaton as a witness. *See a copy of Letter to Kevin Donovan, Town Administrator dated August 18, 2004 attached as Exhibit C.*

34.  On August 23, 2004, plaintiff's counsel, received a letter dated the prior Friday, from town counsel, Mark Reich, Esq., explaining that certain documents would be available on Monday, August 23, 2004 and other documents would only be made available if the plaintiff, Janet Butler, paid the Town of Kingston, in excess of $2,000.00 in research and copy fees. *A copy of this letter is attached as Exhibit D.*

10

35. Plaintiff's counsel further learned from Nancy Howlett that even if the plaintiff, Janet Butler, wanted said records of the other town boards, they would not be available prior to the scheduled hearing the following evening. As a result, the plaintiff, ordered records from the Board of Selectmen, Board of Health and Planning Board which could be made available prior to the hearing.

36. On August 23, 2004, town counsel, Mark Reich, Esq., represented to plaintiff's counsel on the telephone that Selectmen Mark Beaton had no intention of stepping aside and recusing himself, that the plaintiff would not be able to cross-examine Mark Beaton or any other member of the Board of Selectmen, that the plaintiff would not be permitted to call witnesses and that the matter would be a "public meeting" where any member of the public would be allowed to speak, and that the evidence would likely be documentary. Attorney Reich also explained that the Board had not determined a procedure and procedure would be decided at the hearing.

37. On August 23, 2003, plaintiff's counsel again questioned the fundamental fairness of the proposed hearing in writing. *A copy of this letter is attached as Exhibit E*.

38. On August 24, 2003, at the commencement of the public meeting process, the defendant, Mark Beaton, in his capacity as chairman of the Board of Selectmen announced for the first time the procedure for the hearing process. Mr. Beaton indicated that town counsel would explain the charges one at a time against the Appeals

11

Board members, that the member would have the right to speak or have counsel speak on his or her behalf and then the public would be allowed to speak. Mr. Beaton stated that there would be no right to question witnesses. Mr. Beaton finally indicated that the Board of Selectmen would deliberate at the conclusion of this process. Member Richard Kenney then recused himself, despite no request to do so by the plaintiff, to avoid the appearance of impropriety since he worked for the Plymouth County Sheriff and Butler is the treasurer of a campaign opponent.

39. Only after raised by plaintiff's counsel, did Mr. Beaton agree to allow the Appeals Board members or their counsel to respond to public comments if there were any; however, he refused to all the right to examine any such witness.

40. During the public portion of the hearing, Mr. Beaton exhibited obvious bias and a lack of impartiality in the conduct of the matter and refused to allow any discussion of facts which the plaintiff, Janet M. Butler, believed gave rise to grounds for Mr. Beaton to recuse himself even though those facts had not been explicitly laid out. Mr. Beaton also refused to allow the plaintiff to provide evidence concerning absences by other elected and appointed boards even though at least one other member of his own Board of Selectmen requested to hear this information. In response to clear evidence that Janet Butler, had not missed three meetings in the last six months as set forth in the charges (but only two and for good cause), Mr. Beaton then gave testimony himself that the charges were still warranted because there was a history of this occurring and that Ms.

Butler had been allegedly issued a prior warning of dismissal but would not subject himself to any examination concerning these allegations.

41. The defendant, Mark Beaton, also permitted town counsel, Mark Reich, Esq., who possessed no factual knowledge concerning the matters, to discuss absences other than the three alleged absences which gave rise to the charges, to inappropriately offer his opinion that the plaintiff, Janet Butler, could be lying about possessing the Kopelman & Paige memorandum and also to explain how the Kopelman & Paige memorandum might not relate to alternate members of the Appeals Board.

42. During the deliberation part of the hearing, the defendant, Mark S. Beaton, also testified falsely as statements made by Janet Butler said at the July 7, 2004 hearing which were allegedly contained on a videotape not displayed during the meeting in an effort to discredit her explanation of the events.

43. At the conclusion of the public meeting, the Board voted 3-1 to remove the plaintiff from her alternate position on the Appeals Board although there was never any finding or vote as to whether she in fact was guilty of either charge for which the proceedings were allegedly undertaken.

