suffered damages to her reputation and standing in the community, emotional distress and incurred costs, expenses and reasonable counsel fees.

## COUNT IV

## DEFAMATION

73.    The plaintiff, Janet M. Butler, repeats and realleges the allegations set forth in paragraphs 1 through 72 above, as if expressly set forth and incorporated herein by reference.

74.    After the hearing on August 24, 2004, the defendant, Mark S. Beaton, falsely and maliciously stated that the plaintiff, Janet M. Butler, had been charged with "denying a sign variance to an applicant" and that "that charge was made against her because a conflict existed because she is in the sign business."

75.    The defendant, Beaton, made this statement knowing it to be false and/or with reckless indifference as to the truth of the facts, with the intent that it be published in a newspaper of general circulation in the Town of Kingston and to injure the plaintiff's reputation and standing in the community.

76.    Said statements have had the intended effect and have actually and proximately influenced detrimentally the plaintiff's reputation and standing in the community.

21

WHEREFORE the plaintiff, Janet M. Butler, demands the following relief:

a.  that this Court temporarily, preliminarily and permanently enjoin the defendant, Board of Selectmen, from appointing any person to the unfilled vacant alternate seat on the Appeals Board held by the plaintiff, Janet Butler;

b.  that this Court order and conduct an expedited hearing on the Counts I to III of the plaintiff's Complaint challenging the plaintiff's removal "for cause";

c.  that this Court enter judgment after hearing in favor of the plaintiff on Counts I to IV of the plaintiff's Complaint;

d.  that this Court award the plaintiff monetary damages, compensatory damages and attorneys' fees associated with the denial of due process in the conduct of the removal hearing;

e.  that this Court annul the decision of the Board of Selectmen as being arbitrary and capricious, not based on the substantial evidence and otherwise contrary to law;

f.  that this Court award the plaintiff monetary damages for the injury to her reputation and standing in the community as a result of the defendants wrongful conduct;

g.  that this Court enter such other and further relief as it deems just and equitable.


## JURY CLAIM

The plaintiff, Janet M. Butler, demands a jury trial on all issues so triable.


Respectfully Submitted
JANET M. BUTLER
By her counsel,

DATED: 9/1/04

Robert W. Galvin, Esq.
Galvin & Galvin, SP
10 Enterprise Street, Suite 3
Duxbury, MA  02332-3315
(781) 934-5678
BBO # 561397

22

VERIFICATION

I, Janet M. Butler, being duly sworn, deposes and says that she is the plaintiff in the within entitled action, that she has read the foregoing complaint and knows the contents thereof; and that the same is true of her own knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters she believes it to be true.

[Signed] _Janet Butler_

Address _447 Grove Street_

_Kingston, MA 02364_

Sworn to before me this _1st_ day of _September_, 2004.

_Rachel Brown_

Notary Public
[Seal]

**RACHEL** BROWN
**Notary** Public
**My Commission Expires**
**November 7, 2008**

23

# EXHIBIT A

04/02/98  THU 09:33 FAX 617 654 1735        KOPELMAN AND PAIGE        ᴹᵃʸ· ²³ ²⁰⁰⁴ ⁰²·⁰³ᴾᴹ  ᴾ⁶

@007

KOPELMAN AND PAIGE P C

ᴬᵀᵀᴼᴿᴺᴱᵞˢ ᴬᵀ ᴸᴬᵂ
ˢᵁᴵᵀᴱ ¹⁰⁰⁰
⁷⁷ ᶠᴿᴬᴺᴷᴸᴵᴺ ˢᵀᴿᴱᴱᵀ
ᴮᴼˢᵀᴼᴺ ᴹᴬˢˢᴬᶜᴴᵁˢᴱᵀᵀˢ ⁰⁶¹¹

(⁶¹⁷ ⁴⁵·⁴⁵⁴⁵
ᶠᴬˣ ⁴⁵·¹⁵⁵⁰

ᴶᴼˢᴱ ᴰ ᴋᴼᴾᴱᴸᴹᴬᴺ
ᴶᴼᴴᴺ ᴳ ᴾᴬᴵᴳᴱ
ᴱᴸᴵᶻᴬᴮᴱᵀᴴ ᴬ ᴸᴬᴺᴱ
ᴶᴼᵞᶜᴱ ᶠᴿᴬᴺᴷ
ᴮᴬᴿᴮᴬᴿᴬ ᴶ ᵗᴴ ˢᵀ ᴳᴬᴮᴿᴵᴱᴸ

