8/23/2004
Page 3 of 3

71 (C.A. 1st Cir 1995).

I trust that you understand my position in this regard.

Very truly yours,

Robert W. Galvin

cc:   Janet Butler
      Joseph Palombo

(781) 934-5678   (781) 834-4224   (781) 837-1030 (FAX)

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | Trial Court of Massachusetts Superior Court Department County: _____ |
|---|---|---|
| PLAINTIFF(S) Janet M. Butler | | DEFENDANT(S) Kingston Bd of Selectmen and Mark S. Beaton |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE 10 Enterprise St, Suite 3 Duxbury, MA 02332 Board of Bar Overseers number: 561397 | | ATTORNEY (if Known) Kopelman + Paige PC 31 St. James Ave/Place Boston, MA 02114 |

Original code and track designation

Place an x in one box only:
- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c. 231, s. 97 & 104 (after trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgement/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) TRACK | IS THIS A JURY CASE? |
|---|---|---|
| D99/B99/E99/B15 | Certorari/Civil Rights (F) | (✓) YES   ( ) NO |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses                         $ _____
  2. Total Doctor expenses                          $ _____
  3. Total chiropractic expenses                    $ _____
  4. Total physical therapy expenses                $ _____
  5. Total other expenses (describe)                $ _____
                                        Subtotal   $ _____
B. Documented lost wages and compensation to date   $ _____
C. Documented property damages to date              $ _____
D. Reasonably anticipated future medical and hospital expenses $ _____
E. Reasonably anticipated lost wages                $ _____
F. Other documented items of damages (describe)     $ _____

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

Plaintiff was unlawfully removed from her position of appointment as alternate member of Kingston Zoning Board of Appeals

                                                    $ _____
                                          TOTAL    $ _____

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

                                          TOTAL    $ _____

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____   DATE: 9/1/04

AOTC-6 mtc005-11/99
a.o.s.c. 1-2000

# COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
C.A. NO. PLCV2004-01072B

```
*********************************
JANET M. BUTLER,                *
        Plaintiff,              *
                                *
v.                              *
                                *
MARK S. BEATON, Individually    *
and in his capacity as a Member of *
the BOARD OF SELECTMEN OF       *
THE TOWN OF KINGSTON,           *
PAUL M. GALLAGHER, OLAVO        *
B. DEMACEDO, JOSEPH D.          *
KELLEHER, RICHARD E.            *
KENNEY in their capacities as   *
Members of the BOARD OF         *
SELECTMEN OF THE TOWN OF        *
KINGSTON and TOWN               *
OF KINGSTON,                    *
        Defendants.             *
*********************************
```

## MOTION FOR A PRELIMINARY INJUNCTION

NOW COMES the plaintiff, Janet M. Butler, by her counsel and hereby moves this Honorable Court issue a Preliminary Injunction against the defendant, Board of Selectmen of the Town of Kingston, preventing that Board and its individual members from appointing an alternate member of the Zoning Board of Appeals to replace the plaintiff, Janet M. Butler, who maintains that she was removed without cause and in violation of law and in a manner that deprived her of her due process rights to a meaningful hearing.

AS GROUNDS THEREFORE the plaintiff, Janet M. Butler, states as follows:

1. The plaintiff was removed by the defendant, Board of Selectmen, on Tuesday evening, August 24, 2004 after 8:00PM.

2. Via this action, the plaintiff, Janet M. Butler, is contesting the legality of her removal as an appointed alternate member of the Kingston Zoning Board of Appeals.

3. The plaintiff maintains that there is a strong likelihood of success on the merits of this case since the (1) Board of Selectmen did not make any finding when acting to remove her that she in fact was guilty of either of the charges of which she was advised; (2) she offered uncontrovertible and conclusive evidence that in voting (on the matter she was charged with misconduct on) she was acting pursuant to the advice of an opinion of Town Counsel and had only missed one absence since her term began and only 2 meetings in the last six months due to legitimate personal reasons which did not violate the express written policy of the Board of Selectmen relating to appointed positions.

