A-1

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS.                    SUPERIOR COURT DEPARTMENT
                                 OF THE TRIAL COURT
                                 C.A. NO. PLCV2004-01072B

*******************************
JANET M. BUTLER,              *
    Plaintiff,                *         **FILE COPY**
                              *
v.                            *
                              *
MARK S. BEATON, Individually  *        04-11971 GAO
and in his capacity as a Member of *
the BOARD OF SELECTMEN OF     *
THE TOWN OF KINGSTON,         *
PAUL M. GALLAGHER, OLAVO      *
B. DEMACEDO, JOSEPH D.        *
KELLEHER, RICHARD E.          *
KENNEY in their capacities as *
Members of the BOARD OF       *
SELECTMEN OF THE TOWN OF      *
KINGSTON and TOWN             *
OF KINGSTON,                  *
    Defendants.               *
*******************************

## MOTION FOR A PRELIMINARY INJUNCTION

NOW COMES the plaintiff, Janet M. Butler, by her counsel and hereby moves this Honorable Court issue a Preliminary Injunction against the defendant, Board of Selectmen of the Town of Kingston, preventing that Board and its individual members from appointing an alternate member of the Zoning Board of Appeals to replace the plaintiff, Janet M. Butler, who maintains that she was removed without cause and in violation of law and in a manner that deprived her of her due process rights to a meaningful hearing.

AS GROUNDS THEREFORE the plaintiff, Janet M. Butler, states as follows:

1. The plaintiff was removed by the defendant, Board of Selectmen, on Tuesday evening, August 24, 2004 after 8:00PM.

2. Via this action, the plaintiff, Janet M. Butler, is contesting the legality of her removal as an appointed alternate member of the Kingston Zoning Board of Appeals.

3. The plaintiff maintains that there is a strong likelihood of success on the merits of this case since the (1) Board of Selectmen did not make any finding when acting to remove her that she in fact was guilty of either of the charges of which she was advised; (2) she offered uncontrovertible and conclusive evidence that in voting (on the matter she was charged with misconduct on) she was acting pursuant to the advice of an opinion of Town Counsel and had only missed one absence since her term began and only 2 meetings in the last six months due to legitimate personal reasons which did not violate the express written policy of the Board of Selectmen relating to appointed positions.

4. The plaintiff, whose hearing was videotaped and is available to be displayed to the Court, was clearly deprived of a meaningful opportunity to be heard by a Board member or members who were not impartial in the matter, are believed to have discussed the matter prior to the hearing, who prior to the charges demanded the resignations of the plaintiff and other board members, had publicly called the plaintiff and other board members "not competent", had mis-portrayed attendance, had participated in the pre-meeting investigation into the facts but refused to submit to any examination, relied on

information outside the scope of the hearing, and had even acted to strip the entire Boardd of its authority by having the Selectmen take over the functions of the Board of Appeals (a move that was not approved by Town Counsel).

5. The Board of Selectmen further intends to appoint new members to the Zoning Board of Appeals on next Tuesday, September 7, 2004 at its next regular meeting of the Board of Selectmen and as a result a hearing prior to this meeting is critical to prevent the Board of Selectmen from completing the act of replacing the plaintiff pending a full (and hopefully expedited) hearing on the merits.

6. Given the hostility of Board of Selectmen towards the plaintiff, there is little doubt it could attempt to deliberately fill the position for which it removed Janet M. Butler in an effort to thwart her from recovering her position.

7. Although the Board of Selectmen and the Board of Appeals are expected to claim an inability to function in the event of injunctive relief, the injunctive relief sought will not detrimentally impact the ability of the Board of Appeals to function since the Board of Appeals has been acting without its second alternate position being filled since June of 2002, nothing here would preclude the appointment of four new regular members to the the five member Board or the other vacant alternate position, thereby having a complete complement of Board members to act on matters pending before the Board.

8. The issuance of this injunction is further in the public interest since the integrity of the appointment and removal process, the constitutional limits of due process are at issue and interference with the Board of Appeals role as the permit granting authority on pending matters has been alleged. In the event that the plaintiff was wrongfully removed, her replacement is necessary to prevent applicants before the Board to be able to make claims of constructive approval.

The factual basis of these claims are further set forth in the Verified Complaint attached hereto.

WHEREFORE the plaintiff, Janet M. Butler, respectfully requests that this Court issue a Preliminary Injunction against the defendant, Board of Selectmen of the Town of Kingston, preventing that Board and its individual members from appointing an alternate member of the Zoning Board of Appeals to replace the plaintiff pending a full hearing on the merits of the case.

DATED: 9/2/04

Respectfully Submitted
JANET M. BUTLER
By her counsel,

Robert W. Galvin, Esq.
Galvin & Galvin, SP
10 Enterprise Street, Suite 3
Duxbury, MA 02332-3315
(781) 934-5678
BBO # 561397