UNITED STATES DISTRICT COURT
OF THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

C.A. NO.  04-11971-GAO 2004 SEP 21  P 3: 44

U.S. DISTRICT COURT
DISTRICT OF MASS.

*******************************

| | |
|---|---|
| JANET M. BUTLER, | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| MARK S. BEATON, Individually | * |
| and in his capacity as a Member of | * |
| the BOARD OF SELECTMEN OF | * |
| THE TOWN OF KINGSTON, | * |
| PAUL M. GALLAGHER, OLAVO | * |
| B. DEMACEDO, JOSEPH D. | * |
| KELLEHER, RICHARD E. | * |
| KENNEY in their capacities as | * |
| Members of the BOARD OF | * |
| SELECTMEN OF THE TOWN OF | * |
| KINGSTON and TOWN | * |
| OF KINGSTON, | * |
| Defendants. | * |

*******************************

SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR PRELIMINARY INJUNCTION


NOW COMES the plaintiff, Janet M. Butler, and hereby submits the following

supplement to her prior Memorandum of Law in Support of her Motion for a Preliminary

Injunction.


B.      Likelihood of Success on the Merits by Plaintiff.

        4.      *There is no adequate state remedy to address the due process violations
                alleged by the plaintiff.*

When a plaintiff alleges violations of procedural due process and asserts those violations are cognizable under [42 U.S.C.] section 1983, the existence of state remedies becomes highly relevant." Fitzgerald v. Town of Kingston, 13 F.Supp. 119, 125 (1998) (citing Amsden v. Moran, 904 F.2d 748, 755 (1990)). In general, a plaintiff will not succeed in procedural due process claim unless he or she can show that the state failed to provide an adequate post-deprivation remedy. See Lowe v. Scott, 959 F.2d 323, 340-341 (1st Cir. 1992). The plaintiff, Janet Butler, asserts that the only available remedy to her was to challenge the action of the Board of Selectmen removing her is through an action in the nature of certiorari which she has asserted. See Mass. Gen. L. c. 249, §4. Unfortunately there are so many inherent limitations in that remedy that, under the circumstances of this case, it is an inadequate, incomplete and ineffective remedy.

To illustrate the limitations of this remedy, one need not look further than what the Supreme Judicial Court has stated about a certiorari action and observe the limited procedural rights afforded to plaintiffs bringing said action. Firstly, and as referenced in other sections of this memorandum, the standard of review may varies according to the nature of the action for which review is sought. See Fafard v. Conservation Commission of Reading, 41 Mass.App.Ct. 565, 567-568 (1996) (citing Forsyth Sch. for Dental Hygienists v. Board of Registration in Dentistry, 404 Mass. 211, 217, 534 N.E.2d 773 (1989); T.D.J. Dev. Corp. v. Conservation Commn. of N. Andover, 36 Mass.App.Ct. 124, 128, 629 N.E.2d 328 (1994)). The varying standards to be applied are a source of constant dispute given "procedural technicalities and complexities surrounding its proper use." A. Cella, Administrative Law and Practice, Mass. Prac. Ser. §1917 (other citations omitted). Second, since it is likely but not certain that this Court will review

the decision of the Board of Selectmen under the so-called "arbitrary and capricious" standard of review and therefore only look to see whether the decision of the Board of Selectmen was "reasonable" and/or authorized by Gen. L. c. 40A.   Typically, in such cases, a Board is entitled to all rational presumptions in favor of its decision and there is a great deal of judicial deference to its actions.   See Fafard at 572 citing National Amusements, Inc. v. Boston, 29 Mass.App.Ct. at 305, 560 N.E.2d 138; Hamel v. Board of Health of Edgartown, 40 Mass.App.Ct. 420, 423, 664 N.E.2d 1199 (1996).   In addition with respect to the conduct of Board of Selectmen itself, the plaintiff, Janet Butler, believes that the limited scope of review on certiorari creates impermissible presumptions favor of the regularity and fairness of the methods of procedure.   See e.g. Ott v. Board of Registration in Medicine, 276 Mass. 566, 568, 177 N.E. 542 (1931)(under former writ of certiorari).   The flaws in the conduct of the Board of will not be apparent on the record of the proceedings before the Board of Selectmen because the defendant, Beaton, acting as chairman of the Board of Selectmen refused to allow any such argument or evidence concerning the same to be made on the record.   Third, certiorari actions, are typically resolved in Massachusetts through proceedings under a Standing Order of the Superior Court, Standing Order 1-96 which is limited to a review of the record of the proceedings before the Board.[1]   See Standing Order 1-96 attached hereto. All of the foregoing, is cited by some legal scholars in Massachusetts who believe that an action in the nature of certiorari "remains an inadequate, incomplete and ineffective means of obtaining judicial review of state administrative agency actions except in the

---

[1] Although there is a mechanism under the Standing Order to bring a motion to introduce evidence of procedural defects, the plaintiff, Butler, contends that said motions are still viewed with deference to the presumptive fairness of procedures employed.

most limited and restricted of circumstances." *A. Cella*, <u>Administrative Law and Practice</u>, Mass. Prac. Ser. §1917 (other citations omitted) (copy attached).

In addition to the foregoing, the plaintiff, Janet M. Butler, asserts that the certiorari remedy, is inadequate remedy to address what she believes transpired here. The plaintiff's free speech rights, due process right to a meaningful opportunity to be heard by an unbiased Board of Selectmen, and reputation in her community has been obliterated by the conduct of the Board.    Since she elected to defend herself against allegations of misconduct, did so with uncontroverted evidence of innocence, and was still removed, substantively and procedurally there should be a remedy under which she can be compensated and awarded costs and fees.    Ms. Butler will also proceed under the state statute in an effort to overturn the action of the defendant, Board of Selectmen, but believes that there is an additional likelihood of success on the procedural and substantive due process claims she advanced.    Compare <u>Fitzgerald v. Town of Kingston</u>, 13  F.Supp. 119, 125 (1998) (plaintiff's failure to exercise his state law certiorari rights weighs against allowance of procedural due process claims).

Respectfully Submitted
Janet M. Butler
By her Counsel

DATED:  21-Sep-04

Robert W. Galvin, Esq.  (561397)
Galvin & Galvin, SP
10 Enterprise Street, Ste. 3
Duxbury, MA  02332-3315
(781) 934-5678

## CERTIFICATE OF SERVICE

I, Robert W. Galvin, hereby certify that I served one copy of the foregoing document:

## SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

by facsimile and hand delivery, on September 21, 2004 to:

Thomas P. Campbell III, Esq.
Brody, Hardoon, Perkins & Kesten
One Exeter Plaza
Boston, MA  02116

Signed under the penalties of perjury this 21st of September, 2004.

Robert W. Galvin, Esq.

UNITED STATES DISTRICT COURT
OF THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

C.A. NO. 04-11971-GAO 2004 SEP 21 P 3: 44

U.S. DISTRICT COURT
DISTRICT OF MASS.

```
*******************************
JANET M. BUTLER,                *
        Plaintiff,              *
                                *
v.                              *
                                *
MARK S. BEATON, Individually    *
and in his capacity as a Member of  *
the BOARD OF SELECTMEN OF       *
THE TOWN OF KINGSTON,           *
PAUL M. GALLAGHER, OLAVO        *
B. DEMACEDO, JOSEPH D.          *
KELLEHER, RICHARD E.            *
KENNEY in their capacities as   *
Members of the BOARD OF         *
SELECTMEN OF THE TOWN OF        *
KINGSTON and TOWN               *
 OF KINGSTON,                   *
        Defendants.             *
*******************************
```

SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR PRELIMINARY INJUNCTION

NOW COMES the plaintiff, Janet M. Butler, and hereby submits the following

supplement to her prior Memorandum of Law in Support of her Motion for a Preliminary

Injunction.

B.    Likelihood of Success on the Merits by Plaintiff.

    4.    *There is no adequate state remedy to address the due process violations
          alleged by the plaintiff.*

When a plaintiff alleges violations of procedural due process and asserts those violations are cognizable under [42 U.S.C.] section 1983, the existence of state remedies becomes highly relevant." Fitzgerald v. Town of Kingston, 13 F.Supp. 119, 125 (1998) (citing Amsden v. Moran, 904 F.2d 748, 755 (1990)). In general, a plaintiff will not succeed in procedural due process claim unless he or she can show that the state failed to provide an adequate post-deprivation remedy. See Lowe v. Scott, 959 F.2d 323, 340-341 (1st Cir. 1992). The plaintiff, Janet Butler, asserts that the only available remedy to her was to challenge the action of the Board of Selectmen removing her is through an action in the nature of certiorari which she has asserted. See Mass. Gen. L. c. 249, §4. Unfortunately there are so many inherent limitations in that remedy that, under the circumstances of this case, it is an inadequate, incomplete and ineffective remedy.

To illustrate the limitations of this remedy, one need not look further than what the Supreme Judicial Court has stated about a certiorari action and observe the limited procedural rights afforded to plaintiffs bringing said action. Firstly, and as referenced in other sections of this memorandum, the standard of review may varies according to the nature of the action for which review is sought. See Fafard v. Conservation Commission of Reading, 41 Mass.App.Ct. 565, 567-568 (1996) (citing Forsyth Sch. for Dental Hygienists v. Board of Registration in Dentistry, 404 Mass. 211, 217, 534 N.E.2d 773 (1989); T.D.J. Dev. Corp. v. Conservation Commn. of N. Andover, 36 Mass.App.Ct. 124, 128, 629 N.E.2d 328 (1994)). The varying standards to be applied are a source of constant dispute given "procedural technicalities and complexities surrounding its proper use." A. Cella, Administrative Law and Practice, Mass. Prac. Ser. §1917 (other citations omitted). Second, since it is likely but not certain that this Court will review

the decision of the Board of Selectmen under the so-called "arbitrary and capricious"
standard of review and therefore only look to see whether the decision of the Board of
Selectmen was "reasonable" and/or authorized by Gen. L. c. 40A.    Typically, in such
cases, a Board is entitled to all rational presumptions in favor of its decision and there is a
great deal of judicial deference to its actions.    See Fafard at 572 citing National
Amusements, Inc. v. Boston, 29 Mass.App.Ct. at 305, 560 N.E.2d 138; Hamel v. Board
of Health of Edgartown, 40 Mass.App.Ct. 420, 423, 664 N.E.2d 1199 (1996).    In
addition with respect to the conduct of Board of Selectmen itself, the plaintiff, Janet
Butler, believes that the limited scope of review on certiorari creates impermissible
presumptions favor of the regularity and fairness of the methods of procedure.    See e.g.
Ott v. Board of Registration in Medicine, 276 Mass. 566, 568, 177 N.E. 542 (1931)(under
former writ of certiorari).    The flaws in the conduct of the Board of will not be apparent
on the record of the proceedings before the Board of Selectmen because the defendant,
Beaton, acting as chairman of the Board of Selectmen refused to allow any such
argument or evidence concerning the same to be made on the record.    Third, certiorari
actions, are typically resolved in Massachusetts through proceedings under a Standing
Order of the Superior Court, Standing Order 1-96 which is limited to a review of the
record of the proceedings before the Board.[1]    See Standing Order 1-96 attached hereto.
All of the foregoing, is cited by some legal scholars in Massachusetts who believe that an
action in the nature of certiorari "remains an inadequate, incomplete and ineffective
means of obtaining judicial review of state administrative agency actions except in the

---

[1] Although there is a mechanism under the Standing Order to bring a motion to introduce evidence of
procedural defects, the plaintiff, Butler, contends that said motions are still viewed with deference to the
presumptive fairness of procedures employed.

most limited and restricted of circumstances." *A. Cella*, <u>Administrative Law and Practice</u>, Mass. Prac. Ser. §1917 (other citations omitted) (copy attached).

