

TOWN OF KINGSTON
BOARD OF SELECTMEN

MINUTES
August 17, 2004

Chairman Mark S. Beaton opened the meeting of the Board of Selectmen held on August 17, 2004 at 7:00 p.m. in Room 200 at the Town House, 26 Evergreen Street, Kingston. Present were Vice Chairman Paul M. Gallagher, Olavo B. DeMacedo, Joseph D. Kelleher, Richard E. Kenney and Town Administrator Kevin R. Donovan.

Mr. Beaton advised that since it was a special meeting, there would be no Open Forum.

Mr. Gallagher requested to take the matter involving motorized scooters out of order.

Mr. Beaton advised that Town Counsel had rendered an opinion that the Board could adopt regulations for the use of motorized scooters. Mr. Gallagher clarified the type of scooter that the Board was addressing by stating it was a newly developed small/downsized motorcycle that children as well as adults could ride. The Board reviewed the regulations adopted by the City of Taunton. Upon motion made and seconded, following a discussion and a 5 to 0 to 0 vote, it was—

> VOTED:    To adopt the regulations as presented in the City of Taunton Ordinance for the Town of Kingston.

Mr. Kenney stated that wanted to include some regulations concerning the noise from motorcycles. Upon motion made and seconded, following a discussion and a 5 to 0 to 0 vote, it was—

> VOTED:    To ask Chief Fogg for information and options regarding how to regulate motorcycles for the next agenda.

Mr. Beaton announced that the purpose of the special meeting was to address the membership of the Zoning Board of Appeals. He acknowledged the receipt of the resignation letters from John Haas and Gail Gleason and thanked them both for their cooperation and interest in being reappointed to the Committee.

Mr. Beaton further stated that any member of an appointed Committee may be removed for cause after a public hearing and proceeded to read the draft letter containing the reasons for action against the ZBA members which contained five reasons to conduct the public hearing. Mr. Beaton advised that each member would be addressed individually and the reasons would be voted upon by the Board.

Mr. Kelleher asked the Town Administrator if Town Counsel had reviewed the letter and the five reasons. Mr. Donovan advised that Town Counsel had advised that the reasons should be

defined for a show cause hearing and that cause was defined as what a reasonable and prudent person would determine.

The Board discussed the need for Town Counsel to be present at the show cause hearings and concurred that Town Counsel should be present.

The Board discussed the rights of the ZBA members to be represented by Counsel and whether the hearing was to be public or in executive session.

Mr. Donovan advised that the cost for Counsel, should individual members so choose to be represented by Counsel, would be the responsibility of the member and that the hearing under MGL Chapter 40A, Section 12 was required to hold the hearing in public.

Mr. DeMacedo expressed his concern for members that may be determined to be innocent of the charges to bear the expense of hiring Counsel and suggested the Town pay the legal fees for those found innocent of the charges.

Mr. Beaton stated that he was opposed and stated that the people involved are volunteers and should they be removed, there was no loss of income, job, license, etc. and this hearing is not a reason to pay for Counsel.

Mr. DeMacedo stated that the individuals are expected to defend themselves and in order to do that they may incur the expense of Counsel and if the charges are unfounded the Town should pay the bill.

Mr. Beaton stated that not all members would be charged with all five violations and as the meeting progressed, the Board would assign or determine which reasons to charge against each individual.

Mr. Kenney stated that he was opposed to the Town paying for lawyers for the ZBA members and Mr. Kelleher stated that if the individual was determined to be innocent, he was in favor of paying for their Counsel.

Mr. DeMacedo made a motion to indemnify the members of the ZBA who so choose to hire an Attorney if the individual is innocent. The motion was seconded for discussion.

Mr. Gallaher expressed his concern for the terminology used as being guilty or innocent and that the individuals were not charged with a criminal act and wanted to clarify the motion.

Mr. Beaton stated that this was simply a cause hearing and that the person could be determined to be innocent on the merits and could conceivably reapply for re-appointment.

