UNITED STATES DISTRICT COURT
OF THE DISTRICT OF MASSACHUSETTS

C.A. NO. 04-11971-GAO

*******************************
JANET M. BUTLER,                *
   Plaintiff,                  *
                                *
v.                              *
                                *
MARK S. BEATON, Individually    *
and in his capacity as a Member of *
the BOARD OF SELECTMEN OF       *
THE TOWN OF KINGSTON,           *
PAUL M. GALLAGHER, OLAVO        *
B. DEMACEDO, JOSEPH D.          *
KELLEHER, RICHARD E.            *
KENNEY in their capacities as   *
Members of the BOARD OF         *
SELECTMEN OF THE TOWN OF        *
KINGSTON and TOWN               *
OF KINGSTON,                    *
   Defendants.                 *
*******************************

FILED
IN CLERK'S OFFICE

2004 OCT -4  P 3:41

U.S. DISTRICT COURT
DISTRICT OF MASS.

MEMORANDUM OF LAW IN SUPPORT
OF PLAINTIFF, JANET BUTLER'S MOTION FOR
PARTIAL JUDGMENT ON THE PLEADINGS

INTRODUCTION

The plaintiff, Janet M. Butler, has brought the instant action challenging the August 24, 2004 decision of the Kingston Board of Selectmen removing her as an alternate member of the Kingston Zoning Board of Appeals.  The basis for her claims are (1) that there was no "cause" for removal within the meaning of Gen. L. c. 40A, §12 as that term has been interpreted by the Massachusetts courts, (2) that her dismissal was arbitrary and capricious and/or not based on the substantial evidence, (3) that her dismissal was effectuated in retaliation for a vote which she cast at a July 7, 2004

1

meeting when she was acting as a Board of Appeals member, and (4) in violation of her due process rights which guarantee her the right to a meaningful opportunity to be heard. Since the factual basis is set forth in the record[1] and the plaintiff, Janet M. Butler, can demonstrate that she is entitled to partial judgment as a matter of law[2] this Court should render a judgment nullifying the August 24, 2004 decision of the defendant, Board of Selectmen, and ordering the plaintiff reinstated as an alternate member of the Kingston Zoning Board of Appeals.

## FACTUAL BASIS FROM THE RECORD

1. The plaintiff, Janet M. Butler (hereinafter "Butler"), was re-appointed for a second, one-year term as an alternate member of the Kingston Zoning Board of Appeals (a five member board with two alternate positions) on June 1, 2004 by the defendant, Kingston Board of Selectmen. (The Kingston Zoning Board of Appeals is hereinafter referred to as the "Appeals Board" and the Kingston Board of Selectmen is hereinafter referred to as the "Selectmen"). *See Meeting Minutes from June 1, 2004 Selectmens' Meeting included as a part of the record as Exhibit A.*

---

[1] The Town of Kingston has not produced a formal record nor has it produced in response to a public records request from plaintiff's counsel a copy of the meeting minutes from August 24, 2004. The record from the plaintiff's view includes a videotape of the proceedings on August 24, 2004, a letter dated August 17, 2004 advising the plaintiff, Janet Butler, of the charges which the Board of Selectmen intended to conduct a hearing on, correspondence by and between the plaintiff and counsel and the Town of Kingston and its town counsel between August 18 and August 25, 2004, a copy of the so-called Attendance Policy for appointed officials, the documentary exhibits during the hearing (including an opinion of town counsel, Kopelman & Paige, PC, an attendance record for the Board of Appeals), and various meeting minutes of meetings from June 1, 2004 through August 17, 2004. Most of these documents were attached to the plaintiffs' Verified Complaint.

[2] This matter is brought forth on Cross-Motions for Partial Judgment on the Pleadings since there is an additional count of defamation against the defendant, Mark S. Beaton, and also since the plaintiff would be entitled to a damages hearing on her §1983 claims if successful on these claims.

2. The Appeals Board generally authorized by state law (Gen. L. c. 40A) and local by-laws of the Town of Kingston to hear and decide so-called special permits, variances, appeals from the Kingston zoning enforcement official, and to grant site plan approvals and also comprehensive permit applications relating to affordable housing. See Mass. Gen. L. c. 40B, §§20-23.