44. Following the conclusion of the meeting, the defendant, Mark S. Beaton, falsely and maliciously stated to the Brockton Enterprise that Janet Butler had also been charged

and found responsible for a conflict of interest for inappropriately sitting on a sign variance matter since she herself owned a sign company.

45. The defendant, Mark S. Beaton's charges against the plaintiff, Janet M. Butler (including the charge leveled against her outside the hearing concerning a conflict of interest), were knowingly false when made, made with the malicious intent that her reputation in the community be detrimentally effected, and have cost her her position with the Appeals Board, the possibility of becoming a full-time member of the Appeals Board, and has detrimentally impacted her reputation with a reasonable number of people in the community.

46. The defendant, Mark Beaton, by his actions and the defendants, Board of Selectmen, have also acted arbitrarily, capriciously and without basis in fact or law in removing the plaintiff, Janet Butler.

47. The defendant, Mark Beaton, by his actions and the defendants, Board of Selectmen, by their actions denied the plaintiff, due process in the conduct of the hearing and have violated her constitutional rights to free speech and freedom of association in the conduct of her activities as an Appeals Board member and as an individual.

48. The defendant, Mark Beaton, by his actions and the defendants, Board of Selectmen, by their actions in removing Appeals Board members have interfered with a quasi-judicial board in the process of conducting hearings into a comprehensive permit

and in doing so have violated the civil rights of Appeals Board members, including the plaintiff, Janet M. Butler.

## COUNT I

## CERTIORARI

## MASS. GEN. L. c. 249 §4

49. The plaintiff, Janet M. Butler, repeats and realleges the allegations set forth in paragraphs 1 through 49 above, as if expressly set forth and incorporated herein by reference.

50. On or about June 1, 2002, the plaintiff, Janet M. Butler, was re-appointed by the Board of Selectmen as an alternate member of the Board of Appeals for a one year term through June of 2005.

51. At the time she was re-appointed, the defendant, Board of Selectmen, knew that the plaintiff, Janet Butler, had missed more than 3 meetings within a six month period during her prior appointed term.

52. On July 7, 2004, the plaintiff voted as an Appeals Board member to grant a special permit in the Vallaincourt matter although there were only three members allegedly available to vote based on a written opinion from town counsel, Kopelman & Paige, which recommended voting to prevent a constructive approval.

53. On July 28, 2004, the plaintiff, Janet M. Butler, missed a meeting of the Appeals Board as a result of her obligation to attend to a personal business meeting in Athol, Massachusetts after giving advance notice of her potential absence to the Town Planner and a fellow Appeals Board member.

54. On August 17, 2004, the defendant, Board of Selectmen, issued written notice that it intended to conduct a removal hearing on August 24, 2004 based on her vote in the Vallaincourt matter and also her having allegedly three (3) absences within the "last" six months in violation of the town's policy relating to appointed officials' attendance.

55. At the hearing, the defendant, Board of Selectmen, removed the plaintiff, Janet M. Butler, without making any determination that the plaintiff had acted inappropriately in making her vote and without any determination that plaintiff had violated the attendance policy as charged in the August 17, 2004 letter describing the charges.

56. The chairman of the Board of Selectmen further refused to permit any cross-examination of witnesses as originally explained in writing, refused to allow himself to be questioned concerning his investigation of facts or testimony he gave at the hearing, refused to recuse himself or permit testimony by the plaintiff concerning cause for recusal, allowed improper speculation by town counsel concerning the credibility of the plaintiff, limited the plaintiff from identifying and describing absenteeism on other town boards as a source of precedent or comparable justifications for absenteeism, allowed consideration of absences outside the scope of the written policy and during a prior term

in office not previously disclosed as being a basis for removal and offered false and misleading statements concerning the plaintiff's conduct on videotape not shown at the meeting.

57. The defendant, Board of Selectmen's vote, was further influenced by the inappropriate conduct of the hearing by the chairman of the Board of Selectmen.