ᴶᴼᴱᴸ ᴮ ᴮᴬᴿᴰ
ᴳᴿᴱᴳᴼᴿᵞ ᴶ ᶠᴬᴸᴸᴼᴺ
ᴼᴵᶠᶠᴱᴿˢ ᴺ ᴹᴼᴺᵀᴱᴹᴿᴱ
ᴶᴬᴹᴱˢ ᴬ ᴮᴬᴿᵀᴬ
ᴱᴸᴵᶻᴬᴮ'ᵗ ᴹ ᴿᴱᴵᴅᴱᴸ
ᴶᴬᴺᴱ ᴮ ᴱ ᴹᴬᴸᴸᴱᴺ
ᴹᴬᴿᴵᴬ ᴸ ᴴᴱᴸᴸᵞ
ˢᵀᴱᴾᴴᴱᴺ ᴮ ᴹᴬᴸᴷᴱ
ˢᵀᴱᴾᴴᴱᴺ ᴰ ᴾᴼᵂᴹᴬᴺ
ᴬᴺᴺᴱ ᴴᴬᴿᴿᴵˢ ᴹ ᴹᵞᴸᴬᴺᴰ
ᴹᴵᶜᴴᴬᴱᴸ ᴿᴼˢᴱᴺ
ᶜᴿᵞˢᵀᴬᴸ ᴬᴺᴺ ᴮᴬᴺᴷˢ

✓

October 26, 1985

MEMORANDUM TO MUNICIPAL CLIENTS

TO:  BOARD OF SELECTMEN/MAYOR
     TOWN MANAGER/TOWN ADMINISTRATOR/EXECUTIVE SECRETARY
     ZONING BOARD OF APPEALS/PLANNING BOARD

RE:  AVOIDING CONSTRUCTIVE APPROVAL WHEN THERE ARE PROCEDURAL
     PROBLEMS

     Imagine the following scenario:  You are the Chairman of the
Planning Board.  The Board has scheduled a public hearing on a
definitive subdivision plan for the eightieth day after the plan
was filed.  Just before you are to gavel the meeting to order,
you notice that the public hearing was not properly advertised.
Since there is not enough time to re-notice another hearing date
before the 90 day time limit expires, you ask the applicant's
attorney for a written agreement to extend the time.  He refuses,
stating that the Board cannot act due to the defect in the
notice, and therefore his client will receive a constructive
approval (i.e. the plan will be deemed approved due to failure to
act).  What do you do?

     Answer:  Proceed with the public hearing anyway, render a
decision, and file it with the City or Town Clerk within the 90 OR 100
days.  When problems of this nature arise for a Board that must
act within a certain time frame or the application will be
constructively approved, the Board should comply with the
procedural requirements as best it can, then make sure it files a
decision with the Clerk before the deadline to avoid constructive
approval.  See Mullin v. Planning Board of Brewster, 17 Mass.
App. Ct. 139 (1983).

     Often, a procedural defect will not invalidate the decision.
First, a procedural defect can usually be asserted only by a
party who has been harmed by it.  In the above example, chances
are the applicant cannot attack the Board's decision on the

04/02/98  THU 09:34 FAX 617 654 1735      KOPELMAN AND PAIGE      Aug. 25 2004 02:04PM  P4      ☒ 008

...MAN AND PAIGE P C

Memorandum to Municipal Clients
October 25, 1989
Page 2

grounds that notice was defective, since he was at the meeting
and therefore obviously had notice.  Usually, only a person who
missed the hearing because he did not receive adequate notice may
use this as a grounds for appealing the decision.  Gamache v.
Acushnet, 14 Mass. App. Ct. 215 (1982).  Secondly, if the
procedural defect was so slight that it clearly was not
misleading, as is sometimes the case with typographical errors,
the court may uphold the Board's decision.  Finally, even
if the decision is appealed by a person who was actually harmed
by the defect in the notice, and the defect was not
insignificant, a court will usually simply remand the case back
to the Board to rehear it, rather than overrule the Board.  See
Mullin v. Planning Board of Brewster, 17 Mass. App. Ct. 139
(1983).  So if there is no time to remedy a defect in a hearing,
the best bet is to vote on the application and file notice with
the Clerk if the Board wants to avoid constructive approval.  Of
course, if there is time to re-notify and post a new hearing
date, that course is preferable since it will avoid the expense
of possible appeals on the procedural grounds.