4. The plaintiff, whose hearing was videotaped and is available to be displayed to the Court, was clearly deprived of a meaningful opportunity to be heard by a Board member or members who were not impartial in the matter, are believed to have discussed the matter prior to the hearing, who prior to the charges demanded the resignations of the plaintiff and other board members, had publicly called the plaintiff and other board members "not competent", had mis-portrayed attendance, had participated in the pre-meeting investigation into the facts but refused to submit to any examination, relied on

information outside the scope of the hearing, and had even acted to strip the entire Boardd of its authority by having the Selectmen take over the functions of the Board of Appeals (a move that was not approved by Town Counsel).

5. The Board of Selectmen further intends to appoint new members to the Zoning Board of Appeals on next Tuesday, September 7, 2004 at its next regular meeting of the Board of Selectmen and as a result a hearing prior to this meeting is critical to prevent the Board of Selectmen from completing the act of replacing the plaintiff pending a full (and hopefully expedited) hearing on the merits.

6. Given the hostility of Board of Selectmen towards the plaintiff, there is little doubt it could attempt to deliberately fill the position for which it removed Janet M. Butler in an effort to thwart her from recovering her position.

7. Although the Board of Selectmen and the Board of Appeals are expected to claim an inability to function in the event of injunctive relief, the injunctive relief sought will not detrimentally impact the ability of the Board of Appeals to function since the Board of Appeals has been acting without its second alternate position being filled since June of 2002, nothing here would preclude the appointment of four new regular members to the the five member Board or the other vacant alternate position, thereby having a complete complement of Board members to act on matters pending before the Board.

8. The issuance of this injunction is further in the public interest since the integrity of the appointment and removal process, the constitutional limits of due process are at issue and interference with the Board of Appeals role as the permit granting authority on pending matters has been alleged. In the event that the plaintiff was wrongfully removed, her replacement is necessary to prevent applicants before the Board to be able to make claims of constructive approval.

The factual basis of these claims are further set forth in the Verified Complaint attached hereto.

WHEREFORE the plaintiff, Janet M. Butler, respectfully requests that this Court issue a Preliminary Injunction against the defendant, Board of Selectmen of the Town of Kingston, preventing that Board and its individual members from appointing an alternate member of the Zoning Board of Appeals to replace the plaintiff pending a full hearing on the merits of the case.

DATED: 9/2/04

Respectfully Submitted
JANET M. BUTLER
By her counsel,

Robert W. Galvin, Esq.
Galvin & Galvin, SP
10 Enterprise Street, Suite 3
Duxbury, MA 02332-3315
(781) 934-5678
BBO # 561397

## Commonwealth of Massachusetts
### County of Plymouth
### The Superior Court

CIVIL DOCKET# **PLCV2004-01072-B**

RE: **Butler v Beaton**

TO: Robert W Galvin, Esquire
    10 Enterprise Street
    Suite 3
    Duxbury, MA 02332-3315

### TRACKING ORDER - A TRACK

You are hereby notified that this case is on the average (A) track as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 11/30/2004 |
| Response to the complaint filed (also see MRCP 12) | 01/29/2005 |
| All motions under MRCP 12, 19, and 20 filed | 01/29/2005 |
| All motions under MRCP 15 filed | 11/25/2005 |
| All discovery requests and depositions completed | 10/21/2006 |
| All motions under MRCP 56 served and heard | 12/20/2006 |
| Final pre-trial conference held and firm trial date set | 04/19/2007 |
| Case disposed | 09/01/2007 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to session **B** sitting in **CtRm 1 (Court Street, Plymouth), Plymouth Superior Court.**

Dated: 09/01/2004

Francis R. Powers
Clerk of the Courts

BY: Adam Baler
Assistant Clerk

Location: CtRm 1 (Court Street, Plymouth)
Telephone: (508) 747-6911

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130

Check website for status of case: http://ma-trialcourts.org/tcic