In addition to the foregoing, the plaintiff, Janet M. Butler, asserts that the certiorari remedy, is inadequate remedy to address what she believes transpired here. The plaintiff's free speech rights, due process right to a meaningful opportunity to be heard by an unbiased Board of Selectmen, and reputation in her community has been obliterated by the conduct of the Board.    Since she elected to defend herself against allegations of misconduct, did so with uncontroverted evidence of innocence, and was still removed, substantively and procedurally there should be a remedy under which she can be compensated and awarded costs and fees.    Ms. Butler will also proceed under the state statute in an effort to overturn the action of the defendant, Board of Selectmen, but believes that there is an additional likelihood of success on the procedural and substantive due process claims she advanced.    Compare <u>Fitzgerald v. Town of Kingston</u>, 13 F.Supp. 119, 125 (1998) (plaintiff's failure to exercise his state law certiorari rights weighs against allowance of procedural due process claims).

Respectfully Submitted
Janet M. Butler
By her Counsel

DATED:  21-Sep-04

Robert W. Galvin, Esq.  (561397)
Galvin & Galvin, SP
10 Enterprise Street, Ste. 3
Duxbury, MA  02332-3315
(781) 934-5678

CERTIFICATE OF SERVICE

I, Robert W. Galvin, hereby certify that I served one copy of the foregoing document:

SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

by facsimile and hand delivery, on September 21, 2004 to:

Thomas P. Campbell III, Esq.
Brody, Hardoon, Perkins & Kesten
One Exeter Plaza
Boston, MA  02116

Signed under the penalties of perjury this 21st of September, 2004.


Robert W. Galvin, Esq.

# ATTACHMENT A

Superior Court **Order 1-96**

WEST'S MASSACHUSETTS RULES OF COURT
**STANDING ORDERS** OF THE SUPERIOR COURT
Copr. © 2004 by West, a Thomson business. All rights reserved.
Current with Amendments received through 07/1/2004

**STANDING ORDER 1-96**. PROCESSING AND HEARING OF COMPLAINTS FOR JUDICIAL REVIEW OF
ADMINISTRATIVE AGENCY PROCEEDINGS

**(Modified)**

**(Applicable to Civil Actions in All Counties)**

**Processing and Hearing of Complaints for
Judicial Review of Administrative Agency Proceedings**

In **order** to facilitate and clarify the **orderly** processing and hearing of Complaints for Judicial Review
of Administrative Agency Proceedings, it is hereby **ORDERED**, effective March 18, 2002, that:
1. Claims filed in the Superior Court seeking judicial review of administrative agency proceedings on
the administrative record pursuant to the standards set forth in G.L. c. 30A, § 14, G.L. c. 249, § 4, or
similar statutes, whether joined with a claim for declaratory relief under G.L. c. 231A, or any other
claim, shall be heard in accordance with the following procedures.
2. The administrative agency whose proceedings are to be judicially reviewed shall, by way of answer,
file the original or certified copy of the record of the proceeding under review (the record) within
ninety (90) days after service upon it of the Complaint. Such record "shall consist of (a) the entire
proceedings, or (b) such portions thereof as the agency and the parties may stipulate, or (c) a
statement of the case agreed to by the agency and the parties." G.L. c. 30A, § 14(4). Upon service of
a Complaint, the agency shall notify all parties of procedures for acquiring a transcript of the hearing
testimony. The agency shall also inform the parties of their obligation to provide a transcript, or
portions thereof, to the court if alleging that an agency's decision is not supported by substantial
evidence or is arbitrary or capricious, or is an abuse of discretion. A request for a copy of the
transcript must be made by a party within thirty (30) days after service of the Complaint, and such
transcript or portion thereof shall be made part of the record. Any party seeking to defend the
agency's decision as supported by substantial evidence or as not arbitrary or capricious, or is not an
abuse of discretion shall have an affirmative obligation to provide the court with a copy of the
transcript or portion thereof in support of its position.
The court may assess the expense of preparing the record as part of the costs in the case. G.L. c.
30A, § 14(4). Additionally, "the court may, regardless of the outcome of the case, assess any one
unreasonably refusing to stipulate to limit the record, for the additional expenses of preparation
caused by such refusal." G.L. c. 30A, § 14(4). The court may require or permit subsequent
corrections or additions to the record when deemed desirable. G.L. c. 30A, § 14(4). The time for filing
the record may be enlarged, for good cause shown, upon allowance of an appropriate motion.
3. The following motions raising preliminary matters must be served in accordance with Superior
Court Rule 9A not later than twenty (20) days after service of the record by the administrative
agency.
(a) Motions authorized by Mass.R.Civ.P. 12(b) or 12(e).
(b) Motion for leave to present testimony of alleged irregularities in procedure before the agency, not
shown in the record (G.L. c. 30A, § 14(5)).
(c) Motion for leave to present additional evidence (G.L. c. 30A, § 14(6) ).
Any party failing to serve such a motion within the prescribed time limit, or within any court-**ordered**
extension, shall be deemed to have waived any such motion (unless relating to jurisdiction) and the
case shall proceed solely on the basis of the record. Any such motion shall be promptly resolved in
accordance with Superior Court Rule 9A. If the motion specified in (c) is allowed, all further
proceedings shall be stayed until the administrative agency has complied with the provisions of G.L. c.
30A, § 14(6).

4. A claim for judicial review shall be resolved through a motion for judgment on the pleadings, Mass.R.Civ.P. 12(c), in accordance with Superior Court Rule 9A except as otherwise provided by this **Standing Order**, unless the Court's decision on any motion specified in part 3 above has made such a resolution inappropriate. A plaintiff's Rule 12(c) motion and supporting memorandum shall be served within thirty (30) days of the service of the record or of the Court's decision on any motion specified in part 3 above, whichever is later. A defendant's response shall be served within thirty (30) days after service of the plaintiff's motion and memorandum. The plaintiff shall then promptly file the motion materials in accordance with Superior Court Rule 9A. The Court may grant an extension of time to file for good cause shown. Memoranda shall include specific page citations to matters in the record.

5. The Clerk or her/his designee will schedule a hearing date after receiving the motion materials. No pre-trial conference will be held, and no pre-trial memorandum filed, unless specifically ordered by the Court. No testimony or other evidence shall be presented at the hearing, and the review shall be confined to the record. A party may waive oral argument and submit on the brief by filing a written notice. Such waiver by a party shall not affect the right of any other party to appear and present oral argument.


Adopted effective April 1, 1996. Amended effective January 4, 1999; November 1, 2000; March 18, 2002.

Superior Court **Order 1-96**
MA R SUPER CT **Order 1-96**
END OF DOCUMENT

Copr. (C) 2004 West. No Claim to Orig. U.S. Govt. Works.

# ATTACHMENT B

40 Mass. Prac. Administrative Law & Practice § 1917

(TREATISE)

Massachusetts Practice Series TM
Administrative Law And Practice
Updated By The 2003 Pocket Part
Alexander J. Cella; FNa Pocket Part By Robert F. Fitzpatrick, Jr., FNb
Gerald A. McDonough FNc

Part V. Judicial Review Of Administrative Agency Action
Chapter 28. The Extraordinary Writs And Massachusetts Administrative Law

§ 1917. A Civil Action in the Nature of Certiorari

Link to Pocket Part

M.G.L.A. c. 249, § 4 expressly provides that a civil action in the nature of certiorari will lie "to correct errors in proceedings which are not according to the course of the common law, which proceedings are not otherwise reviewable by motion or appeal...." FN1 Jurisdiction to entertain such an action is expressly vested in the Supreme Judicial Court or in the Superior Court. FN2 While the Appeals Court has no original jurisdiction to entertain such actions, it does have authority to entertain such original actions by way of transfer from the Supreme Judicial Court, and it possesses concurrent appellate jurisdiction with the Supreme Judicial Court in proceedings in the Superior Court relative to mandamus, certiorari, and all other extraordinary writs. FN3

M.G.L.A. c. 249, § 4 further expressly provides that such an action "shall be commenced within two years next after the proceeding complained of." FN4

In Whitney v. Judge of District Court of Northern Berkshire in 1930, FN5 Chief Justice Rugg defined the historic function of the writ of certiorari at common law in Massachusetts in the following way:

The function of a writ of certiorari is to ████████████████████████████████████████████ ██████████████████████████████████████████████████████████ so substantial in nature as to make it manifest that justice requires the writ to issue in order to prevent a material wrong. It does not issue on account of formal or technical errors, or those which have not resulted in manifest injustice to the petitioner or which have not adversely affected the real interests of the general public. FN6

The writ of certiorari at common law in Massachusetts was essentially a writ of error addressed to an inferior court or administrative tribunal whose procedure had not been according to the course of the common law. FN7 It did not lie to revise the actions of an inferior court or administrative tribunal whose procedure was according to the course of the common law and whose errors could be corrected by appeal, exception, or any other mode of correcting such errors of law. FN8 **Certiorari** would not lie where another adequate **remedy** in law or in equity was **available**. FN9

The writ of **certiorari** thus became the appropriate procedure to be used to **review** the quasi-judicial actions of administrative agencies, boards, commissions, or officials, when no other **remedy** was provided by statute for judicial **review** of such action. FN10 Unless the action of the administrative agency, board, commission, or official which was sought to be judicially **reviewed** was determined to be quasi-judicial in nature, the writ of **certiorari** would not lie. FN11 The mere performance of a ministerial act, FN12 or any other act not determined to be quasi-judicial in nature, FN13 did not afford appropriate grounds for resort to the writ of **certiorari** as a means of obtaining judicial **review**. FN14 While this threshold determination often presented troublesome questions for the Massachusetts courts because of the inherent difficulties in practice of drawing a sharp line between quasi-judicial and ministerial conduct and activities, FN15 the Supreme Judicial Court struggled mightily to preserve the distinction between quasi-judicial and ministerial or administrative actions in determining the availability of certiorari for judicial review of administrative agency actions.