Mr. DeMacedo stated that volunteers were serving for no money, had invested many hours of time and now are charged with allegations of which they need to defend themselves and the motion is to pay the legal costs of those individual who are found to be innocent of the allegations. The motion was defeated on a 2 to 3 vote; Mr. DeMacedo and Mr. Gallagher

supported the motion, Mr. Beaton, Mr. Kelleher and Mr. Kenney did not support the motion, (the vote was taken at 7:35 p.m.)

Note: The Board discussed the following reasons for conducting the show cause hearing and determined which charges if any would be brought against the individual members of the ZBA. The following is a list of charges that were discussed and will be identified by number in the discussion and votes of the Board.

1. On July 7, 2004, you participated in and allowed a vote on a special permit to continue after being informed that the vote was not valid causing the petitioner to reapply.
2. On July 28, 2004, you failed to serve the Town by conducting your office in an informed and professional manner with respect to the applications before the Zoning Board of Appeals under the provisions of MGL Chapter 40B.
3. On August 7, 2004, you participated in a discussion the engineering firm for Old Colony Commons after declaring that you would recuse yourself from all actions relating to this petition before the ZBA.
4. You have been absent for ___ of the last ___ meetings of the ZBA, in violation of the Selectmen's policy on attendance for committee and board members and due to those absences or by your own action you have been unable to participate in the Chapter 40B hearings,
5. On May 5, 2004, you voted to deny a variance for a sign to identify a business at Cranberry Crossing when you are in the sign business, a conflict of interest.

Mr. Beaton stated that Mr. Donnelly was being charged with # 2 and #4. Mr. Kenney stated that he knew Mr. Donnelly had some medical problems and that his three absences in the past six months were due to being sick and recouperating.

Mr. Kelleher asked whether the Chairman of the ZBA had discussed the absences of the members. Mr. DeMacedo stated that the Selectmen's Policy states that a member who misses three meetings in six months could be removed and that if Mr. Donnelly was sick he should be given the benefit of the doubt and that he was only not prepared for one meeting.

Mr. Beaton stated that the Board had provided Town Counsel who advised the ZBA members of their role and responsibilities in the 40B hearings and that at the very next meeting, only one member was prepared, therefore the discussion could not be taken with any competence.

Upon motion made and seconded, following a discussion and a 5 to 0 to 0 vote, it was —

    VOTED:   To charge Mr. Donnelly with reason number 2.

Upon motion made and seconded, following a discussion and a 5 to 0 to 0 vote, it was —

    VOTED:   To charge Mauro Mazzilli with reason number 2.

The Board reviewed reasons 1, 3 and 4 in regards to ZBA member Joseph Palombo. The Board discussed Mr. Palombo's attendance record and his recusal to sit on the Fountain Knoll 40B

hearing and his absence at the commencement of the Old Colony Commons hearing. Upon motion made and seconded, following a discussion and a 5 to 0 to 0 vote, it was—

>   VOTED:    To charge Mr. Palombo with reasons 1, 3 and 4.

Mr. DeMacedo stated that any member of any Board, if they feel they have a conflict, can recuse themselves from participation and that the determination of whether there is a conflict is an up to the individual and it should not be counted against them.

The Board reviewed reasons 1, 4 and 5 in regards to Alternate ZBA member Janet Butler. Mr. Kenney made a motion to charge Ms. Butler with 1, 3, and 5. Mr. DeMacedo requested information on reason 5. Mr. Beaton read the minutes of the May 5th meeting. Mr. DeMacedo stated that Ms. Butler would not get an advantage with a vote to deny the petitioner in this matter and therefore there would be not conflict and made a friendly amendment to eliminate reason #5.

>   Upon motion made and seconded, following a discussion and a 5 to 0 to 0 vote, it was—
>
>   VOTED:    To charge Ms. Butler with reasons #1 and #4.

Mr. Beaton stated that the show cause hearing with take place at 8:00 p.m. on August 24, 2003.

Upon motion made and seconded, following a discussion and a 5 to 0 to 0 vote, it was—

>   VOTED:    To adjourn at 8:05 p.m.


>                             Respectfully submitted:
>
>
>                             Nancy M. Howlett, Assistant to the
>                             Town Administrator/Board of Selectmen