3. When performing these duties, members of the Appeals Board, are said to be performing "quasi-judicial functions." Their decisions may be appealed to court under Gen. L. c. 40A, §17. *See Exhibit E, below, (statements from Town Counsel, Elizabeth Lane, Esq., of Kopelman & Paige, PC that Board is "quasi-judicial").*

4. Prior to her re-appointment on June 1, 2004, the defendant, Mark S. Beaton (hereinafter "Beaton"), acting as chairman of the Selectmen, advised his fellow Selectmen that "he had researched the attendance of Janet Butler [and another Board member] and found that she had been present for 60% of the meeting[s]". As a result of this attendance, Beaton suggested that the Selectmen hold off from appointing her "to see if other residents would come forward that would be **_better_** representatives on the Board." This motion in this regard failed and Butler was reappointed to the Appeals Board unanimously 5-0. *See Exhibit A.*

5. At no point during the June 1, 2004 meeting did any member of the Selectmen warn Butler that any additional absence for any reason would lead to her removal. *See Exhibit A.*

6. At the time Butler was reappointed, the Selectmen could not successfully fill the vacant second alternate position on the Appeals Board.[3] This second alternate position had been vacant for approximately one year. ***Verified Complaint at ¶ 5; also Exhibit A.***

7. Had the plaintiff, Butler missed 60% of the meetings (a point Butler contested at the June 15, 2004 Selectmens' meeting), Butler would then have been in violation of the attendance policy instituted by the Selectmen on November 6, 2001 which directs appointed officials to attend all sessions of their respective boards or commissions and provides for reporting to the Selectmen of officials who miss three meetings in a six month period. ***See Selectmens' Policy on Attendance for Committees, Boards and Commissions Appointed by the Board of Selectmen attached as Exhibit B.***

8. Since the defendant, Beaton, publicly portrayed her attendance record on June 1, 2004 incorrectly, Butler, appeared during the "open forum" section of the meeting of the Selectmen on June 15, 2004 and corrected the record by reading a statement concerning her attendance and absence and inquired why only a few Boards had been singled out. ***See Meeting Minutes of June 15, 2004 Selectmens' Meeting attached as Exhibit C.***

9. On or about June 29, 2004, Sean O'Donnell, an appointed member of the Conservation Commission, appeared at a Selectmen's meeting after being reported by the

---

[3] Apparently, the open position continued to remain vacant as it had been for approximately one year and there was no public interest in the position.

chairman of the Conservation Commission, Gary Langenbach, for violation of the attendance policy (Exhibit B).   Mr. O'Donnell missed six of the thirteen meetings, attended only one site walk in six months, was often tardy and left during meetings to pursue other interests but was allowed by the Selectmen to remain on the Commission after promising to take corrective measures.   ***See Meeting Minutes of June 29, 2004 Selectmens' Meeting attached as Exhibit D.***

10.   Sometime prior to the July 7, 2004 meeting of the Appeals Board, the most senior member of the Appeals Board and its chairman, Stanley Kuzborski (hereinafter "Kuzborski"), resigned as a member of the Appeals Board.   Kuzborski's resignation left the Appeals Board with four regular members (Mauro Mazzilli, Ed Donnelly, Joseph Palumbo and Gail Gleason) and one alternate member (Janet Butler).   Kuzborski provided Butler through the Appeals Board secretary with a copy of a written opinion memorandum by Kopelman and Paige, PC which advises municipal boards how to conduct themselves if facing a potential "constructive approval" situation.[4]   ***See Verified Complaint at ¶ 12 and a copy of the Opinion of Town Counsel attached as Exhibit E.***

11.   On July 7, 2004, the Appeals Board was scheduled to hear the so-called "Vallaincourt" matter.   Ms. Vallaincourt had applied to the Appeals Board for a special permit to allow the reconstruction of a nonconforming home with a slight addition pursuant to Gen. L. c. 40A, §6 and the Kingston zoning bylaws.   The plaintiff, Butler,

---

[4] A "constructive approval" situation occurs where a Board fails to act within a statutory time frame and the statute provides an automatic approval as a remedy.