58. The defendant, Board of Selectmen, in removing the plaintiff, Janet Butler, also failed to act consistently with prior practice involving absenteeism on appointed boards.

59. The defendant, Board of Selectmen's, actions were insufficient as a matter of law to establish "cause" for removal.

60. The defendant, Board of Selectmen's, decision to remove the plaintiff, Janet Butler, is not supported by the substantial evidence.

61. The defendant, Board of Selectmen's, decision to remove the plaintiff, Janet Butler, is arbitrary and capricious and based on bias.

62. The defendant, Board of Selectmen's, decision to remove the plaintiff, Janet Butler, occurred after a denial of procedural due process and violated principles of free speech under the First Amendment to the United States Constitution.

## COUNT II

## WRONGFUL REMOVAL FOR CAUSE

63. The plaintiff, Janet M. Butler, repeats and realleges the allegations set forth in paragraphs 1 through 62 above, as if expressly set forth and incorporated herein by reference.

64. The defendant, Board of Selectmen, wrongfully and unlawfully, without cause voted to remove the plaintiff, Janet M. Butler, from her alternate position on the Appeals Board in an effort to influence the results of matters pending before the Appeals Board.

65. As the direct and proximate result of this conduct, the plaintiff, Janet M. Butler, has suffered damages, including without limitation, emotional distress damages, damage to her reputation and standing in the community, and incurred costs and expenses associated with defending against said actions.

## COUNT III

## CIVIL RIGHTS VIOLATIONS

## 42 USC §1983

66. The plaintiff, Janet M. Butler, repeats and realleges the allegations set forth in paragraphs 1 through 65 above, as if expressly set forth and incorporated herein by reference.

67. 42 U.S.C. §1983 provides as follows:

> *Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .*

42 USC §1983.

68.  On or about August 24, 2004, the defendant, Mark S. Beaton, in his individual capacity and also in his capacity as a member of the Board of Selectmen, together with the other defendant-members of the Board of Selectmen of the Town of Kingston, acting under color of state law, deprived the plaintiff, Janet M. Butler, of her due process rights and privileges as secured by the 5th and/or 14th Amendments to the United States Constitution and also the laws of the Commonwealth of Massachusetts in removing her from her appointed position by the following conduct:

   a. failing to provide advance notice of the procedure of the "show cause" hearings;

   b. denying her the opportunity to confront and/or cross examine one's accusers and/or documentary evidence;

   c. failing to provide meaningful advance notice of a list of the names and the nature of their testimony of witnesses testifying against her;

   d. failing to provide a hearing before an *impartial* board and an *impartial* chairman with sufficient expertise in such matters;

   e. failing to display evidence, including a videotape, which allegedly formed the basis for plaintiff's removal;

   f. allowing the counsel for the town to offer personal opinion concerning the credibility of the plaintiff although counsel had no factual basis for such opinion;

   g. denying her the right to have written findings based on substantial evidence before the board making written findings.

19

69. The effect of said conduct was that the plaintiff, Janet Butler, was denied the opportunity to be heard in a meaningful manner concerning her removal, a fundamental requisite of due process.

70. Since said removal action involved in whole or in part her official voting conduct as a member of the Appeals Board, the defendants, Board of Selectmen, have violated her rights under the First Amendment both in using that conduct against her and denying her counsel.

71. The defendant, Mark S. Beaton, further violated the plaintiff's rights by sitting as a member of the defendant, Board of Selectmen, despite having exhibited an obvious lack of impartiality concerning the plaintiff's position over the course of *at least* the two months preceding the removal hearing, including demanding the resignation of the plaintiff at least twice publicly prior to the charges being brought forward by him, seeking the ability to assume the functions of the Appeals Board with respect to 40B hearings, publicly attacking and mis-portraying the plaintiff's attendance record, calling the plaintiff "not competent" to sit on matters before the Appeals Board, and making other derogatory comments concerning the plaintiff's performance as an alternate member of the Appeals Board.

72. As the direct and proximate cause of the defendant, Mark S. Beaton's actions, the plaintiff was removed from her position as an alternate member of the Appeals Board,