Another situation that often arises is when a Zoning Board
of Appeals or Planning Board has a ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓ ▓▓
but lacks enough members to grant the relief requested.  For
example, a five member Board has ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ for a
hearing on a special permit, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓.  In my opinion, the Board may continue the
hearing to another date when at least four members will be
present.  If there isn't time for a continuance, and the
applicant refuses to grant an extension, the Board should proceed
with the hearing.  (There is some question) as to whether a simple
majority of the Board is a quorum in such a case, or whether four
members are needed for a quorum.  However, in my opinion the
Board has no choice but to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and file with
the clerk's office.  However, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
favor.  (Once this is explained to the applicant, he will usually
agree to a continuance).

A third situation that often arises is when a public hearing
is held over a series of nights, and not all members are present
at all nights of the hearing.  The question then becomes, who
should vote on the application?  The law is clear that a member
who was not at (and) of the public hearings may not vote.[5]  Mullin v.
Planning Board of Brewster, 17 Mass. App. Ct. 139 (1983).  When a

*ZONING BOARD*
*4 OF 5 VOTES FOR*

*ONLY IF EVIDENCE WAS PRESENTED*

LMAN AND PAIGE P. C.

Memorandum to Municipal Clients
October 25, 1989
Page 3

Zoning Board of Appeals or Planning Board is acting on an
application, it is acting in a quasi-judicial capacity and all
members who are voting should have attended the entire hearing.
While it is not clear whether attending a portion of the public
hearing is sufficient to enable a member to vote, all members who
vote should attend all parts of the public hearing.  If this is
impossible, and an extension cannot be obtained, then a quorum of
the Board should vote on the application, but members who were
not at the entire hearing should abstain.  This should avoid a
constructive approval.

    Finally, I am often asked what course should be followed
when a Board member who attended a public hearing on a particular
matter resigns from the Board before the vote is taken.  In my
opinion, once a resignation is effective, that person is no
longer on the Board and may not vote.  If there are insufficient
members remaining who are eligible to vote on the matter, it
should be re-noticed and re-heard by the Board if there is time.
If not, and the applicant will not grant an extension, the
remaining eligible members should vote and file a decision with
the clerk.

    In summary, when a Board is faced with a quorum problem or
defect in notice, it should:

    1.   Continue the hearing or re-notice the hearing if there
is time; or

    2.   Seek a continuance from the applicant if there is
insufficient time before the constructive approval deadline; or

    3.   If neither of the above can be accomplished, proceed
with the hearing and vote in as close compliance with the law as
possible, and file the decision with the Clerk.

                    Very truly yours,


                    Barbara J. Saint Andre

BJS/myj


WZ MEMBERS- OPEN THE HRG & CONTINUE ... IF CONTINUED & FINALLY DECISION RENDER
& IF APPEALED, COURTS MAY REMAND THE CASE BACK TO THE BOARD TO REHEAR IT
BUT IN ANY CASE, CONSTRUCTIVE APPROVAL WOULD BE AVOIDED.

# EXHIBIT B



# TOWN OF KINGSTON

*Office of the Board of Selectmen*

*Town House*

*26 Evergreen Street*

*Kingston, Massachusetts  02364*

*Tel: 781-585-0500*
*Fax: 781-585-0534*

*Board of Selectmen*
*Mark S. Beaton, Chairman*
*Paul M. Gallagher, Vice Chairman*
*Olavo B. DeMacedo*
*Joseph D. Kelleher*
*Richard E. Kenney*

*Town Administrator*
*Kevin R. Donovan*

August 17, 2004

Ms. Janet Butler
47 Grove Street
Kingston, MA 02364

Dear Ms. Butler:

This is to serve as official notification that in accordance with the provisions of M.G.L. chapter 40A, section 12, the Board of Selectmen will hold a public hearing to show cause as to why you should not be removed as a member of the Zoning Board of Appeals.

The reason for this action is that;

1) On July 7, 2004, you participated in and allowed a vote on a special permit to continue after being informed that the vote was not valid causing the petitioner to reapply.
2) You have been absent three meetings of the ZBA in the last six months, in violation of the Selectmen's policy on attendance for committee and board members.

The hearing will take place on Tuesday, August 24, 2004, in Room 200, at the Town House beginning at 8:00 p.m.  You are entitled to be represented by counsel, at your expense, present evidence and cross-examine witnesses.