FN16

Today, the availability of a civil action in the nature of certiorari under M.G.L.A. c. 249, § 4 still hinges upon this threshold determination of whether or not the administrative agency action was quasi-judicial in nature. FN17 While there is no Massachusetts case law on the point, FN18 and the matter appears never to have been directly discussed by the Supreme Judicial Court, FN19 the essential common law requirement, brought forward and continued under M.G.L.A. c. 249, § 4, that the administrative agency action sought to be reviewed must be quasi-judicial in nature, does not require that such quasi-judicial act meet the definition of an adjudicatory proceeding under the Massachusetts Procedure Act. FN20 More particularly, where an administrative agency conducts a quasi-judicial or trial type hearing which it is not required to hold either as a matter of statutory or constitutional right, FN21 a civil action in the nature of certiorari may lie to secure judicial review of such action even where it is not an adjudicatory proceeding as that term is defined in M.G.L.A. c. 30A, § 1(1). FN22

While the writ of certiorari was an extraordinary writ, the traditional scope of review upon certiorari was limited. FN23 The judicial inquiry was to determine whether upon the face of the return there were apparent errors of law of a substantial nature. FN24 As a general proposition, findings of fact were not open to judicial revision. FN25 Since the scope of review was limited only to errors apparent on the face of the record, the court had no authority to revise a finding of fact upon the evidence introduced at the administrative agency hearing or even to examine the sufficiency of the evidence to support the finding. FN26

When a proceeding seeking a writ of certiorari was instituted by a petition calling upon the respondent administrative agency to certify a record of its doings to the court, the respondent administrative agency was required to file a return consisting of a certified copy of the record of the proceedings before the agency. FN27 The return so filed was conclusive as to all matters of fact within the jurisdiction of the respondent administrative agency and actually passed upon by it. FN28 No other evidence was admissible to control or contradict the facts certified by the respondent administrative agency in its return, FN29 or to show that the decision of the respondent administrative agency ought to be revised in any way. FN30

In a proceeding for a writ of certiorari, the burden of proof was upon the petitioner to establish all of the material allegations made in his petition. FN31 While the petitioner was not permitted to show evidence outside or external to the record at the hearing before the court on his petition for the issuance of a writ of certiorari, FN32 it was open to the respondent administrative agency in its return to set up extraneous facts to show that substantial justice did not require that the administrative proceedings be quashed and the writ of certiorari be issued. FN33 In this way, the return could be extended. FN34 Any facts alleged by the petitioner in his petition, but not appearing in the return, were disregarded and set aside by the court. FN35

In making its determination on the issuance of the writ of certiorari, the only thing the court had before it, generally speaking, FN36 was the bare record of the doings of the administrative agency. FN37 While a stenographic transcript of the actual testimony before the administrative agency might well exist and be readily available, the court was not permitted to see or to examine such evidence to determine for itself whether substantial evidence, or indeed any evidence at all, existed in the record to support the administrative agency's findings. FN38 Since the court's judicial inquiry was properly directed only to errors of law appearing on the face of the record, FN39 and not to the weight or sufficiency of the evidence, FN40 and since the petitioner could not introduce any evidence in the judicial hearing on the issuance of the writ of certiorari, FN41 any inclusion in either the petition or the return, generally speaking, of any evidence taken before the administrative agency in its quasi-judicial proceeding was regarded as improper, FN42 impertinent, FN43 and an encumbrance. FN44

In 1943, by legislative amendment to the statute governing writs of certiorari, the traditional evidentiary restrictions of the writ of certiorari were modified. FN45 This new language was added:

It shall be open to the petitioner to contend at the hearing upon the petition that the evidence which formed the basis of the action complained of or the basis of any specified finding or conclusion was as a matter of law insufficient to warrant such action, finding, or conclusion. FN46

As a result of the 1943 amendment, the question of whether or not the conclusions reached by a state administrative agency were supported by sufficient evidence became open for consideration by the court since the expanded scope of the writ of certiorari made it possible to consider this matter as a question of law. FN47 Inasmuch as the court could now consider such evidentiary matters, a meager return to a petition for certiorari was no longer adequate. FN48 Where such a return failed to

include a transcript of the testimony or other evidentiary materials sufficient for the court to pass upon the adequacy of evidence to support the administrative agency's conclusions, FN49 a motion to have the return further extended to include such material was in order. FN50 As the Supreme Judicial Court explained, "Requests for wholly adequate extension of returns should be granted liberally where that is desirable to make this common law remedy fair and less inadequate to accomplish justice in a modern context." FN51

When the General Court rewrote M.G.L.A. c. 249, § 4 in order to conform the statute to the adoption of the Massachusetts Rules of Civil Procedure, particularly Rule 81(b) which expressly abolished the writ of certiorari, FN52 the statutory language of the 1943 amendment expanding the traditional scope of the writ of certiorari to include the sufficiency of the evidence was completely omitted. FN53 In Boston Edison Company v. Boston Redevelopment Authority in 1977, FN54 the Supreme Judicial Court held, *inter alia*, that "[t]he deletion of the provision permitting challenges based on insufficiency of the evidence, the only statutory provision concerning judicial review in connection with a writ of certiorari, was designed to permit the appropriate scope of review to be tailored to the substance of the complaint ... The abolition of the writ of certiorari, which the Reporter for the rules termed the burial of an antique, and the availability in a 'civil action' of the relief previously sought through the writ indicate an intention not to carry over intact all of the special doctrines surrounding writs ... We are not inclined to reintroduce prior technicalities under the guise of an analysis of scope of **review**.... Thus we do not look to historic practice under the writ of **certiorari** in considering the scope of judicial **review**. Rather, we determine that the proper approach in considering the appropriate scope of **review** is to evaluate the nature of the action sought to be **reviewed**." FN55

In the absence of statutory provisions for judicial **review** of administrative agency actions in Massachusetts law, the writ of **certiorari** provided a means, oftentimes the only means, of obtaining judicial **review** where the agency action was determined to be quasi-judicial in nature. FN56 If the threshold requirement of the quasi-judicial nature of the administrative agency action was overcome, the writ of **certiorari** at common law still remained extremely limited in the scope of judicial **review available**. FN57 Prior to 1943, the sufficiency or substantiality of the evidence could not be judicially **reviewed**. FN58 Since the petitioner was traditionally confined to those matters appearing on the return, FN59 or on the return as extended, FN60 he was effectively barred in many instances from presenting to the court the factual background and evidentiary foundation needed for a proper understanding of the administrative agency's action. FN61

While statutory liberalization of the writ of certiorari clearly made it a more effective and useful means of obtaining judicial review of state administrative agency action than it had traditionally been at common law, FN62 the procedural technicalities and complexities surrounding its proper use, FN63 the limited scope of review available through its use, FN64 and judicial indulgence of the presumption of the good faith of public officials FN65 and the regularity of their proceedings FN66 imposed genuine limitations upon the effectiveness of such review. FN67 ▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄ited and restricted of circumstances. FN68

## Pocket Part

[Delete the second paragraph and insert the following]

In 1986, M.G.L.A. c. 249, § 4 was amended reducing the statute of limitations from two years to sixty days. M.G.L.A. c. 249, § 4 now provides that a civil action in the nature of certiorari "shall be commenced within sixty days next after the proceeding complained of." FN4

The filing of a motion for reconsideration does not extend the limitation period under M.G.L.A. c. 249, § 4. FN4.01

Even though not expressly required under M.G.L.A. c. 249, § 4, a plaintiff seeking certiorari relief should join in the action real parties in interest, either instead of or in addition to the nominal party. FN4.5

Superior Court Standing Order 1-96 governs actions seeking relief in the nature of certiorari and "provides that petitions for judicial review of administrative proceedings under M.G.L.A. c. 249, § 4

'shall be resolved through a motion for judgment on the pleadings.' " See Black Rose, Inc. v. City of Boston, FN4.6 quoting Superior Court Standing Order 1-96. See § 1559A, supra for a discussion of the Standing Order. See, also, City of Gloucester v. Civil Service Commission, FN4.10 wherein Justice O'Connor wrote:

"Summary judgment procedure is appropriate to raise the question whether there is a triable factual dispute. A motion for summary judgment first raises the question whether there is a genuine issue of material fact, and then, if there is not, whether the moving party is entitled to judgment as a matter of law. Review under G.L. c. 249, § 4, is limited to correcting 'substantial errors of law that effect material rights and are apparent on the record.' Since review is confined to the record and is for the purpose of correcting legal error, the inquiry about the presence or absence of genuine issues of material fact, germane to the summary judgment procedure, is inappropriate."

In a civil action in the nature of certiorari, judicial review is limited to the record before the state administrative agency, governmental body or officer that made the decision complained of. Accordingly, a court considering such an action ordinarily should not take fresh evidence. FN4.15

The administrative agency whose proceedings are to be judicially **reviewed** shall, by way of answer, file the original or certified copy of the record of the proceeding under **review** within 90 days after service on it of the complaint. FN4.20

[Insert new text at the end of the section]

Declaratory relief generally is not **available** as an alternate or substitute **remedy** to a writ of **certiorari** to **review** a decision of a local licensing authority FN70 "or the civil service commission." FN71

For a case discussing administrative action triggering the running of the statute of limitations, see Committee for Public Counsel Services v. Lookner. FN72 The appropriate standard of **review** often is contested and can be dispositive. FN73

The absence of an alternative **remedy** appears to be jurisdictional. The **availability** of an alternate **remedy** should defeat a request for relief in the nature of **certiorari** even if that request is jointly made. FN74

In Northboro Inn, LLC v. Treatment Plant Board of Westborough, FN75 the Appeals Court commented on the weight of the Superior Court judge's decision in the course of appellate **review**. The Appeals Court wrote that the "decision of the Superior Court judge is given no deference because it is a ruling of law. It is not a finding and involves no view of the evidence or credibility determinations."

FNa Professor Of Law, Suffolk University Law School.

FNb Of The Massachusetts Bar.

FNc Of The Massachusetts Bar.

FN1 M.G.L.A. c. 249, § 4.

**Pocket Part FN:** FN1 See Doe v. Superintendent of Schools of Stoughton, 437 Mass. 1, 5, 767 N.E.2d 1054, 1057-1058 (2002) (certiorari appropriate vehicle to seek review of superintendent's decision because statute does not provide a particular method of judicial review); Mayor of Revere v. Civil Service Commission, 31 Mass.App.Ct. 315, 321, 577 N.E.2d 325, 329 (1991) ( "Certiorari is available to correct errors of law in administrative proceedings where ... judicial review is otherwise unavailable").

FN2 Id.