5

was advised that unless the Appeals Board voted on the Vallaincourt matter on July 7, 2004, the Appeals Board, was facing a potential constructive approval situation. Regular Appeals Board members, Mazzilli and Donnelly, stated that they were unable to vote since they had missed prior meeting(s) where the matter had been discussed. Since Mazzilli and Donnelly were not participating in the matter, the Appeals Board was left with only three members to vote on the Vallaincourt matter when by statute a five-member Board is required to have at least four members for a valid quorum to vote. ***See Verified Complaint at ¶¶15-17 and Videotape of August 24, 2004 Selectmens' Meeting included as a Part of Record;*** and Mass. Gen. L. c. 40A, §15.

12. Although uncertain as to its legal effectiveness but believing she was authorized by the written opinion memorandum of Kopelman & Paige, PC (referenced earlier as Exhibit D) and preventing a constructive approval, the plaintiff, Butler voted with her fellow members, to grant a special permit to Ms. Vallaincourt subject to certain express conditions.   ***See Videotape of August 24, 2004 Selectmens' Meeting included as a Part of Record;.***

13. The written memorandum opinion from Kopelman & Paige, PC, generally directs boards and commission with inadequate quorums to vote in as close compliance as possible in order to prevent constructive approvals.  ***See Exhibit E generally at 2, ¶2 and at 3 ¶3.***

6

14. Since the Appeals Board did not have a quorum of members left through resignation and the recusal of other members, the effect of the vote is a debatable as evidenced in the opinion of Kopelman & Paige, PC. It could be viewed as a "denial", an "approval" or a "nullity". *See Exhibit E, Videotape of August 24, 2004 Selectmens' Meeting included as a Part of Record (argument of plaintiff's counsel),* and Mass. Gen. L. c. 40A, §15.

15. Sometime after the meeting of July 7, 2004, the plaintiff, Janet M. Butler attempted to speak with Town Counsel, Jason Talerman, Esq. of Kopelman & Paige, PC., concerning matters before the Zoning Board of Appeals including without limitation procedural and substantive questions concerning pending 40B affordable housing matters. The plaintiff, Butler, expressed concern over the role of the Board of Selectmen in such matters. As a result thereof, the plaintiff, Janet Butler, was directed to and did contact Donald Schmidt of the MA Department of Housing and Community Development to have such questions answered. *Verified Complaint at ¶ 10 and Videotape of August 24, 2004 Selectmens' Meeting included as a Part of Record (argument of plaintiff's counsel).*

16. On or about July 27, 2004, the Selectmen conducted a so-called "educational meeting" for the Appeals Board at which time the defendant, Mark Beaton, used his position as chairman of the Board of Selectmen to ask pre-prepared questions on behalf of the Zoning Board of Appeals. *Verified Complaint at ¶ 21-22.* The hearing was conducted publicly by the Board of Selectmen and in a manner so as to embarrass the

7

membership of the Board of Appeals rather than to educate it about questions which the Board of Appeals' membership had. The tone of the meeting was also disciplinary in nature. *See Meeting Minutes of the July 27, 2004 Selectmens' Meeting attached as Exhibit F and Videotape of the July 27, 2004 Selectmens' Meeting included as a part of the Record.*

17. Also on July 27, 2004, after an interview process, the Selectmen appointed John Haas to fill the regular full-time position on the Appeals Board caused by resignation of Kuzborski. *See Exhibit F.*

18. On July 28, 2004, the plaintiff, Butler, was obligated to miss a meeting of the Appeals Board, as a result of a conflict with her personal business schedule which required her to attend an evening meeting of a Zoning Board of Appeals in Athol, Massachusetts. The plaintiff, Butler, gave advance notice of her intention to miss and/or be late for the meeting to the Town Planner, Thomas Bott, and Board member, Joseph Palumbo, and believed at the time that there would be five full-time members of the Appeals Board to conduct the business of the Board (including Mazzilli, Donnelly, Palumbo, Gleason and now Haas). *See Videotape of August 24, 2004 Selectmens' Meeting included as a Part of Record (argument of plaintiff's counsel),*

19. On or about August 1, 2004, the defendant, Beaton, upset with the conduct of the Appeals Board who were present at the July 28, 2004 meeting of the Appeals Board, sought the advice of Town Counsel, Kopelman & Paige, PC, to determine whether the