Very truly yours,

Kevin R. Donovan
Town Administrator

# EXHIBIT C

# GALVIN
# & GALVIN

*Attorneys at Law*
   *A Sole Proprietorship*

   10 ENTERPRISE STREET, SUITE 3
   DUXBURY, MASSACHUSETTS 02332-3315
   CORNERS OF ROUTES 3A & 139

Robert E. Galvin
   Robert W. Galvin
   Deirdre S. Weiler
   William J. Galvin (1898-1995)

August 18, 2004

## VIA FACSIMILE AND FIRST-CLASS MAIL

Kevin R. Donovan
Town Administrator
Town of Kingston
26 Evergreen Street
Kingston, Massachusetts   02364

**RE:    Show Cause Hearings involving Janet Butler and Joseph Palumbo**

Dear Mr. Donovan:

I have been asked to represent Janet Butler and Joseph Palumbo in connection with removal hearings which have been scheduled for next Tuesday, August 17, 2004 at 8:00PM.

The purpose of this letter is to express on behalf of my clients concerns with the anticipated hearings and the process by which it was determined to conduct such hearings.

First of all, I would be remiss if I did not inform you that I believe that certain of the members of the Board of Selectmen have engaged in conduct which violates Massachusetts conflict of interest law.    These very same members voted against approving a measure which would afford Ms. Butler and Mr. Palumbo counsel during these proceedings and established the procedure under which these proceedings are to take place.    More specifically, Selectmen Mark Beaton used a meeting which was represented to me as being an "educational-type meeting" to ask his own (and not the Board's) pre-prepared questions on behalf of the Zoning Board of Appeals to Town Counsel about hearing procedures.    As a municipal attorney, I can honestly say that I have never seen a more deliberate intention to embarrass (and discipline) a fellow municipal board and its board members in a more publicly misleading way.    Clearly, the Selectmen could have made available or allowed Town Counsel to meet with the Board

Kevin R. Donovan, Esq.
8/18/2004
Page 2 of 4

of Appeals' members during a public meeting and advise them on procedures and answer questions at a Board of Appeals' meeting.  Mr. Beaton simply elected not to do so since it did not suit his personal vendetta against Appeals Board members.

I also have reason to believe that Mr. Beaton has stated to a Board member that if that Board member does not resign as he demanded – he will use the press to tarnish that person's reputation as he has previously done with other Board members.   This type of intimidation of a municipal official is wholly inappropriate and illegal.    What is more troubling is that these same officials are currently acting as a quasi-judicial authority in the 40B process and my client's believe that this action against them now is an effort to influence their thinking and conduct in these matters.

I am also advised that Richard Kenney, a member of the Board, who participated in the "educational-type" meeting and in last evening's events, is employed on a part-time basis by Sheriff McDonough.     As you know, Mr. Palumbo is a candidate in the county-wide election for the Plymouth County Sheriff's position.    Mr. Kenney's participation in any decision effecting Mr. Palumbo, during the time when his employer, Sheriff McDonough, is campaigning against my client, is a clear violation of the state ethics laws which prohibit his participation in any matter in which a reasonable person might conclude that he is likely to act as a result of kinship, rank, position or undue influence of any party or person.    Mr. Kenney also appears to have a financial interest in the outcome of the this matter involving Mr. Palumbo because if he were to be removed – that fact would likely be used in any campaigning.     Mr. Kenney appears also to be predisposed to remove Board members and has been heard to make the statement that the Board members in general are not "the brightest bulbs."

I further intend to call Mr. Beaton and Mr. Kenney as witnesses in this matter on the subjects referenced above as well as what I have gathered concerning Mr. Beaton's pre-hearing investigation of these matters.    I believe that on this basis also it would be wholly inappropriate for them to sit as members of the Board which adjudicates their potential removal for cause.

I received your letters this morning concerning the so-called charges against Ms. Butler and Mr. Palumbo.    I have also reviewed a transcript of the proceedings.    It clearly appears that the Board discussed in open session in violation of the Open Meeting Law what the Selectmen "determined" was the Board members failures as zoning board members.     Neither of my clients was notified properly in accordance with the law of the matter and none of the procedural requirements of Gen. L. c. 39, Section 23B. There are numerous witnesses to the fact that charges and the factual basis therefore was discussed and considered and that my clients were not given the notice that was required and that common decency would normally dictate.