FN3 M.G.L.A. c. 211A, § 12 expressly provides, *inter alia,* that "[e]xcept as otherwise provided in section four A of chapter two hundred and eleven, the supreme judicial court may transfer to the appeals court for determination any case or issue pending before it which has not been determined by the appeals court, including those within the original jurisdiction of the supreme judicial court...."

For the concurrent appellate jurisdiction of the Appeals Court with the Supreme Judicial Court, see

M.G.L.A. c. 211A, § 10.

FN4 M.G.L.A. c. 249, § 4.

**Pocket Part FN:** FN4 M.G.L.A. c. 249, § 4. See Rosenfeld v. Board of Health of Chilmark, 27 Mass.App.Ct. 621, 626, 541 N.E.2d 375, 378 (1989) (counts seeking certiorari relief from board of health's denial of sewage disposal permit time-barred because action not filed within sixty days after complained of decision); Guzman v. Board of Assessors of Oxford, 24 Mass.App.Ct. 118, 121, 506 N.E.2d 1168, 1170 (1987) (court denied certiorari relief from board of assessors' denial of application for hardship exemption from property taxes because plaintiff filed complaint three months after limitations period expired). See, also, Town of Swansea v. Contributory Retirement Appeal Board, 43 Mass.App.Ct. 402, 683 N.E.2d 695 (1997) (allowing proceeding for declaratory relief because board mistakenly advised aggrieved party about appellate rights and action in the nature of certiorari was time-barred.)

In the following cases involving prison disciplinary proceedings, the Appeals Court dismissed counts seeking certiorari relief because the plaintiff did not file the action within the limitations period: Pidge v. Superintendent, Massachusetts Correctional Institution, Cedar Junction, 32 Mass.App.Ct. 14, 18, 584 N.E.2d 1145, 1148 (1992); McLellan v. Commissioner of Correction, 29 Mass.App.Ct. 933, 934-935, 558 N.E.2d 3, 4 (1990); Ford v. Commissioner of Correction, 27 Mass.App.Ct. 1127, 1128, 537 N.E.2d 1265, 1266 (1989) (rescript).

In Pidge v. Superintendent, Massachusetts Correctional Institution, Cedar Junction, 32 Mass.App.Ct. 14, 17-18, 584 N.E.2d 1145, 1147-1148 (1992), the Appeals Court wrote that an action in the nature of certiorari must be dismissed if not timely filed even if defendant fails to plead the statute of limitations as an affirmative defense. See, also, McLellan v. Commissioner of Correction, 29 Mass.App.Ct. 933, 935, 558 N.E.2d 3, 4 (1990).

**Pocket Part FN:** FN4.01 Malone v. Civil Service Commission, 38 Mass.App.Ct. 147, 151, 646 N.E.2d 150, 153 (1995).

**Pocket Part FN:** FN4.10 408 Mass. 292, 296-297, 557 N.E.2d 1141, 1143- 1144 (1990). See Northboro Inn, LLC v. Treatment Plant Board of Westborough, 58 Mass.App.Ct. 670, 673 n. 5, 792 N.E.2d 690, 693 n. 5 (2003); Boston Police Superior Officers Federation v. Civil Service Commission, 35 Mass.App.Ct. 688, 689 n. 1, 624 N.E.2d 617, 618 n. 1 (1993).

**Pocket Part FN:** FN4.15 Board of Selectmen of Oxford v. Civil Service Commission, 37 Mass.App.Ct. 587, 588 n. 4, 641 N.E.2d 714, 715 n. 4 (1994); see, also, Police Commissioner of Boston v. Robinson, 47 Mass.App.Ct. 767, 774-775, 716 N.E.2d 652, 657-658 (1999).

**Pocket Part FN:** FN4.20 See Superior Court Standing Order 1-96; § 1559A, supra.

**Pocket Part FN:** FN4.5 See Lally v. Dorchester Division of the District Court Department, 26 Mass.App.Ct. 724, 728-729, 531 N.E.2d 1275, 1278 (1988) (even though judicial tribunal is traditional defendant in certiorari action, it is a disinterested party and rules of civil procedure normally require joinder of real parties in interest).

**Pocket Part FN:** FN4.6 433 Mass. 501, 503 n. 1, 744 N.E.2d 640, 641 n. 1.

FN5 271 Mass. 448, 171 N.E. 648 (1930).

For general discussions of the writ of certiorari, see Kenneth Culp Davis, Administrative Law Treatise, Vol. 3, § 24.02, 390-402 (1958); Walter Gellhorn, Clark Byse, and Peter L. Strauss, Administrative Law, Cases And Comments, Seventh Edition, 930-935 (1979); Louis L. Jaffe, Judicial Control Of Administrative Action, 165-176 (1965); and Frank J. Goodnow, "The Writ Of Certiorari, 6 Political Science Quarterly 493-536 (1891).

See, also, Arthur L. Brown, "The Use of Extraordinary Legal and Equitable Remedies to Review Executive and Administrative Action in Massachusetts", 22 Boston University Law Review 55, 55-71 (1942).

FN6 Whitney v. Judge of District Court of Northern Berkshire, 271 Mass. 448, 458-459, 171 N.E. 648, 649 (1930).

FN7 See, for example, Dube v. Mayor of Fall River, 308 Mass. 12, 30 N.E.2d 817 (1941); Bradley v. Board of Zoning Adjustment, 255 Mass. 160, 150 N.E. 892 (1926); Mayor of Medford v. Judge of District Court of Eastern Middlesex, 249 Mass. 465, 144 N.E. 397 (1924); Byfield v. Newton, 247 Mass. 46, 141 N.E. 658 (1923); and Farmington River Water Power Company v. County Commissioners, 112 Mass. 206 (1873).

   In Prusik v. Board of Appeal of Building Department of Boston, 262 Mass. 451, 453, 160 N.E. 312, 313 (1928), Chief Justice Pugy, speaking for the Supreme Judicial Court, defined the function of the writ of certiorari in the following manner:

   The function of the writ of certiorari is "to enable a party without remedy by appeal, exception or other mode of correcting errors of law committed against his rights, to bring the true record of an inferior tribunal whose proceedings are judicial or quasi judicial in nature, properly extended, so as to show the principles of the decision, before a superior court for examination as to material mistakes of law apparent on such record."

FN8 See Lynch v. Crosby, 134 Mass. 313 (1883).

FN9 See Johnson Products, Inc. v. City Council of Medford, 353 Mass. 540, 233 N.E.2d 316 (1968), appeal dismissed, certiorari denied 392 U.S. 296, 88 S.Ct. 2061, 20 L.Ed.2d 1108 (1968); Garden Homes, Inc. v. District Court of Somerville, 336 Mass. 432, 146 N.E.2d 372 (1958); Flynn v. Board of Registration in Optometry, 320 Mass. 29, 67 N.E.2d 846 (1946); and Jordan Marsh Company v. Labor Relations Commission, 312 Mass. 597, 45 N.E.2d 925 (1943).

**Pocket Part FN:** FN9 St. Botolph Citizens Committee v. Boston Redevelopment Authority, 429 Mass. 1, 7-8, 705 N.E.2d 617, 621-622 (1999) (**certiorari** not **available** to challenge BRA decision because that decision lacks finality and statutory **remedy** exists to challenge final action); Callahan v. Board of Bar Overseers, 417 Mass. 516, 518, 631 N.E.2d 43, 45 (1994) (**certiorari** not **available** to challenge decision to close investigation of alleged attorney misconduct because alternate **remedy available**); Carney v. City of Springfield, 403 Mass. 604, 605, 532 N.E.2d 631, 632 (1988) (plaintiff must exhaust all administrative **remedies** before a civil action in the nature of **certiorari** will lie); Cumberland Farms, Inc. v. Planning Board of Bourne, 56 Mass.App.Ct. 605, 779 N.E.2d 159 (2002) (appeal under M.G.L.A. c. 40A, § 17, not **certiorari**, proper vehicle for appealing denial of site plan approval); Town of Southbridge v.Litchfield, 47 Mass.App.Ct. 920, 920-921, 712 N.E.2d 635, 636 (1999) (**certiorari** not **available** because **review available** under M.G.L.A. c. 32, § 16(4)); Kern v. Personnel Administrator of the Department of Personnel Administration, 28 Mass.App.Ct. 938, 939-940, 550 N.E.2d 150, 151-152 (1990) (court denied **certiorari** relief and refused to order personnel administrator to certify plaintiff as eligible for promotion to fire lieutenant because plaintiff had another reasonably adequate **remedy**, i.e., administrative appeal to the Civil Service Commission); Rosenfeld v. Board of Health of Chilmark, 27 Mass.App.Ct. 621, 626, 541 N.E.2d 375, 378 (1989) (affirming dismissal of counts seeking **certiorari** relief from board of health's denial of sewage disposal because other **remedy available**).

FN10 See Lucia v. Water and Sewer Commissioners of Medford, 332 Mass. 468, 125 N.E.2d 776 (1955); Howe v. Attorney General, 325 Mass. 268, 90 N.E.2d 316 (1950); Administrator of Office of Price Administration v. Chook, 320 Mass. 187, 68 N.E.2d 662 (1946); Maher v. Commonwealth, 291 Mass. 343, 197 N.E. 78 (1935); Filoon v. City Council of Brockton, 252 Mass. 218, 147 N.E. 670 (1925); Westport v. County Commissioners of Bristol, 246 Mass. 556, 141 N.E. 91 (1923); and Janvrin v. Poole, 181 Mass. 463, 63 N.E. 1066 (1902).

   See, also, Debnam v. Belmont, 388 Mass. 632, 447 N.E.2d 1237 (1983); Konstantopoulos v. Whately, 384 Mass. 123, 424 N.E.2d 210 (1981); and Saxon Coffee Shop, Inc. v. Boston Licensing Board, 380 Mass. 919, 407 N.E.2d 311 (1980).