Board of Selectmen could assume the duties and responsibilities of the Zoning Board of Appeals to conduct hearings on 40B matters. Sometime on or after August 10, 2004, Town Counsel opined that the Board of Selectmen could not assume the functions of the Zoning Board of Appeals. *See Verified Complaint at ¶¶ 25-26 and Videotape of August 24, 2004 Selectmens' Meeting included as a Part of Record (argument of plaintiff's counsel).*

20. On August 10, 2004, stating that the members of the Appeals Board were not "competent" to sit on the important issues before it, the defendant, Beaton, demanded the resignations of each and every member of the Appeals Board. The defendant, Beaton, also stated that in the event that they did not resign "the next step" would be to hold a hearing to remove them. *See Verified Complaint at ¶ 27 and Meeting Minutes of the August 10, 2004 Selectmens' Meeting attached as Exhibit G.*

21. On August 17, 2004, after the plaintiff, Butler, and three other members of the Appeals Board refused to resign (Palumbo, Donnelly & Mazzilli), the defendant, Beaton, raised the issue of charges being brought against the plaintiff and other Board members. In fact, the defendant, Beaton, and the other Selectmen (inclusive of Richard Kenney) discussed and deliberated on a prepared list of potential charges to bring against the remaining members of the Appeals Board and then conducted votes to bring charges against said Board members. *See List of Charges attached as Exhibit H and Meeting Minutes of the August 17, 2004 Selectmens' Meeting attached as Exhibit I.* The

9

Board's second vote was to deny the Board members counsel in connection with their defense against said charges.  ***See Exhibit I.***

22.  At the meeting on August 17, 2004, during the deliberation of charges, the Selectmen unanimously voted not to charge Ed Donnelly with violating the written attendance policy even though he, like Butler, had missed three meetings within the last six months since they believed that he had been sick.  ***See Exhibit I.***

23.  On August 18, 2004, the plaintiff, Janet Butler, was provided through counsel with written notice of the two charges against her and advised that she would have the "right to counsel", the "right to present evidence" and "cross-examine witnesses."  ***See Letter dated August 17, 2004 from Kevin Donovan, Town Administrator to Janet Butler attached as Exhibit J.***  As set forth in the letter, Butler, was advised that she had participated in an illegal vote on July 7, 2004 causing the applicant to have to reapply and had missed three meetings within the "last" six months.  ***See Exhibit J.***

24.  Immediately thereafter, the plaintiff, Butler, in writing and through counsel, raised the issue of the ostensible lack of impartiality of the defendant, Beaton, given the course of conduct directed by him, his involvement in the investigation of the charges, and public statements critical of Butler.  The defendant, Butler, accused the defendant, Beaton lying about her attendance record and of attempting to blackmail another member of the Board in an effort to coerce his resignation.  The plaintiff, Butler, also requested information concerning eleven (11) topics which had a bearing on the fairness of the

contemplated hearings and other absenteeism of town officials.  *Verified Complaint at ¶ 32-33 and Letter dated August 18, 2004 from Robert W. Galvin, Esq., to Kevin Donovan, Town Adminstrator attached as Exhibit K*.

25. On Monday, August 23, 2004, the day prior to the hearing, plaintiff's counsel received a copy of a previously faxed letter dated August 20, 2004 from Town Counsel, Mark Reich, Esq., purporting to respond to the August 18, 2004 letter from the plaintiff. The Board of Selectmen agreed to produce certain records as a public records request for the photocopying costs and objected to other requests (concerning the absences and attendance records of other Boards) unless the plaintiff paid a $2,320.00 research and copying fee in advance.  *See Letter dated August 20, 2004 from Mark Reich, Esq., to Robert W. Galvin, Esq. attached as Exhibit L*.

26. As of August 23, 2004, the plaintiff, Janet Butler, was further informed through counsel by Kingston official, Nancy Howlett, that even if she wanted records concerning absences and attendances of other Boards, there was no way that this information could be prepared prior to the hearing.  Town Counsel Mark Reich also further indicated that the defendant, Beaton, would not recuse himself notwithstanding Butler's accusation of bias and wrongdoing, that Butler would not be permitted by the Board of Selectmen to cross-examine any witnesses or ask questions of the Selectmen, and that the evidence would be documentary.  Attorney Reich further indicated that the procedure for the hearing would decided at the hearing.  *Verified Complaint at ¶ 36*.