It appears to me that the Board of Selectmen is questioning, in part, the propriety of their conduct as town officials during the progress of a hearing, in my opinion, the Board of Selectmen has the duty and obligation to indemnify them for legal expense incurred in

Kevin R. Donovan, Esq.
8/18/2004
Page 3 of 4

defending against said actions. See Gen. L. c. 258, §13.    My clients hereby advise you
that they intend to bring a claim for indemnification concerning these matters.  I also
question the wisdom of making such allegations since to do so could possibly play right
into the hands of persons and entities appearing before the Board who might desire to use
the results of any investigation against the Town of Kingston.    In addition, removal of
Board members during the process of 40B hearings, could be viewed as intermeddling
with the quasi-judicial functioning of the Board of Appeals.

On behalf of my clients, I am also requesting the following information:

(1)    The name, address and date of birth of any person whom the Board of Selectmen
had investigating the charges against my clients.

(2)    A copy of any and all meeting minutes from any open meeting at which these
charges have been discussed.

(3)    Any and all reports, complaints or other correspondence received by the Board of
Selectmen concerning the allegations of impropriety.

(4)    A copy of the so-called policy against missing three meetings within six months
including the effective date of the policy and proof of notice;

(5)    A listing of the meeting attendance records for members of each and every Board
or Commission for the past 2 years;

(6)    The name and address of any person who has been prior to this instance been
asked to report to the Board of Selectmen and explain absences at public
meetings;

(7)    Any documents which mention, relate to or concern other charges against my
clients which have been dismissed, dropped or otherwise not pursued by the
Board of Selectmen, including without limitation, complaints and/or reports of
alleged misconduct or malfeasance, meeting minutes at which these charges were
considered, and any correspondence by or between the Board of Selectmen, its
agents, servants, employees and my clients and/or any other person regarding any
such allegations or the disposition of any such allegations.

(I have attached a document which reflects that other charges were being
considered by the Board of Selectmen on August 17, 2004).

(8)    Any and all notes prepared by any member of the Board of Selectmen which
mention, relate to or concern any alleged misconduct or malfeasance by my
client's, including, but not limited to Chairman Beaton's notes from the
"educational-type meeting conducted in July 2004.";

(781) 934-5678    (781) 834-4224    (781) 837-1030 (FAX)

Kevin R. Donovan, Esq.
8/18/2004
Page 4 of 4

(9)     Any and all written ethics disclosures filed by any member of the Board of
        Selectmen with the Town Clerk of Kingston concerning matters involving the
        Zoning Board of Appeals or my clients; and,

(10)    Any and all documentation provided by counsel to the Town of Kingston for the
        educational-type hearing in July 2003, opinions provided in connection with
        conduct of hearings by the Board of Appeals concerning the L. Knife and Son
        project,  and the hearing conducted on August 17, 2004.

(11)    Copies of any posted or mailed notice of the Board of Selectmen Hearing held on
        August 17, 2004.

Kindly advise me when these materials and information will be available to me so that I
may adequately prepare for the hearing.      I reserve the right to request a continuance of
this hearing consistent with the timeliness of the Selectmen's response hereto.

I am also recommending to my clients that they provide a copy of this letter to the
Plymouth County District Attorney's Office and also to the Massachusetts State Ethics
Commission concerning the allegations of unethical behavior and open meeting law
violations.

I look forward to hearing from you soon.

                                            Very truly yours,


                                            Robert W. Galvin

cc:     Janet Butler
        Joseph Palumbo
        Mark Rich, Esq.

# EXHIBIT D

LEONARD KOPELMAN
DONALD G. PAIGE
ELIZABETH A. LANE
JOYCE FRANK
JOHN W. GIORGIO
BARBARA J. SAINT ANDRE
JOEL B. BARD
JOSEPH L. TEHAN, JR.
THERESA M. DOWDY
DEBORAH A. ELIASON
RICHARD BOWEN
DAVID J. DONESKI
JUDITH C. CUTLER
KATHLEEN E. CONNOLLY
DAVID C. JENKINS
MARK R. REICH
BRIAN W. RILEY
DARREN R KLEIN
JONATHAN M. SILVERSTEIN
ANNE-MARIE HYLAND
JASON R. TALERMAN
GEORGE X. PUCCI