**Pocket Part FN:** FN10 See, also, Doe v. Superintendent of Schools of Stoughton, 437 Mass. 1, 5, 767 N.E.2d 1054, 1058 (2002) (certiorari appropriate vehicle to seek review of superintendent's decision because statute does not provide a particular method of judicial review); Derby Refining Co.

v. Board of Aldermen of Chelsea, 407 Mass. 718, 723, 555 N.E.2d 584, 587 (1990) (court granted certiorari holding that board of selectmen unlawfully revoked flammable materials storage permit); Town of Amherst v. Attorney General, 398 Mass. 793, 793, 502 N.E.2d 128, 128 (1986) (court granted certiorari holding that Attorney General exceeded authority in disapproving local by-law prohibiting discharge of certain firearms within town limits); Beryl v. Superintendent, Souza-Baranowski Correctional Center, 55 Mass.App.Ct. 906, 772 N.E.2d 595 (2002) (rescript) (reversing denial of certiorari because defendant failed to produce evidence considered by hearing officer despite plaintiff's requests for production); Ruci v. Clients' Security Board, 53 Mass.App.Ct. 737, 762 N.E.2d 325 (2002) (finding clear error in Board's decision of insufficient evidence of attorney defalcation); Stefanick v. Planning Board of Uxbridge, 39 Mass.App.Ct. 418, 657 N.E.2d 475 (1995) (action in nature of certiorari appropriate vehicle to challenge planning board endorsement that subdivision approval not required, i.e., the so-called "§ 81P" endorsement); Godfrey v. Chief of Police of Wellesley, 35 Mass.App.Ct. 42, 43, 616 N.E.2d 485, 486 (1993) (certiorari lies to appeal from district court decision finding that police chief did not abuse discretion in revoking petitioner's license to carry firearms); Town of Georgetown v. Essex County Retirement Board, 29 Mass.App.Ct. 272, 273, 278, 560 N.E.2d 127, 128, 131 (1990) (court granted certiorari relief holding that county retirement board exceeded its authority in ordering town to reinstate discharged police officer); Gudanowski v. Town of Northbridge, 27 Mass.App.Ct. 1179, 1180, 541 N.E.2d 355, 357 (1989) (rescript) (in action for relief in nature of certiorari, court affirmed denial of application for abatement of sewer assessment).

    In Board of Assessors of Worthington v. Commissioners of Hampshire County, 416 Mass. 404, 406, 622 N.E.2d 609, 610 (1993), the Supreme Judicial Court held that a taxpayer seeking relief from a local board of assessors' refusal to grant a so-called hardship exemption under M.G.L.A. c. 59, § 5, Eighteenth, must proceed by way of an action in the nature of certiorari. See, also, Guzman v. Board of Assessors of Oxford, 24 Mass.App.Ct. 118, 121, 506 N.E.2d 1168, 1170 (1987).

    Prison inmates "challenging alleged improprieties in prison disciplinary proceedings under state law must proceed by way of an action in the nature of certiorari." Pidge v. Superintendent, Massachusetts Correctional Institution, Cedar Junction, 32 Mass.App.Ct. 14, 17, 584 N.E.2d 1145, 1147 (1992). See Murphy v. Superintendent, Massachusetts Correctional Institution, Cedar Junction, 396 Mass. 830, 833, 489 N.E.2d 661, 663 (1986); Jordan v. Superintendent, Massachusetts Correctional Institution, 53 Mass.App.Ct. 584, 760 N.E.2d 807 (2002); McLellan v. Commissioner of Correction, 29 Mass.App.Ct. 933, 934, 558 N.E.2d 3, 4 (1990); Ford v. Commissioner of Correction, 27 Mass.App.Ct. 1127, 1128, 537 N.E.2d 1265, 1266 (1989) (rescript); Stokes v. Commissioner of Correction, 26 Mass.App.Ct. 585, 586 n. 2, 530 N.E.2d 801, 802 n. 2 (1988). See, also, Duffy v. Massachusetts Dept. of Corrections, 746 F.Supp. 232, 233 (D.Mass.1990). However, declaratory relief and not certiorari is the appropriate remedy if a plaintiff challenges "the validity of regulations or the propriety of practices involving violations of rights, which are consistent and repeated in nature." Averett v. Commissioner of Correction, 25 Mass.App.Ct. 280, 287, 517 N.E.2d 844, 848 (1988), rev'd on other grounds sub nom. In re Averett, 404 Mass. 28, 533 N.E.2d 1023 (1989). See, also, Murphy v. Superintendent, Massachusetts Correctional Institution, Cedar Junction, 396 Mass. 830, 833, 489 N.E.2d 661, 663 (1986); Henderson v. Commissioners of Barnstable County, 49 Mass.App.Ct. 455, 458-459, 730 N.E.2d 362, 366-367 (2000); McLellan v. Commissioner of Correction, 29 Mass.App.Ct. 933, 934, 558 N.E.2d 3, 4 (1990).

FN11 See, for example, Reidy v. Acting Director of Civil Service, 354 Mass. 760, 236 N.E.2d 88 (1968) (Actions of Civil Service Commission and Commissioner of Corporations and Taxation in making appointment after examination were administrative and not quasi-judicial in nature; certiorari would not lie).

    See, also, Boston Edison Company v. Board of Selectmen of Concord, 355 Mass. 79, 242 N.E.2d 868 (1968) (Hearings before town selectmen on electric company's petitions for permission to cross public streets with transmission lines were judicial or quasi-judicial hearings; certiorari would lie).

FN12 For cases holding that certiorari would not lie because the official acts involved were ministerial or executive in character, see First Church of Christ, Scientist, in Boston v. Alcoholic Beverages Control Commission, 349 Mass. 273, 207 N.E.2d 880 (1965); City of Chelsea v. Treasurer and Receiver General, 237 Mass. 422, 130 N.E. 397 (1921); Devlin v. Dalton, 171 Mass. 338, 50 N.E. 632 (1898); Morse v. Norfolk County, 170 Mass. 555, 49 N.E. 925 (1898); and Baxter v. Taber, 4 Mass. 361 (1808).

FN13 In distinguishing certain non-judicial or non-quasi-judicial acts or proceedings for which certiorari will not lie, the Supreme Judicial Court has variously referred to such acts or proceedings as "ministerial", "executive", "administrative", "political", or "legislative" in nature.

　　See Warren v. Hazardous Waste Facility Site Safety Council, 392 Mass. 107, 466 N.E.2d 102 (1984); First Church of Christ, Scientist, in Boston v. Alcoholic Beverages Control Commission, 349 Mass. 273, 207 N.E.2d 880 (1965); MacDonald v. Board of Health of Braintree, 347 Mass. 76, 196 N.E.2d 646 (1964); Fitzgerald v. Mayor of Boston, 220 Mass. 503, 108 N.E. 355 (1915); Morse v. Norfolk County, 170 Mass. 555, 49 N.E. 925 (1898); and Attorney General v. Mayor and Alderman of Northampton, 143 Mass. 589, 10 N.E. 450 (1887).

FN14 See cases cited in footnotes 12, supra.

　　See, also, Arthur L. Brown, "The Use of Extraordinary Legal and Equitable Remedies to Review Executive and Administrative Action in Massachusetts", 22 Boston University Law Review 55, 56-57 (1942).

FN15 See, for example, Cambridge v. Board of Railroad Commissioners, 153 Mass. 161, 26 N.E. 241 (1891).

　　See, also, Arthur L. Brown, "The Use of Extraordinary Legal and Equitable Remedies to Review Executive and Administrative Action in Massachusetts", 22 Boston University Law Review 55, 56-57 (1942).

FN16 For criticism of the distinction between judicial or quasi-judicial action and ministerial or executive action, see Kenneth Culp Davis, Administrative Law Treatise, Vol. 2, § 24.02 (1958) and Louis L. Jaffe, Judicial Control of Administrative Action, 167-174 (1965).

FN17 See Town of Warren v. Hazardous Waste Facility Site Safety Council, 392 Mass. 107, 466 N.E.2d 102 (1984) (Decisions to appropriate property for public use and approving urban renewal plans are not judicial or quasi-judicial in nature and are not, therefore, subject to civil action in the nature of certiorari).

　　See, also, School Committee of Hatfield v. Board of Education, 372 Mass. 513, 363 N.E.2d 237 (1977) (Action in nature of certiorari is available only for review of judicial or quasi-judicial proceedings, and is not available to review discretionary administrative action.)

　　See, also, Commissioner of Revenue v. Lawrence, 379 Mass. 205, 396 N.E.2d 992 (1979).

**Pocket Part FN:** FN17 See, also, St. Botolph Citizens Committee, Inc. v. Boston Redevelopment Authority, 429 Mass. 1, 7-8, 705 N.E.2d 617, 621-622 (1999); Town of Walpole v. Secretary of the Executive Office of Environmental Affairs, 405 Mass. 67, 72-73, 537 N.E.2d 1244, 1246-1247 (1989) (certiorari not available to challenge Secretary's determination that interim reports concerning siting of wastewater solids management facility complied with state law because that decision was discretionary and not judicial or quasi-judicial in nature); Cumberland Farms, Inc. v. Montague Economic Development and Industrial Corp., 38 Mass.App.Ct. 615, 621, 650 N.E.2d 811, 815 (1995) (certiorari generally lies from a judicial or quasi-judicial proceeding and is not available to challenge legislative or political decisions although the distinction can be elusive); Kern v. Personnel Administrator of the Department of Personnel Administration, 28 Mass.App.Ct. 938, 939-940, 550 N.E.2d 150, 151-152 (1990) (court refused to order personnel administrator to certify plaintiff as eligible for promotion to fire lieutenant because administrator's failure to act involved an administrative and not a judicial or quasi-judicial function).

FN18 There appears to be no Massachusetts appellate decision dealing directly with the question of whether, since the adoption of the Massachusetts Administrative Procedure Act, the state administrative agency quasi-judicial action sought to be reviewed must be quasi-judicial action that meets the definition of "adjudicatory proceeding" under M.G.L.A. c. 30A, § 1(1).

FN19 In Yerardi's Moody Street Restaurant and Lounge, Inc. v. Board of Selectmen of Randolph, 19 Mass.App.Ct. 296, 473 N.E.2d 1154 (1985), review denied 394 Mass. 1103, 477 N.E.2d 595 (1985) retired Supreme Judicial Court Justice Kaplan, serving on recall on the Massachusetts Appeals Court,

provided the most extensive discussion of the problem of the lack of a statutory requirement of hearing extant in Massachusetts law. Justice Kaplan, commenting on the trial judge's remark that there was no legal requirement of a hearing, and recognizing that the statute at issue did not call for a hearing, said at pages 302-304, 473 N.E.2d at 1158-1159:

> ... Still, looking only to practicalities, the board was well-advised to allow Yerardi a hearing: this for the plain reason that arbitrariness or caprice is more readily found by a court in an agency decision where the individual affected has not been given a chance to have its say. Thus the judicial review contemplated by the certiorari action of G.L. c. 249, § 4 suggests to agencies that hearings should be allowed even when the governing statutes remain silent on the point. The general observation to be made is that judicial review, as accorded by such a statute as G.L. c. 249, § 4, naturally draws with it the advisability if not the necessity of some appropriate hearing....

> If the question of a hearing is approached head on, rather than as an incident of judicial review, a case can be made with some show of strength that in a confrontation like Yerardi's (Liquor licensee seeking extension of its closing time) the individual is entitled to a hearing....