11

27.  Once again, the plaintiff questioned in writing the fundamental fairness of such a hearing.  *See Letter dated August 23, 2004 from Robert W. Galvin, Esq. to Mark Reich, Esq. attached as Exhibit M.*

28.  On August 24, 2003, at the commencement of the proceedings, the defendant, Beaton, acting as chairman of the Selectmen, read/made a statement concerning the procedure for the hearing.  Beaton indicated that Town Counsel, Mark Reich, Esq. would explain the charges, that Appeals Board member or his or her counsel would have a chance to speak in response to the charges, the public then would be then given the opportunity to speak, and then the Board would deliberate.  Beaton further indicated there would be no right to cross-examine witnesses or any member of the Selectmen.  Beaton also initially refused to permit a rebuttal by the Appeals Board members in the event of public comment and ultimately acceded after requests from other Selectmen.  Beaton reiterated that the right to cross-examine witnesses was prohibited.  *Verified Complaint at ¶¶ 38-39 and Videotape of August 24, 2004 Selectmens' Meeting included as a Part of Record (argument of plaintiff's counsel).*

29.  Prior to the commencement of the plaintiff, Butler's meeting, selectman, Richard Kenney, who had previously voted (1) to bring the charges and (2) to deny counsel, recused himself citing a conflict of interest since he worked for the current Sheriff and the plaintiff, Butler, worked publicly on the campaign of the Sheriff's primary opponent.  *Videotape of August 24, 2004 Selectmens' Meeting included as a Part of Record (argument of plaintiff's counsel).*  Kenney stepped aside without any request from the

12

plaintiff to do so after publicly stating, through counsel, that she believed that Kenney could be impartial. *Videotape of August 24, 2004 Selectmens' Meeting included as a Part of Record (argument of plaintiff's counsel).*

30. Beaton, then allowed Town Counsel, Mark Reich, Esq., perform the dual function of acting as counsel for Selectmen on matters of procedure and to explain standard of review and to also act as the prosecutor allowing him to vouch for the veracity of the charges and to make the statement that the charges warranted removal. *Videotape of August 24, 2004 Selectmens' Meeting included as a Part of Record (argument of plaintiff's counsel).*

31. During the public portion of the meeting, the defendant, Beaton, again acting as chairman of the Selectmen, refused to allow the plaintiff, Butler, through counsel to explain the basis for her request that he recuse himself or speak about the fairness of the hearing process. Beaton at one point even stated that if Butler or counsel did not like it she could take the matter up in Court. *Videotape of August 24, 2004 Selectmens' Meeting included as a Part of Record (argument of plaintiff's counsel).*

32. Beaton refused also to allow the plaintiff or counsel to explain in meaningful detail the about absences from other municipal boards (elected and appointed) and otherwise limited the plaintiff's response to issues he, as chairman, felt were relevant. At times, Beaton, even refused to allow a fellow Selectmen, Ollie DeMacedo, who wished to hear about such matters hear this information. *Videotape of August 24,*

13

*2004 Selectmens' Meeting included as a Part of Record (argument of plaintiff's counsel).*

33. Beaton even crossed the line from judge and jury and testified in response to a claim that the Selectmen were treating Butler different from Sean O'Donnell from the Conservation Commission (who had missed 6 meetings and was late for another three in six months and had been left on the Commission by the Selectmen in June 2004) that the charges against Butler were different because she had in fact allegedly been given a prior warning.  When asked to explain, Beaton, refused to explain.  *Videotape of August 24, 2004 Selectmens' Meeting included as a Part of Record (argument of plaintiff's counsel).*  Beaton later gave testimony about statements which he claimed the plaintiff, Butler, made on July 7, 2004 which were not on the videotape.

34. When Butler, through counsel, explained that there had been only been two absences within the "last" six months contrary to the express written charges (one on July 28, 2004 (for work related obligation) and one on April 7, 2004 (for a conflict with child care arrangement) both for sufficient cause ), the defendant, Beaton, determined that it would be permissible to for the Selectmen to consider absences in the prior term (since there was only one in this term) and outside six months from the date of charges. *Videotape of August 24, 2004 Selectmens' Meeting included as a Part of Record (argument of plaintiff's counsel).*