EDWARD M. REILLY
DIRECTOR WESTERN OFFICE

**KOPELMAN AND PAIGE, P. C.**

ATTORNEYS AT LAW

31 ST. JAMES AVENUE

BOSTON, MASSACHUSETTS 02116-4102

(617) 556-0007

FAX (617) 654-1735

PITTSFIELD OFFICE
(413) 443-6100

NORTHAMPTON OFFICE
(413) 585-8632

WORCESTER OFFICE
(508) 752-0203

WILLIAM HEWIG III
JEANNE S. McKNIGHT
KATHLEEN M. O'DONNELL
PATRICIA A. CANTOR
THOMAS P. LANE, JR.
MARY L. GIORGIO
THOMAS W. McENANEY
KATHARINE GOREE DOYLE
LAUREN F. GOLDBERG
JEFFREY A. HONIG
MICHELE E. RANDAZZO
GREGG J. CORBO
RICHARD T. HOLLAND
ELIZABETH R. CORBO
MARIA C. ROTA
VICKI S. MARSH
JOHN J. GOLDROSEN
SHIRIN EVERETT
BRIAN E. GLENNON, II
JONATHAN D. EICHMAN
JOSEPH S. FAIR
LAURA H. PAWLE
CAROLYN M. MURRAY
JACKIE COWIN
SARAH N. TURNER
JEFFREY T. BLAKE
R. ERIC SLAGLE

August 20, 2004

BY FACSIMILE – (781) 837-1030

Robert W. Galvin, Esq.
Galvin & Galvin
10 Enterprise Street, Suite 3
Duxbury, MA 02332

Re:    August 18, 2004, Records Request (Town of Kingston)

Dear Mr. Galvin:

The Town of Kingston has received your August 18, 2002, correspondence regarding certain public hearings scheduled for Tuesday, August 24, 2004. Although your request for records does not cite the Public Records Law, G.L. c.66, §10, such requests will be treated as public records requests pursuant to the statute.

The Town has records it believes are responsive to requests numbered 2 through 4, 6 through 8, and 10 through 11, as set forth in your August 18, 2004, letter. As a courtesy to your clients, the Town will waive the fees for search time (defined to include the time needed to locate, pull from the files, copy and reshelve or refile the records), and will only assess the fee for photocopies. See 950 CMR 32.03; 950 CMR 32.06(1)(c). It is estimated that there are approximately 48 pages of responsive records, at a cost of $.10 per page. 950 CMR 32.06(1)(a). Such records will be available on Monday morning at the office of the Town Administrator.

With regard to requests numbered 1 and 9, there are no records responsive to your requests. A record holder's duty to respond to requests for information extends only to records that are in existence and in his custody. See G.L. c.4, §7(26). There is no obligation to create a record in response to a public records request. G.L. c.66, §10(a). Thus, to the extent that the Town does not have any records responsive to the above-cited requests, the Town is not obligated under the Public Records Law to create such records.

PRINTED ON RECYCLED PAPER

KOPELMAN AND PAIGE, P.C.

Robert W. Galvin, Esq.
August 20, 2004
Page 2

Request number 5 seeks "A listing of the meeting attendance records for members of each and every Board or Commission for the past 2 years." There is no one record responsive to your request. As explained above, the Town does not have an obligation to create such a record. However, the Town believes that information responsive to your request may be gleaned from reviewing minutes of Town boards and committees. Whenever it is estimated that it will cost more than $10.00 to comply with a request for records, the Town is obligated to provide an estimate of the cost. 950 CMR 32.06(2). In this case, it is estimated that approximately 10 Town boards and committees meet several times a month, and that review and copying of the minutes of such meetings would take approximately five hours per board or committee, for a total of approximately 50 hours. It is further estimated that approximately 30 Town boards and committees meet less frequently, and that review and copying of the minutes of such meetings would take approximately two hours per board or committee, for a total of 60 hours. Thus, the total amount of time necessary to comply with request number 5 would be 110 hours. The lowest paid person in the office of the Town Administrator capable of locating, reviewing, and copying such records receives $20.00 per hour. The Town may assess such costs to the requester pursuant to 950 CMR 32.03 and 950 CMR 32.06(1)(c). It is further estimated that there will be approximately 1200 pages copied (two pages per month for a period of two years for 10 committees that meet frequently, one page per month for a period of two years for 30 committees that meet less frequently), at a cost of $.10 per page. Therefore, upon receipt by the Town Administrator's office of a check made out to the Town in the amount of $2,320.00, the Town Administrator will direct that the work to compile and copy the records responsive to request number 5 begin.

Please contact me if you have any further questions regarding this matter.