> The claim to a hearing, however, need not be pressed to a constitutional limit. In this Commonwealth the right to a hearing where government exerts power upon an individual in a matter of consequence has been related, on occasion, not strictly to the constitution, but to an ethic that pervades our legal system. See Milligan v. Board of Reg. in Pharmacy, 348 Mass. 491, 495-496, 204 N.E.2d 504 (1965), quoting Professor Divis' observation about "a kind of common law ... unanchored to any constitution or statutory provision" that assures a hearing to a party with a sufficient interest at stake in governmental action directed to him. 1 Davis, Administrative Law Treatise, § 7.02, at 412 (1958). See also Konstantopoulous, 384 Mass. at 132, 424 N.E.2d 210.

Justice Kaplan made clear that the hearing "need not respond to a rigid formula or the evidentiary niceties found in a courtroom." He further pointed out:

> ... It should tend toward the adjudicatory rather than the regulatory model because the object of the exercise is not to formulate a general rule of governance, but to reach a decision in a particular case in the light of the loose substantive standard established by statute.

FN20 M.G.L.A. c. 30A, § 1(1).
  See, also, Chapter 10, § 374, supra.

FN21 See, generally, Chapter 10, § 374, supra.

FN22 M.G.L.A. c. 30A, § 1(1) expressly defines an "adjudicatory proceeding" to mean "a proceeding before an agency in which the legal rights, duties or privileges of specifically named persons are required by constitutional right or by any provision of the General Law to be determined after opportunity for an agency hearing."
  While all "adjudicatory proceedings" are judicial or quasi-judicial in nature, not all judicial or quasi-judicial proceedings are "adjudicatory proceedings" as expressly defined under the Massachusetts Administrative Procedure Act. The judicial or quasi-judicial proceedings of state administrative agencies are broader and more all-encompassing than the narrower, more particularized definition of "adjudicatory proceeding" under M.G.L.A. c. 30A, § 1(1).
  See Chapter 10, § 374, supra.

FN23 See Walsh v. District Court of Springfield, 297 Mass. 472, 9 N.E.2d 555 (1937).

FN24 The function of the writ of certiorari is not to reverse or revise findings of fact, but to correct errors of law committed by a judicial or quasi-judicial tribunal where such errors of law appear on the face of the return and are so substantial and material that, if they are allowed to stand, they will result in manifest injustice to a petitioner who is without any other available remedy. See Grande and Sons, Inc. v. School Housing Committee of North Reading, 334 Mass. 252, 135 N.E.2d 6 (1956); Tracht v. County Commissioners of Worcester, 318 Mass. 681, 63 N.E.2d 561 (1945); Worcester Gas Light Company v. Commissioners of Woodland Water District in Town of Auburn, 314 Mass. 60, 49 N.E.2d 447 (1943); Maher v. Commonwealth, 291 Mass. 343 (1935); Dube v. Mayor of City of Fall River, 308 Mass. 12, 30 N.E.2d 817 (1941); Prusik v. Board of Appeal of Building Department of City

of Boston, 262 Mass. 451, 160 N.E. 312 (1928); Bradley v. Board of Zoning Adjustment of City of Boston, 255 Mass. 160, 150 N.E. 892 (1926); Coolidge v. Bruce, 249 Mass. 465, 144 N.E. 397 (1924); Farmington River Water Power Company v. Berkshire County Commissioners, 112 Mass. 206 (1873); and City of Lowell v. Middlesex County Commissioners, 88 Mass. (6 Allen) 131 (1863).

In Swan v. Justices of the Superior Court, 222 Mass. 542, 544, 111 N.E. 386, 387 (1916), Chief Justice Rugg, speaking for the Supreme Judicial Court, said:

> ... [T]he writ of certiorari is of extraordinary nature. It is one of the ancient prerogative writs, whose history stretches far back to the beginnings of the common law. Its common purpose is the beneficent one of enabling a party who has no remedy by appeal, exception, or other mode of correcting errors of law committed against his rights in a proceeding judicial or quasi-judicial, to bring the true record, properly extended so as to show the principles of the decision, before a higher court for examination as to material mistakes of law. Its appropriate function is to relieve aggrieved parties from the injustice arising from errors of law committed in proceedings affecting their judicial rights when no other means of relief are open. It always has been recognized as a highly remedial salutary procedure, founded upon a sense of justice, to relieve against wrongs otherwise irremediable. That wrongs go unredressed because of a want of adequate methods would be a grave reproach to any system of jurisprudence. The writ of certiorari not only exists as a part of the common law, but it has been sedulously preserved by express statutes which confer upon the Supreme Judicial Court a broad jurisdiction and superintendence of all courts of inferior jurisdiction "to correct and prevent errors and abuses therein if no other remedy is expressly provided."

FN25 See Barry v. Civil Service Commissioners, 323 Mass. 431, 82 N.E.2d 607 (1948); Blankenburg v. Commonwealth, 260 Mass. 369, 157 N.E. 693 (1927); and Commissioner of Public Works of City of Quincy v. Judge of the District Court of East Norfolk, 258 Mass. 444, 155 N.E. 431 (1927).

FN26 See Factory Mutual Liability Insurance Company of America v. Superior Court, 300 Mass. 513, 16 N.E.2d 38 (1938); Commissioner of Public Works of Boston v. Justice of Municipal Court of Dorchester District, 228 Mass. 12, 116 N.E. 969 (1917); and Janvrin v. Poole, 181 Mass. 463, 63 N.E. 1006 (1902).

In Nightingale, Petitioner, 28 Mass. (11 Pickering) 168, 172 (1831), the Supreme Judicial Court stated:

> We cannot on certiorari examine the merits of a cause and set aside a verdict as against evidence.

See, also, Arthur L. Brown, "The Use of Extraordinary Legal and Equitable Remedies to Review Executive and Administrative Action in Massachusetts", 22 Boston University Law Review 55, 61 (1942).

FN27 See Walsh v. District Court of Springfield, 297 Mass. 472, 9 N.E.2d 555 (1937); Byfield v. Newton, 247 Mass. 46, 141 N.E. 658 (1923); Warren v. Street Commissioners of Boston, 183 Mass. 119, 66 N.E. 412 (1903); Collins v. Mayor and Board of Aldermen of Holyoke, 146 Mass. 298, 15 N.E. 908 (1888); Chase v. Board of Aldermen of Springfield, 119 Mass. 556 (1876); Worcester and Nashua Railroad v. Railroad Commissioners, 118 Mass. 561 (1875); and Inhabitants of Plymouth v. County Commissioners of Plymouth, 82 Mass. (16 Gray) 341 (1860).

FN28 See Morrissey v. State Ballot Law Commission, 312 Mass. 121, 43 N.E.2d 385 (1942); Real Properties v. Board of Appeal of Boston, 311 Mass. 430, 42 N.E.2d 499 (1942); Merchants Mutual Casualty Company v. Justices of Superior Court, 291 Mass. 164, 197 N.E. 166 (1935); Newcomb v. Board of Aldermen of Holyoke, 271 Mass. 565, 171 N.E. 826 (1930); Whitney v. Judge of District Court of Northern Berkshire, 271 Mass. 448, 171 N.E. 648 (1930); Marcus v. Board of Street Commissioners of Boston, 252 Mass. 331, 147 N.E. 866 (1925); Commissioner of Public Works of Boston v. Justice of Municipal Court of Dorchester District, 228 Mass. 12, 116 N.E. 969 (1917); Weld v. Gas and Electric Light Commissioners, 197 Mass. 556, 84 N.E. 101 (1908); Haven v. County Commissioners of Essex, 155 Mass. 467, 29 N.E. 1083 (1892); Tewksbury v. County Commissioners of Middlesex, 117 Mass. 563 (1875); and Farmington River Water Power Company v. County Commissioners, 112 Mass. 206 (1873).

FN29 See Byfield v. City of Newton, 247 Mass. 46, 141 N.E. 658 (1923); Tewksbury v. County Commissioners of Middlesex, 117 Mass. 563 (1875); City of Charlestown v. County Commissioners of Middlesex, 109 Mass. 270 (1872); and Inhabitants of Mendon v. County Commissioners of Worcester, 87 Mass. (5 Allen) 13 (1862).

FN30 See Mullen v. Board of Sewer Commissioners of Milton, 280 Mass. 531, 182 N.E. 641 (1932).

FN31 See H. Hollander Company v. Alcoholic Beverages Control Commission, 327 Mass. 390, 99 N.E.2d 63 (1951) and Collins v. Mayor and Board of Aldermen of Holyoke, 146 Mass. 298, 15 N.E. 908 (1888).
   See, also, Board of Selectmen of Sterling v. Governor, 368 Mass. 814, 334 N.E.2d 50 (1975); Trustees of State Library v. Civil Service Commissioner, 3 Mass.App.Ct. 724, 325 N.E.2d 302 (1975); and Bennett v. Board of Aldermen of Chelsea, 361 Mass. 802, 282 N.E.2d 669 (1972).

**Pocket Part FN:** FN31 See, also, Forsyth School for Dental Hygienists v. Board of Registration in Dentistry, 404 Mass. 211, 217-219, 534 N.E.2d 773, 776 (1989) (plaintiff-school failed to demonstrate that board's decision denying school's request for permission to teach course on administration of anesthesia was arbitrary and capricious); City of Springfield v. Civil Service Commission, 403 Mass. 612, 613, 532 N.E.2d 636, 637 (1988) (reversing superior court's grant of certiorari relief and holding that plaintiff-city failed to prove that "an error of law occurred in the administrative review that significantly infringed upon [the City's] rights"); Godfrey v. Chief of Police of Wellesley, 35 Mass.App.Ct. 42, 46-48, 616 N.E.2d 485, 487-488 (1993) (plaintiff failed to meet burden of proof that chief's decision to revoke plaintiff's license to carry firearms was arbitrary, capricious or an abuse of discretion); Commissioner of Metropolitan District Commission v. Civil Service Commission, 25 Mass.App.Ct. 573, 577, 521 N.E.2d 401, 403 (1988) (court denied certiorari relief because MDC failed to prove that Civil Service Commission's decision was erroneous).

FN32 The petitioner could not introduce evidence outside the record to show that conditions warranting the exercise of the power conferred by a statute upon the respondents did not exist, unless their jurisdiction would be affected thereby.
   See Prusik v. Board of Appeals of Building Department of Boston, 262 Mass. 451, 160 N.E. 312 (1928); Bradley v. Zoning Adjustment Board of Boston, 255 Mass. 160, 150 N.E. 892 (1926); Marcus v. Board of Street Commissioners of Boston, 252 Mass. 331, 147 N.E. 866 (1925); City of Charlestown v. County Commissioners of Middlesex, 109 Mass. 270 (1872); and Inhabitants of Mendon v. County Commissioners of Worcester, 87 Mass. (5 Allen) 13 (1862).
   See, also, Arthur L. Brown, "The Use of Extraordinary Legal and Equitable Remedies To Review Executive And Administrative Action In Massachusetts", 22 Boston University Law Review 55, 62 (1942).