Very truly yours,

Mark R. Reich

MRR/LFG/lem
cc:    Board of Selectmen
229385/KJNG/0001

# EXHIBIT E

# GALVIN
# & GALVIN

*Attorneys at Law*
*A Sole Proprietorship*

10 ENTERPRISE STREET, SUITE 3
DUXBURY, MASSACHUSETTS 02332-3315
CORNERS OF ROUTES 3A & 139

Robert E. Galvin
　　　Robert W. Galvin
　　　Deirdre S. Weiler
　　　William J. Galvin (1898-1995)

August 23, 2004

## VIA FACSIMILE AND FIRST-CLASS MAIL

Mark R. Reich, Esq.
Kopelman & Paige, PC
31 St. James Avenue
Boston, Massachusetts   02116-4102

Kevin R. Donovan
Town Administrator
Town of Kingston
26 Evergreen Street
Kingston, Massachusetts    02364

RE:    **Show Cause Hearings involving Butler and Palombo**

Dear Attorney Reich and Mr. Donovan:

I am writing this letter to you this morning concerning several outstanding issues and also
to reiterate my concern over the fundamental fairness of the proceedings involving
tomorrow's "show cause" hearings involving the above-referenced individuals.

When I returned to my office this morning after being on trial on Thursday and Friday, I
received a letter from Attorney Reich (apparently faxed Friday) explaining that some of
the documentation which I requested would be available this morning at my cost and
expense.      I also learned that there are no existing records which would allow one to
evaluate the attendance of members of the other municipal boards.      Apparently,
someone would have to examine the meeting minutes of every meeting of each of these
boards to determine whether the meeting members were present (this includes the Board
of Selectmen).      I have also been advised that there would be a research cost exceeding
$2,000.00.

I contacted the Selectmen's Office since I could not reach Attorney Reich and learned at 10:45AM that this information which was copied was available.    Mr. Donovan was also unavailable as he was attending a funeral for a former municipal employee.    The purpose of my attempting to contact the both of you (in addition to arranging for the pick up of the available material) was to find out whether if I ordered the materials referenced in the letter whether I would have these records in time for tomorrow's hearing which the Board of Selectmen has fixed.    In speaking with Nancy Howlett, I am advised that even if I ordered them they would not be available for tomorrow.    I have accordingly asked her to see what is available as it relates to the Board of Selectmen, Planning Board and Board of Health at least from the being of the year to the present date.

When I did reach Mark Reich concerning other outstanding issues, my understanding is that much of the issues relating to the procedure to be followed tomorrow is still unresolved.    What I do understand is that Chairman Mark Beaton, notwithstanding the allegations I have made concerning his obvious lack of partiality (in Board Meeting Minutes dated August 10, 2004, Mr. Beaton stated that the current Board was "not competent to sit on the important issues before it") and my desire to call him as a witness, will not agree to step aside.    I understand that Mr. Kenney will not participate in the hearing against Mr. Palumbo.    I also understand that the evidence is largely documentary.

As of the drafting of this letter, I have been advised by Attorney Reich that Mr. Beaton intends to refuse to answer any questions concerning his conduct or partiality, that the procedural format for the proceedings is undetermined, that you do not know the names and addresses of any witnesses, and do not know what documents will be relied upon to substantiate the allegations.    As I understand it although I have the right to cross-examine witnesses my ability to present witnesses as of yet is still undecided.    I believe that all of the foregoing will result in the denial to my clients of substantive and procedural due process and fairness.    It is impossible to properly prepare for a meeting at which you have only a vague statement of charges.

I also wish to remind the Board that the document which I did see this morning included a description of action taken against a Sean O'Donnell in connection with double the amount of absences of which the Board of Appeals' members are accused and a number of tardy appearances.    The Board did not similarly conduct a removal hearing in the face of his unexplained absences nor did it remove him when he offered the same reasonable excuses which Mr. Palombo and Ms. Butler offer.    This is precisely the same type of disparate treatment which troubles me greatly with respect to these hearings. As of the instant date, no one has even asked the members for any explanation.

Finally, as I am sure the Board of Selectmen is aware, conduct of votes (even if wrong) and communications at hearings, are constitutionally protected speech.    The Board of Selectmen's potential interference with the hearing process of meetings is misguided and could potentially subject the Town of Kingston to costly litigation from a variety of sources, including the members of the Board of Appeals.    See Stella v. Kelley, 63 F.3d