FN33 See Selectmen of Wakefield v. Judge of District Court of Eastern Middlesex, 262 Mass. 477, N.E. 427 (1928); Ward v. Board of Aldermen of Newton, 181 Mass. 432, 63 N.E. 1064 (1902); Tewksbury v. County Commissioners of Middlesex, 117 Mass. 563 (1875); Farmington River Water Power Company v. County Commissioners, 112 Mass. 206 (1873); Stone v. City of Boston, 43 Mass. (2 Metcalfe) 220 (1841); and Rutland v. County Commissioners of Worcester, 37 Mass. (20 Pickering) 71 (1838).

FN34 See Arthur L. Brown, "The Use of Extraordinary Legal and Equitable Remedies to Review Executive and Administrative Action in Massachusetts", 22 Boston University Law Review 55, 62-63 (1942).

FN35 See Walsh v. District Court of Springfield, 297 Mass. 472, 9 N.E.2d 555 (1937); Newcomb v. Board of Aldermen of City of Holyoke, 271 Mass. 565, 171 N.E. 826 (1930); and Prusik v. Board of Appeal of Boston, 262 Mass. 451, 160 N.E. 312 (1928).
   Where the petitioner desired to raise points not appearing in the record, he was required to move that the respondent be ordered to extend the return and certify the additional material facts.
   See Newcomb v. Board of Aldermen of City of Holyoke, 271 Mass. 565, 171 N.E. 826 (1930); Swan v. Justices of Superior Court, 222 Mass. 542, 111 N.E. 386 (1916); and Tileston v. Street

Commissioners of Boston, 182 Mass. 325, 65 N.E. 380 (1902).

FN36 See Arthur L. Brown, "The Use of Extraordinary Legal and Equitable Remedies to Review Executive and Administrative Action in Massachusetts", 22 Boston University Law Review 55, 57-64 (1942).

FN37 The petitioner was generally not permitted to introduce any evidence except to show lack of jurisdiction or to meet extraneous facts set up in the respondent's return.
    See Arthur L. Brown, "The Use of Extraordinary Legal and Equitable Remedies to Review Executive and Administrative Action in Massachusetts", 22 Boston University Law Review 55, 64 (1942).

FN38 The petitioner was generally confined to those matters appearing on the record as the record may have been appropriately extended.
    See Arthur L. Brown, "The Use of Extraordinary Legal and Equitable Remedies to Review Executive and Administrative Action in Massachusetts", 22 Boston University Law Review 55, 64 (1942).

FN39 See the cases cited in footnote 24, supra.

FN40 See the cases cited in footnote 26, supra.

FN41 See the cases cited in footnote 32, supra.

FN42 See Marinelli v. Board of Appeal of Boston, 275 Mass. 169, 175 N.E. 479 (1931); Selectmen of Wakefield v. Judge of District Court of Eastern Middlesex, 262 Mass. 477, 160 N.E. 427 (1928); Blankenburg v. Commonwealth, 260 Mass. 369, 157 N.E. 693 (1927); Filoon v. City Council of Brockton, 252 Mass. 218, 147 N.E. 670 (1925); and Westport v. County Commissioners of Bristol, 246 Mass. 556, 141 N.E. 591 (1923).

FN43 See Kane v. Board of Appeals of Medford, 273 Mass. 97, 100, 173 N.E. 1, 2 (1930).

FN44 See Farmington River Water Power Company v. County Commissioners, 112 Mass. 206, 217 (1873).

FN45 Chapter 374, § 1 of the Acts of 1943.

FN46 Id.

FN47 See Sullivan v. Municipal Court of the Roxbury District, 322 Mass. 566, 573-574, 78 N.E.2d 618, 620 (1948).

FN48 See Southwick Birds and Animals, Inc. v. County Commissioners of Worcester County, 360 Mass. 133, 134, 273 N.E.2d 581, 582 (1971) at footnote 1 therein.

FN49 See, Southwick Birds and Animals Inc. v. County Commissioners of Worcester County, 360 Mass. 133, 134, 273 N.E.2d 581, 582 (1971) at footnote 1 therein.
    See, also, School Committee of Salem v. Civil Service Commission, 348 Mass. 696, 205 N.E.2d 707 (1965).

FN50 See Southwick Birds and Animals, Inc. v. County Commissioners of Worcester County, 360 Mass. 133, 134, 273 N.E.2d 581, 582 (1971) at footnote 1 therein.
    See, also, School Committee of Salem v. Civil Service Commission, 348 Mass. 696, 205 N.E.2d 707 (1965).

FN51 Southwick Birds and Animals, Inc. v. County Commissioners of Worcester County, 360 Mass. 133, 134, 273 N.E.2d 581, (1971) at footnote 1 therein.

FN52 See M.G.L.A. c. 249, § 4 and Mass. R.Civ.P. 81(b).

FN53 See M.G.L.A. c. 249, § 4.

FN54 374 Mass. 37, 371 N.E.2d 728 (1977).

FN55 Boston Edison Company v. Boston Redevelopment Authority, 374 Mass. 37, 49, 371 N.E.2d 728, 738 (1977).
    In evaluating the nature of the action to determine the appropriate scope of review, the Supreme Judicial Court ultimately determined, in this case involving a challenge to a decision made by the Boston Redevelopment Authority pursuant to statutory authority, that the appropriate scope of judicial review was whether there was substantial evidence to support the Authority's decision. The Court, agreeing with Boston Edison's reliance upon the earlier case of Boston Edison Company v. Selectmen of Concord, 355 Mass. 79, 242 N.E.2d 868 (1968), held that the "insufficient evidence" standard under M.G.L.A. c. 249, § 4 as it existed prior to the 1973 amendment, and as it still existed under Mass.R.Civ.P. 81(b) even although the express language was omitted from the rule, is similar to the substantial evidence test.
    See Commissioner of Revenue v. Lawrence, 379 Mass. 205, 369 N.E.2d 992 (1979) (Trial judge failed to apply proper standards of judicial review in reversing decision of Civil Service Commission as not supported by substantial evidence; Commission may properly base its decision on subsidiary findings of hearing officer while at same time rejecting her conclusions and recommendations as to disposition.)
    See, also, Cepulonis v. Commissioner of Correction, 15 Mass.App.Ct. 292, 445 N.E.2d 178 (1983) (Court did not pass upon whether the requirement of "substantial evidence" establishes a stricter standard of review than the requirement of "reliable evidence" under the applicable Department of Corrections' regulation, nor whether the concept of "reliable evidence" creates an unfamiliar standard of review which will confuse rather than expedite internal disciplinary proceedings.).
    See, also, Caswell v. Licensing Commission for Brockton, 387 Mass. 864, 444 N.E.2d 922 (1983) (In action seeking judicial review of local licensing authority's denial of initial application of license for coin-operated video games, where First Amendment rights are not involved, the appropriate standard of judicial review determined according to the nature of the action sought to be reviewed was limited to the examination of whether the local licensing authority acted arbitrarily or capriciously, abused its discretion, or made an error of law.).
    See, also, Yerardi's Moody Street Restaurant and Lounge, Inc. v. Board of Selectmen of Randolph, 19 Mass.App.Ct. 296, 473 N.E.2d 1154 (1985), review denied 394 Mass. 1103, 477 N.E.2d 595 (1985), (Nature or scope of review accommodates to kind of administrative decision involved, and this in turn is conditioned by type of substantive rule or standard being applied; as in Caswell case, fact that statute empowering given administrative agency does not contain "narrow and objective criteria", but rather a broad standard tends to indicate judicial review does not extend to assessment of strength of evidence supporting agency's action, but is limited to search for error of law or abuse of discretion as measured by arbitrary or capricious test.)
    See, also, Wightman v. Superintendent, Massachusetts Correctional Institution, Walpole, 19 Mass.App.Ct. 442, 475 N.E.2d 85 (1985) (Standard of judicial review under certiorari statute takes its color from nature of administrative action being examined; adequacy of accusatory document (unsworn statement in disciplinary report of correction officer, who had neither experience with, nor technical understanding of drug "angel dust") which was only evidence before prison disciplinary board, was insufficient to support board's finding of offense committed by inmate.)

**Pocket Part FN: FN55** In T.D.J. Development Corp. v. Conservation Commission of North Andover, 36 Mass.App.Ct. 124, 128, 629 N.E.2d 328, 331 (1994), the Appeals Court wrote that the "standard of review varies according to the nature of the action for which review is sought". See, also, Chandler v. County Commissioners of Nantucket County, 437 Mass. 430, 434, 772 N.E.2d 578, 581 (2002); Doe v. Superintendent of Schools of Stoughton, 437 Mass. 1, 5, 767 N.E.2d 1054, 1057 (2002); Levy v. Acting Governor, 436 Mass. 736, 745-746, 767 N.E.2d 66, 72-73 (2002); FIC Homes of Blackstone v. Conservation Commission of Blackstone, 41 Mass.App.Ct. 681, 684, 673 N.E.2d 61, 64 (1996); Fafard v. Conservation Commission of Reading, 41 Mass.App.Ct. 565, 567-568, 672 N.E.2d 21, 23-24 (1996); Superintendent of Public Works of Attleboro v. Attleboro Contributory Retirement Board, 38 Mass.App.Ct. 130, 135, 645 N.E.2d 1187, 1190 (1995); Mayor of Revere v. Civil Service Commission,

31 Mass.App.Ct. 315, 321-322, 577 N.E.2d 325, 329-330 (1991).

In Forsyth School for Dental Hygienists v. Board of Registration in Dentistry, 404 Mass. 211, 217, 534 N.E.2d 773, 776 (1989), the Supreme Judicial Court wrote, "An appeal under G. L. c. 249, § 4 ... is not generally available to review discretionary administrative action except to determine whether the board acted arbitrarily and capriciously."

The following cases involve application of the arbitrary and capricious standard of review in the context of a civil action in the nature of certiorari: Doe v. Superintendent of Schools of Stoughton, 437 Mass. 1, 5, 767 N.E.2d 1054, 1057-1058 (2002) (superintendent's decision to suspend student; decision of Superior Court judge afforded no special weight); Ballarin v. Licensing Board of Boston, 49 Mass.App.Ct. 506, 730 N.E.2d 904 (2000) (granting certiorari); FIC Homes of Blackstone v. Conservation Commission of Blackstone, 41 Mass.App.Ct. 681, 673 N.E.2d 61 (1996); Fafard v. Conservation Commission of Reading, 41 Mass.App.Ct. 565, 672 N.E.2d 21 (1996); T.D.J. Development Corp. v. Conservation Commission of North Andover, 36 Mass.App.Ct. 124, 128, 629 N.E.2d 328, 331 (1994) (arbitrary and capricious standard of review applies because challenged action concerned conservation commission's exercise of discretion in attaching condition to permit governing improvements in wetland areas); Goldie's Salvage, Inc. v. Board of Selectmen of Walpole, 31 Mass.App.Ct. 726, 731, 583 N.E.2d 878, 881 (1992) (standard of review for selectman's denial of junk dealer's and junk collector's licenses is "error of law or abuse of discretion, as measured by the 'arbitrary or capricious' test"), quoting Caswell v. Licensing Commission for Brockton, 387 Mass. 864, 878, 444 N.E.2d 922, 930 (1983) and Yerardi's Moody Street Restaurant & Lounge, Inc. v. Board of Selectmen of Randolph, 19 Mass.App.Ct. 296, 300 n. 7, 473 N.E.2d 1154, 1157 n. 7 (1985); Hood Industries, Inc. v. City Council of Leominster, 23 Mass.App.Ct. 646, 648, 505 N.E.2d 189, 191 (1987) (court declined to grant certiorari relief because city council's decision to deny license to store flammable materials was not arbitrary or capricious); Police Commissioner of Boston v. Civil Service Commission, 22 Mass.App.Ct. 364, 370-371, 494 N.E.2d 27, 31 (1986) (court granted police commissioner certiorari relief in holding that Civil Service Commission's decision to reduce penalty imposed on officer for dereliction of duty could not stand because "it either rises to the level of a substantial error of law or is capricious to such a degree that it must, in the public interest, be reversed").

The following cases involve application of the substantial evidence test in the context of a civil action in the nature of certiorari: The Black Rose, Inc. v. City of Boston, 433 Mass. 501, 744 N.E.2d 640 (2001) (heightened standard of review may apply if First Amendment Rights are implicated); Doherty v. Retirement Board of Medford, 425 Mass. 130, 680 N.E.2d 45 (1997); Bielawski v. Personnel Administrator of the Division of Personnel Administration, 422 Mass. 459, 663 N.E.2d 821 (1996); Murphy v. Superintendent, Massachusetts Correctional Institution, Cedar Junction, 396 Mass. 830, 833, 489 N.E.2d 661, 663 (1986) (court applied substantial evidence test in considering inmate's challenge to prison disciplinary proceeding); City of Gloucester v. Civil Service Commission, 408 Mass. 292, 297, 557 N.E.2d 1141, 1144 (1990) (court applied substantial evidence test in deciding that commission exceeded authority in requiring city to reinstate employee); Jordan v. Superintendent, Massachusetts Correctional Institution, 53 Mass.App.Ct. 584, 760 N.E.2d 807 (2002) (no substantial evidence that prisoner possessed contraband); Puleio v. Commissioner of Correction, 52 Mass.App.Ct. 302, 753 N.E.2d 814 (2001) (substantial evidence that prisoner possessed contraband); Lewis v. Committee for Public Counsel Services, 50 Mass.App.Ct. 319, 739 N.E.2d 706 (2000) (substantial evidence supporting CPCS determination that attorneys had overbilled); Fire Chief of East Bridgewater [Pratt] v. Plymouth County Retirement Board, 47 Mass.App.Ct. 66, 69-70, 710 N.E.2d 644, 645 (1999); Superintendent of Public Works of Attleboro v. Attleboro Contributory Retirement Board, 38 Mass.App.Ct. 130, 645 N.E.2d 1187 (1995).

In the following decisions the substantial evidence test was applied in reviewing a decision of the Civil Service Commission under M.G.L.A. c. 249, § 4: Bielawski v. Personnel Administrator of Division of Personnel Administration, 422 Mass. 459, 464, 663 N.E.2d 821, 825 (1996); Boston Police Superior Officers Federation v. Civil Service Commission, 35 Mass.App.Ct. 688, 691-692, 694, 624 N.E.2d 617, 619 (1993) (substantial evidence supported commission's finding that personnel administrator erred in concluding that promotional examination was fair absent a performance component); City of Gardner v. Bisbee, 34 Mass.App.Ct. 721, 725, 615 N.E.2d 603, 605 (1993) (substantial evidence supported commission's decision ordering city to reinstate employee to position as director of operations of the Gardner Police Department); Mayor of Revere v. Civil Service Commission, 31 Mass.App.Ct. 315, 322, 577 N.E.2d 325, 330 (1991) (court applied substantial evidence test in

40 MAPRAC s 1917

reviewing commission decision because commission's authority is limited by "narrow and objective" criteria).

FN56 See, generally, the cases cited in footnote 10, supra.

FN57 See, generally, the text and accompanying footnotes, 23-43, supra.

FN58 See, for example, Marinelli v. Board of Appeal of Building Department of City of Boston, 275 Mass. 169, 175 N.E. 479 (1931) and Inhabitants of Town of Westport v. County Commissioners of Bristol County, 246 Mass. 556, 141 N.E. 591 (1923).
   See, also, Sullivan v. Municipal Court of the Roxbury District, 322 Mass. 566, 78 N.E.2d 618 (1948).

FN59 See, generally, the text and accompanying footnotes, 27-43, supra.

FN60 Id.

FN61 See, generally, the text and accompanying footnotes, 27 to 43, supra.

FN62 See, generally, the text and accompanying footnotes, 45-55, supra.

FN63 See, generally, the text and accompanying footnotes, 10-43, supra.

FN64 See Commissioner of Revenue v. Lawrence, 379 Mass. 205, 369 N.E.2d 992 (1979) (In action in nature of certiorari, court will correct only substantial errors of law which are apparent on the record and adversely affect material rights).
   See, also, School Committee of Hatfield v. Board of Education, 372 Mass. 513, 363 N.E.2d 237 (1977) (Action in nature of certiorari is available only for review of judicial or quasi-judicial proceedings, and is not available to review discretionary administrative action.).

**Pocket Part FN:** FN64 Massachusetts Bay Transportation Authority v. Auditor, 430 Mass. 783, 790-792, 724 N.E.2d 288, 293-295 (2000) (certiorari available only to correct substantial errors of law apparent on the record adversely affecting material rights); Bielawski v. Personnel Administrator of City of Division of Personnel Administration, 422 Mass. 459, 464, 663 N.E.2d 821, 825 (1996); City of Gloucester v. Civil Service Commission, 408 Mass. 292, 297, 557 N.E.2d 1141, 1144 (1990) (judicial review under M.G.L.A. c. 249, § 4, is limited to correcting "substantial errors of law that affect material rights" and are apparent on the record). See, also, Curley v. City of Lynn, 408 Mass. 39, 40, 556 N.E.2d 96, 97 (1990); Carney v. City of Springfield, 403 Mass. 604, 605, 532 N.E.2d 631, 632 (1988); Fire Chief of East Bridgewater v. Plymouth County Retirement Board, 47 Mass.App.Ct. 66, 69-70, 72, 710 N.E.2d 644, 646-647 (1999) (affirming retirement board's finding that discharge was not justified); Malone v. Civil Service Commission, 38 Mass.App.Ct. 147, 151, 646 N.E.2d 150, 153 (1995).

FN65 See Chapter 7, § 285, supra.

**Pocket Part FN:** FN65 See, also, Hood Industries, Inc. v. City Council of Leominster, 23 Mass.App.Ct. 646, 649, 505 N.E.2d 189, 191 (1987).

FN66 See Chapter 7, § 285, supra.

**Pocket Part FN:** FN66 See, also, Hood Industries, Inc. v. City Council of Leominster, 23 Mass.App.Ct. 646, 650, 505 N.E.2d 189, 192 (1987).

FN67 See, generally, Arthur L. Brown, "The Use of Extraordinary Legal and Equitable Remedies to Review Executive and Administrative Agency Action in Massachusetts", 22 Boston University Law Review 55, 55-71 (1942).
   See, also, generally, Kenneth Culp Davis, Administrative Law Treatise, Volume 3, § 24.02, 390-

40 MAPRAC s 1917

402 (1958); Walter Gellhorn, Clark Byse, and Peter L. Strauss, Administrative Law, Cases And Comments, Seventh Edition, 930-935 (1979); and Louis L. Jaffe, Judicial Control of Administrative Action 165-176 (1965).

FN68 See, generally, the text and accompanying footnotes, 45-62, supra.

FN69 See, generally, Arthur L. Brown, "The use of Extraordinary Legal and Equitable Remedies to Review Executive and Administrative Agency Action in Massachusetts", 22 Boston University Law Review 55, 55-71 (1942).

See, also, generally, Kenneth Culp Davis, Administrative Law Treatise, Volume 3, 24.02, 390-402 (1958); Walter Gellhorn, Clark Byse, and Peter L. Strauss, Administrative Law, Cases and Comments, Seventh Edition, 930-935 (1979); and Louis L. Jaffe, Judicial Control of Administrative Action, 1 176 (1965).

Pocket Part FN: FN70 Bermant v. Board of Selectmen of Belchertown, 425 Mass. 400, 681 N.E.2d 830 (1997); Balcam v. Town of Hingham, 41 Mass.App.Ct. 260, 669 N.E.2d 461 (1996). But, see, Town of Swansea v. Contributory Retirement Appeal Board, 43 Mass.App.Ct. 402, 683 N.E.2d 695 (1997) (special circumstances warrant court considering claim for declaratory relief; board gave aggrieved party mistaken advice about appellate rights). But see Mello v. License Commission of Revere, 435 Mass. 532, 533-534, 759 N.E.2d 1201, 1202 (2001) (reversing summary judgment on count seeking declaratory relief).

Pocket Part FN: FN71 Bielawski v. Personnel Administrator of the Division of Personnel Administration, 422 Mass. 459, 465 n. 11, 663 N.E.2d 821, 826 n. 11 (1996).

Pocket Part FN: FN72 47 Mass.App.Ct. 833, 716 N.E.2d 690 (1999).

Pocket Part FN: FN73 See Levy v. Acting Governor, 436 Mass. 736, 767 N.E.2d 66 (2002) (plaintiff pressing for substantial evidence standard and defendant maintaining that more deferential standard should apply, i.e., arbitrary and capricious). See § 1153, supra for a discussion of the Levy case.

Pocket Part FN: FN74 See Cumberland Farms, Inc. v. Planning Board of Bourne, 56 Mass.App.Ct. 605, 779 N.E.2d 159 (2002) (Appeals Court vacated judgment granting relief in nature of certiorari because denial of site plan approval susceptible to review under M.G.L.A. c. 40A, § 17). But see Robinson v. Board of Health of Chatham, 58 Mass.App.Ct. 394, 395 n. 4, 791 N.E.2d 350, 352 n. 4 (2003) (deciding certiorari appeal dispute despite alternate remedy under Title 5 of the state sanitary code).

Pocket Part FN: FN75 58 Mass.App.Ct. 670, 792 N.E.2d 690 (2003).

Copyright © 1986 By West Publishing Co.; Pocket Part © 2003 West, a Thomson business

(1986)

40 MAPRAC § 1917

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. W