

# EXHIBITS IN SUPPORT OF PLAINTIFF, JANET BUTLER'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

EXHIBIT A

TOWN OF KINGSTON
BOARD OF SELECTMEN

MINUTES
June 1, 2004

Chairman Mark S. Beaton opened the meeting of the Board of Selectmen held on June 1, 2004 at 7:30 p.m. in Room 200 at the Town House, 26 Evergreen Street, Kingston.  Present were Vice Chairman Paul M. Gallagher, Olavo B. DeMacedo, Joseph D. Kelleher,  Richard E. Kenney and Town Administrator Kevin R. Donovan.

The Chairman announced the dates to note.

Mr. DeMacedo acknowledged the many volunteers that assisted with the Memorial Day Parade and expressed the appreciation of the Board. He also listed those that had provided monetary contributions.

The Chairman announced the Open Forum.  Stacey Antonio came forward regarding a zoning issue involving a private road being used by L. Knife and stated that she is not asking that L. Knife move the facility but that no new permits be issued do to improper use of the private road.  Mr. Beaton stated that Town Counsel was reviewing the matter and would provide an opinion. Ms. Antonio stated that she was concerned about the manner in which the question would be asked of Town Counsel and Mr. Beaton asked Ms. Antonio to write down the questions and give them to Mr. Donovan and he would forward the questions to Town Counsel.

George McSherry came forward as the Chairman of the Community Center Building Committee and requested that the Board not support the Special Town Meeting Article to change the composition of the Committee.  Mr. McSherry stated that the membership of the Committee was working diligently on the Senior Center project and that the Committee that was already in place was working to meet the grant deadline.  He further stated that the membership was made up of members of the Finance Committee, Board of Selectmen, Seniors and members in the construction trade.

Dee Dee Ferreira, member of the Community Center Building Committee came forward and expressed that the Architect had been chosen and that the current Committee was ready to begin working with him. She further stated that they had made visits to many Senior Centers in other communities and the composition of the current Committee was very diversified.  The Board reserved its comments for the discussion under new business for the Special Town Meeting.

The Board reviewed the Town Administrator's report.  Mr. Beaton noted the surplus auction scheduled for June 4, 2004 and read a list of items included in the auction.

Judy Randall from the Habitat for the Humanities introduced Nancy Morse who requested that the Board donate Town owned land located on Grove Street to the Habitat.   She introduced

Eleanor Hand who discussed the process for site selection and evaluation Mr. Beaton advised that at the Annual Town Meeting, the Board of Selectmen had been given the authority to convey the property. Mr. Kenney advised that he was under the understanding that everything possible would be done to have the Habitat home scheduled to be built on another Town property designated to a Kingston resident Ms. Hand advised that in order for the property to count towards the 40B total for the Town, they could not limit the pool of applicants to Kingston residents

Mr DeMacedo stated that Town Meeting saw fit to give the Board the authority to dispose of the property and made a motion to donate the property to the Habitat for the Humanities, subject to receiving a special permit from the Zoning Board of Appeals The Board unanimously supported the motion.

Mr Beaton acknowledged that the Town Administrator had sent a memo to all Town Departments advising that he be contacted when an emergency situation is reported to a Town Department by a resident.

The Board reviewed the recommendation provided by Chief Fogg to promote from within the department to fill a vacancy of Sergeant and Lieutenant. Chief Fogg was present and discussed his recommendation. Upon motion made and seconded, following a discussion and a 5 to 0 to 0 vote, it was--

VOTED:    To appoint Maurice Splaine as Police Lieutenant to commence on June 27, 2004, and further;

VOTED:    To appoint Timothy Ballinger as Police Sergeant to commence on June 27, 2004.

Mr Beaton advised that Chief Fogg wanted the Board to consider lateral transfers to fill the two Patrolman vacancies. Chief Fogg stated that by hiring by lateral transfer, the Town would save the time and cost of training. He further stated that on the current re-employment list, no one had responded.

Upon motion made and seconded, following a discussion and a 5 to 0 to 0 vote, it was--

VOTED:    To give the Chief all the tools available to find the best candidates to fill the two vacancies by giving him the authority to consider lateral transfer candidates and request a resident list.

Upon motion made and seconded, following a discussion and a 5 to 0 to 0 vote, it was--

VOTED:    To accept the resignation of Robert Pinato from the Conservation Commission.

The Board announced the vacancy to be filled at the Board's next meeting.

Upon motion made and seconded, following a discussion and a 5 to 0 to 0 vote, it was--

VOTED:    To accept the Eagle Scout project gift of Michael Ignagni to restore the old projection booth in the Reed Community.

The Board reviewed three donations made to the Fire Department. Mr. Gallagher made a motion to accept the donations. Mr. DeMacedo requested to know the monetary value of each of the donations. Mr. Gallagher withdrew his motion and Mr. Donovan will ask Chief McKee to provide the value of the donations for the Board's next meeting.

The Board reviewed the site plan for Copperwood Estates. Upon motion made and seconded, following a discussion and a 5 to 0 to 0 vote, it was--

VOTED:    To advise the Planning Board that the Board of Selectmen wanted to preserve as much open space as possible in the development of the project

Upon motion made and seconded, following a discussion and a 5 to 0 to 0 vote, it was--

VOTED:    To grant permission to the Multiple Sclerosis Society to hold a bike race on June 26 & 27, 2004 on Town roads.

The Board reviewed the reappoint list for Town Boards and Committees. Mr. Beaton read the list requesting any Selectmen who wanted to discuss a position to indicate it to him. Mr. Beaton indicated that he wanted to discuss the Zoning Board of Appeals appointees. Mr. Beaton advised that he had researched the attendance of Janet Butler and found that she had been present for 60% of the meeting and that Joseph Palombo had abstained, due to a conflict of interest on several matters. Mr. Beaton suggested that the Board advertise the two positions and hold the appointments for the next meeting to see if other residents would come forward that would be better representatives on the Board. Mr. Beaton indicated that he was concerned that with several 40B projects that the ZBA would be addressing, it was imported to have a full Board available to participate in the hearings and decisions.

Mr Gallagher stated that he supported speaking with the two individuals and made a motion to table the two appointments. Mr. DeMacedo stated that the position vacancies were announced and the public had the opportunity to come forward already and that no one had. Mr. DeMacedo stated that he preferred to have the Board vote not to appoint than to have the incumbents wait to see if someone else comes along. He further stated that if it is an attendance issue, the Board has a policy to address the attendance matter. The motion to table the appointment to the next meeting failed on a vote of 2 to 2 to 1. Mr. Beaton and Mr. Gallagher supported the motion, Mr. DeMacedo and Mr. Kelleher did not support the motion and Mr. Kenney abstained from voting.

Upon motion made and seconded, following a discussion and a 5 to 0 to 0 vote, it was--

VOTED:    To appoint the list as presented.

| Name | Committee |
|---|---|
| Joan Paquette | Town Accountant |
| George D. Cravenho | Central Plymouth Water Dist. |
| Kenneth P. Vandal | Chief Operator/Superintendent - Wastewater Treatment Plant |
| Robert M. Pinato | Comm. On Disability |
| William J Kavol | Comm. On Disability |
| Gary P Langenbach | Conservation Comm. |
| G. Philip Hammond | Conservation Comm. |
| Cynthia K. Walker | Council on Aging |
| Linda M Felix | Council on Aging |
| Hazel E Foley | Council on Aging |
| Margaret Ann Riordan | Council on Aging |
| Muriel A Boyce, Director | Council on Aging |
| Marijoan Stevens | Cultural Council |
| David W Gavigan | Educational Fund Trustees |
| Walter W Hoeg | Fence Viewer |
| Peter C Cobb | Fish Committee |
| Pine DuBois | Fish Committee |
| Frank J Catani | Harbormaster/Shellfish Constable |
| Walter W Hoeg | Historical Commission |
| William J Twohig | Industrial Dev. Finance Authority |
| Robert H Gleason | Insurance Advisory Committee |
| Robert J. Ward | Insurance Advisory Committee |
| Matthew J Darsch | Local Water Resources Mgmt Agency |
| Hazel E Foley, Rep. | Old Colony Elderly Services |
| Muriel A. Boyce, Alt. | Old Colony Elderly Services |
| Paul F Basler | Old Colony Planning Council |
| Paul F Basler | OCPC-Joint Transportation Comm |
| Ronald A Gleason | Permanent Building Committee |
| David E Colter | Permanent Building Committee |
| Richard S Eldridge | Plumbing & Gas Inspector |
| Norman E Bouchard | Plumbing & Gas Inspector |
| Thomas S Bouchard Sr | Plumbing & Gas Inspector |
| John C Burrey | Recycling Committee |
| Gail M Fallon | Recycling Committee |
| Michael Rohr | Recycling Committee |
| Karen A Donnelly | Rent Control Board |
| Harold E Tuttle | Sealer of Weights & Measures |
| Rochelle R Smith, Rep. | So. Shore Community Action Council |
| Gail M Fallon | So. Shore Recycling Cooperative |
| Paul F Basler | So. Shore Recycling Cooperative |
| G Philip Hammond | Survey Board |
| John C Veracka Jr | Survey Board |
| Keon C Duggan | Sworn Weighers-O'Donnell |
| Olavo B DeMacedo | Sworn Weighers-Southeastern |
| William J Kavol | Waterfront Committee |
| Edgar W Loring III | Waterfront Committee |
| Richard A Veno | Waterfront Committee |
| Lionel B Warner | Wiring Inspector |
| Stephen R Peterson, Alt. | Wiring Inspector |
| Steven E Ellis, Alternate | Wiring Inspector |
| Michael T Romano, Alt. | Wiring Inspector |
| Joseph M Palombo | Zoning Board of Appeals |
| Janet M Butler | ZBA, Associate |
| John C Veracka Jr. | Capital Planning – BS |

| | |
|---|---|
| Matthew P Mello | ZBA-Associate Member |
| Peter C. Johnson | Asst Harbormaster/Deputy Shellfish Constable |
| Dennis Carvalho | Asst Harbormaster/Deputy Shellfish Constable – Paid position |

The Board reviewed the Special Town Meeting Warrant and assignment of motions.

Upon motion made and seconded, following a discussion and a 5 to 0 to 0 vote, it was--

VOTED:    To support Article 1, change to Free Cash amount motion to be made by Mr. Gallagher, and further;

VOTED:    To support Article 2, expansion of the sewer.

The Board agreed to hear the discussion at the Special Town Meeting on Article 3 before voting a position on the article.

Mr. DeMacedo stated that although the Community Center Building Committee had been charged with building the ball fields, that building a Senior Center was always on the Committee's agenda.  He further stated that many members had resigned and had been replaced with Senior Citizens and that the Committee also had members with experience in construction plans, layout, and cost of materials.  He suggested only changing the charge of the Committee and leaving the membership in place but offered to step down as the Selectmen's representative if another Selectman wanted to take his place.

Mr. Kenney stated that he thought Mr. DeMacedo and Mr. Opachinski would be resigning and many of the representatives from the sports organizations had resigned and the positions were filled by seniors.  He stated that he was in favor of changing the Committee.

Mr. Beaton stated that he initiated the Article and that it would be possible to decrease the make-up of the Committee but not increase the make-up.

Mr. Gallagher stated that he hoped everyone that wanted to speak on the Article at Town Meeting be given the opportunity and that the Committee needs to change, particularly in the way the appointments are made.

Mr. Donovan suggested that any changes to the Article other than reducing the make up of the Committee would have to be handled in the Fall Town.

Mr. DeMacedo suggested not moving the Article and waiting until Fall to change the name and charge of the Committee but leave the membership in place.  Mr. DeMacedo stated that in the meantime, the Committee could continue to work with the Architect on the plans and site selection.

Mr. Kenney stated that the Town Administrator was on top of things and that the work was being accomplished.

Mr. DeMacedo made a motion for unfavorable action on Article 4.  The motion was not seconded.

Mr. Beaton made a motion for favorable action on Article 4.  The motion was not seconded.

The Board reviewed Article 5 and reserved discussion until the presentation at the meeting. Upon motion made and seconded, following a discussion and a 5 to 0 to 0 vote, it was--

> VOTED:    To enter into executive session[1] to discuss Pending Litigation, Financial Assistance and to Consider the purchase, exchange, lease or sale of real property and not to reconvene.


Respectfully submitted:


Nancy M. Howlett, Assistant to the Town Administrator/Board of Selectmen

---

[1] The public session adjourned at 9:10 p.m. and the executive session adjourned at 9:45 p.m.

# EXHIBIT B

B



**TOWN OF KINGSTON**

*Office of the Board of Selectmen*
*Town House*
*26 Evergreen Street*
*Kingston, Massachusetts 02364*

Tel: 781-585-0500
Fax: 781-585-0534

*Board of Selectmen*
*Mark S. Beaton, Chairman*
*Paul M. Gallagher, Vice Chairman*
*Olavo B. DeMacedo*
*Joseph D. Kelleher*
*Richard E. Kenney*

*Town Administrator*
*Kevin R. Donovan*

## POLICY ON ATTENDANCE
## FOR COMMITTEES, BOARDS AND COMMISSIONS
## APPOINTED BY THE BOARD OF SELECTMEN

Any appointed official who serves on a multiple member board or commission shall attend all sessions of the board or commission for the respective term of office to which the person has been appointed. Officials who miss three meetings in a six month period shall be reported to the Office of the Board of Selectmen, by the respective chairman of the committee, and, after inquiry with the official, the Board of Selectmen may either request the resignation of the official, or, remove the official from office for failure to discharge the duties of office to which the official has been appointed.

Nothing in this policy shall be construed as to remove an official from office, if in the opinion of the Board of Selectmen, that the reasons for absence have sufficient merit and the official is expected to return to his/her duties.

Adopted by the Board of Selectmen
November 6, 2001

# EXHIBIT C

*C*

TOWN OF KINGSTON
BOARD OF SELECTMEN

MINUTES
June 15, 2004

Chairman Mark S. Beaton opened the meeting of the Board of Selectmen held on June 15, 2004 at 7:30 p.m. in Room 200 at the Town House, 26 Evergreen Street, Kingston.  Present were Vice Chairman Paul M. Gallagher, Olavo B. DeMacedo, Joseph D. Kelleher, and Town Administrator Kevin R. Donovan.  Selectman Kenney was absent

The Chairman announced the dates to note and opened the Open Forum.

The Town Clerk conducted a swearing in ceremony of Timothy Ballinger as Police Sergeant and Maurice Splaine as Police Lieutenant.

Daune Frey, Chairman of the Heritage Center Development Committee thanked the Board for supporting the restoration work being done at the Adams Library and advised the Board of additional grant funds that have been awarded from MA Historic Commission.

Janet Butler of 47 Grove Street read a statement to the Board regarding her attendance at Zoning Board of Appeals meetings.  She stated that she felt the meeting attendance that was reported was inaccurate and that she questioned why only three Boards were singled out for scrutiny regarding attendance by its members.      Mr. Beaton advised that he had requested the information and did so to due to the importance of having a full Board to hear the 40B applications.

Ronald Maribett, 269 Elm Street advised the Board that a new Kiwanis Club for Kingston and Duxbury had its first meeting this evening.  He also reported that Jones River Marina Ecology Center was having an event on Saturday.

Norman Tucker, President of Jones River Village Historical Society advised that Board that the Garden Tour would take place on Saturday and Sunday.

Town Counsel Jason Talerman was present to give the Board an overview of the process for review of Chapter 40B applications.  He detailed the role of the ZBA and the tremendous workload through a complicated review process.  He stated that the ZBA wears the hat of all local permitting Boards; Planning Board for site plan review, Conservation Commission, and Board of Selectmen.  He encouraged that Boards continue to put comments into the ZBA during the hearing and review process.  Attorney Talerman discussed the formula for achieving the Town's annual affordable housing quota.

When asked about review of financial report of the 40B applicant, Attorney Talerman suggested it would be appropriate and beneficial to hire someone to review the report and it would be within the bounds of the review process and the expense could be paid by the developer/applicant.

The Chairman opened the Public Hearing on the application of Kings Towne Realty Trust for a renewal of its Earth Removal Permit by reading the hearing notice and process for conducting the hearing. Applicant Anna DeMar provided pictures of the site of the poles to removed and earth to be excavated and removed from the site. She advised that she was working diligently with N/Star and was awaiting an Engineer to visit the site. She further stated that she would pay all costs associated with moving the poles, something Mr. Hamilton had refused to do in the past. Ms. DeMar also expressed her concern that the hills surrounding the poles were being used by dirt bikers and she felt someone would get hurt. She requested that the Board consider waiving the Earth Removal Fee as had been done on her last permit because it was through no fault of Kings Towne that the poles had not been moved.

Mr. Beaton stated that the earth removal operation had spanned eighteen years and had not resulted in the planned industrial park and he did not see the merits of granting an Earth Removal Permit for a mining operation. He further stated that recommended that the vote be taken under advisement so that the Board could see what the plan is for the property.

Ms. DeMar stated that the earth had to removed from the site when the poles were removed and that it could not be spread out .

Mr. DeMacedo stated that it was no small feat to remove the poles since utilities usually have easements for the use. Mr. Gallagher stated that the poles needed to be removed for any future development and that both property owners need to be in agreement.

Mr. Donovan suggested that it was prudent for the Board to hear comments from the public and that the Board could continue the hearing to a date certain based on additional information.

Mr. Beaton asked if any one wanted to speak in favor. Harold Misler, Attorney for Kings Towne, Linda Binea and Richard Dennehy spoke in favor of granting the permit. No one from the public spoke against granting the permit.

Mr. Kelleher stated he wanted to visit the site and that he was concerned about the safety issues. Mr. DeMacedo and Mr. Gallagher agreed that the decision could wait two weeks. Upon motion made and seconded, following a discussion and a 4 to 0 vote it was—

> VOTED:    To continue the hearing until June 29, 2004.

Upon motion made and seconded, following a discussion and a 4 to 0 vote it was—

> VOTED:    To accept the minutes of the open and executive sessions on May 18, 2004, and further;

> VOTED:    To accept the minutes of the open and executive sessions on June 1, 2004 and further;

> VOTED:    To accept the minutes of the open session on June 8, 2004.

Upon motion made and seconded, following a discussion and a 4 to 0 vote it was —

VOTED:    To appoint Janet H. Holmes to the Recycling Committee, Maureen Thomas as Conservation Enforcement Officer, David C. McKee as KEMA Director, and Robert T. Heath as KEMA Deputy Director, and further;

VOTED:    Matthew P. Mellow as Associate Member of the Zoning Board of Appeals.

The Board discussed the vacancy on the Conservation and the qualifications of the two candidates seeking to fill the vacancy. Mr. Kelleher recused himself from the discussion, due to a family member having a matter before the Conservation Commission, and left the room.

Upon motion made and seconded, following a discussion and a 3 to 0 vote it was —

VOTED:    To appoint Douglas Dondero to the Conservation Commission.

The Board discussed which member would represent the Board on the Police Chief Search Committee. Mr. Kelleher expressed interest in serving. Upon motion made and seconded, following a discussion and a 3 to 0 to 1 vote it was —

VOTED:    For Joseph Kelleher to serve on the Police Chief Search Committee.

Mr. Kelleher abstained from voting.

Upon motion made and seconded, following a discussion and a 4 to 0 vote it was —

VOTED:    For Paul Gallagher to be the Selectmen 's representative on the Senior Center Building Committee.

Upon motion made and seconded, following a discussion and a 4 to 0 vote it was —

VOTED:    To accept the resignation of Robert Kostka from the MPIC, and further;

VOTED:    To accept donations for animal care in the amount of $477.00, and further;

VOTED:    To accept donations for the Fire Department from; Flowerland - $150.00, Doughboy - $500.00, and Nursery Stock from the Garden Club - $250.00, and further;

VOTED:    To accept a donation of 30 floats valued at $64.95 from Mark Guidoboni.

Upon motion made and seconded, following a discussion and a 4 to 0 roll-call vote it was —

VOTED:    To enter into executive session for the discussion of Collective Bargaining and Financial Assistance.

Respectfully Submitted,

Nancy M. Howlett, Assistant to the
Town Administrator/Board of Selectmen

# EXHIBIT D

D

TOWN OF KINGSTON
BOARD OF SELECTMEN

MINUTES
June 29, 2004

Chairman Mark S. Beaton opened the meeting of the Board of Selectmen held on June 29, 2004 at 7:30 p.m. in Room 200 at the Town House, 26 Evergreen Street, Kingston. Present were Vice Chairman Paul M. Gallagher, Olavo B. DeMacedo, Joseph D. Kelleher, Richard E. Kenney and Town Administrator Kevin R. Donovan.

The Chairman announced the dates to note and the Open Forum. No one present came forward to speak at Open Forum.

The Chairman opened the continued hearing on the application of Kings Towne Realty Trust for the renewal of an Earth Removal Permit. Attorney Harold Misler was present representing the applicant, Anna DeMar.

Attorney Misler responded to questions from the Board and stated that Mr. Conners from N/Star was working on the request. Mr. Kelleher expressed his concern that reclamation had not taken place on the area excavated since the inception of the permit.    Attorney Misler advised that the land was only leveled with the road except in the areas surrounding the poles and that engineers would design drainage and runoff when the land is developed.

Upon motion made and seconded, following a discussion and a 5 to 0 to 0 vote, it was —

> VOTED:    To close the hearing.

Mr. Beaton stated that he wanted to frame the discussion to include the numerous extensions that were made to the permit without conforming to the By-Law regarding restoration and reclamation of the land that was excavated. He stated that the Building Inspector had advised that restoration should be done simultaneously with excavation. Mr. Beaton said that the area around the property had greatly expended over the years and if Ms. DeMar wanted to develop the property, it was time to address the access and it would be appropriate for the applicant to go to the Planning Board for an Industrial Park. He cautioned the Board not to approve the permit without reclamation being done.

Mr. DeMacedo made a motion to grant the extension of the permit for Kings Towne Realty Trust which was seconded by Mr. Kenney. Mr. DeMacedo stated that Ms. DeMar was willing to pay for the poles to be removed and that the earth would have to be removed to be developed. He further stated that the Board should assist the developer of the land since it would be a benefit to the Town.

Mr. Kelleher suggested approving the permit conditioned on Ms. DeMar submitting a reclamation plan for the property and a letter from N/Star acknowledging that the poles would be removed.   Mr. DeMacedo accepted the conditions as a friendly amendment.

Mr. Gallagher suggested requiring the submittal of the plan within thirty days and restoration to start within several months to include lime, fertilization and seeding. Mr. DeMacedo stated that it did not make sense to restore the land only to have to dig it up for construction. He suggested giving the year of the permit to take down the poles and reclaim the areas not effected by the construction.

Upon motion made and seconded, following a discussion and a 5 to 0 to 0 vote, it was—

VOTED:    To grant the Earth Removal Permit extension for one year conditioned upon receiving a letter from N/Star regarding confirming that poles will be relocated and submittal of a reclamation plan in accordance with the Town's Earth Removal ByLaw.

The Board discussed the request to waive the Earth Removal Permit fee. Mr. Gallagher stated that it was his feeling the project should be grandfathered and the fee waive because it began prior to the time the fees schedule was voted by the Board.

Upon motion made and seconded, following a discussion and a 4 to 1 vote, it was—

VOTED:    To waive the Earth Removal fee.

Mr. Beaton did not support the motion.

Upon motion made and seconded, following a discussion and a 5 to 0 to 0 vote, it was—

VOTED:    To accept the public and executive session meeting minutes of June 15, 2004.

The Chairman expressed his interest in forming a sub-committee to establish an Affordable Housing Partnership and volunteered to be on the sub-committee. Mr. Gallagher also volunteered to be on the sub-committee.

The Chairman read the Board's Attendance Policy and a letter from Gary Langenbach, Chairman on the Conservation Commission advising the Board of a Commission member Shawn O'Donnell's absences from meetings.

Mr. O'Donnell was present and requested to speak. Mr. O'Donnell advised the Board that he had missed many meetings due to scheduling problems and his attendance at school in the evenings. He expressed that he had worked out his schedule and would be available to attend future meetings.

Mr. Kenney stated that there are many Committees which have members that do not attend all meetings and that they should not make an example out of Mr. O'Donnell but should give him a chance to prove himself.

The other members of the Board were all supportive of keeping Mr. O'Donnell on the Conservation Commission.

Upon motion made and seconded, following a discussion and a 5 to 0 to 0 vote, it was—

VOTED:    To allow Mr. O'Donnell to continue to serve on the Conservation Commission and keep track of the attendance and revisit if necessary.

Upon motion made and seconded, following a discussion and a 5 to 0 to 0 vote, it was—

VOTED:    To accept the resignation of Dennis Carvalho as an unpaid Assistant Harbormaster/Shellfish Constable and George Cravenho as the Selectmen's Rep to the MPIC, and further;

VOTED:    To accept the resignation of Stanley Kuzborski from the Zoning Board of Appeals.

The Chairman announced the vacancy that would be filled later in July.

Mr. DeMacedo stated that the Board should designate a member to replace Mr. Cravenho. Mr. Beaton stated that he was not prepared to make an appointment because he wanted to wait for the next meeting while he reviewed what is required.

Upon motion made and seconded, following a discussion and a 4 to 1 vote, it was—

VOTED:    To appoint Philip Burnham to the Senior Center Building Committee, and further;

Mr. Kenney did not support the motion.

Mr. Beaton suggested passing along to the Building Committee that they consider a sub-committee to act in an advisory role. Mr. Gallagher stated that as a member of the Committee he would pass it along.

Upon motion made and seconded, following a discussion and a 5 to 0 to 0 vote, it was—

VOTED:    To hire Griffin Benelli as a seasonal worker for the Highway Dept., and further;

VOTED:    To accept donations as follows:  Austin Sennett, National Fire Codes-$995.00, J D. Mathias work for Recreation Dept.-$340.00, and Flora McDowell to COA-$25.00.

Upon motion made and seconded, following a discussion and a 5 to 0 to 0 vote, it was—

VOTED:    To approve closing Rocky Nook Ave. between East Avenue and West Avenue on July 4, 2004 from 8:00 p.m. and 10::00 p.m.

The Board reviewed the recommendation of the Police Chief to post Grays Beach Road as no parking on both sides of the road. Mr. Beaton suggested having the residents on the road weigh

in on allowing parking on one side since some residents may use the street for parking.  Upon motion made and seconded, following a discussion and a 5 to 0 to 0 vote, it was—

VOTED:    To post no parking on the beach side of Rocky Nook Ave. and put the matter on old business for the next meeting and notify the residents that it would be on the agenda.

Upon motion made and seconded, following a discussion and a 5 to 0 to 0 vote, it was—

VOTED:    To grant the Change of License for Sullivan Bros. Toyota to Sullivan Bros. Toyota/Scion.

The Board reviewed the Town Administrator's Report. Mr. Gallagher noted that a traffic count had been done in the area of Spring Street, Elder Street and Bradford Avenue and they were awaiting the results.

Upon motion made and seconded, following a discussion and a 5 to 0 to 0 roll-call vote, it was—

VOTED:    To enter into executive session[1] to discuss Pending Litigation and Collective Bargaining and not return to public session.

Respectfully Submitted:

Nancy N. Howlett, Assistant to the
Town Administrator/Board of Selectmen

---

[1] The public session adjourned at 8:45 p.m. and the executive session adjourned at 9:25 p.m.

# EXHIBIT E

KOPELMAN AND PAIGE P.C.

ATTORNEYS AT LAW

SUITE 1000

77 FRANKLIN STREET

BOSTON MASSACHUSETTS 02 10

E

October 26, 1985

M E M O R A N D U M   T O   M U N I C I P A L   C L I E N T S

TO:   BOARD OF SELECTMEN/MAYOR
      TOWN MANAGER/TOWN ADMINISTRATOR/EXECUTIVE SECRETARY
      ZONING BOARD OF APPEALS/PLANNING BOARD

RE:   AVOIDING CONSTRUCTIVE APPROVAL WHEN THERE ARE PROCEDURAL
      PROBLEMS

       Imagine the following scenario:  You are the Chairman of the
Planning Board.  The Board has scheduled a public hearing on a
definitive subdivision plan for the eightieth day after the plan
was filed.  Just before you are to gavel the meeting to order,
you notice that the public hearing was not properly advertised.
Since there is not enough time to re-notice another hearing date
before the 90 day time limit expires, you ask the applicant's
attorney for a written agreement to extend the time.  He refuses,
stating that the Board cannot act due to the defect in the
notice, and therefore his client will receive a constructive
"approval" (i.e. the plan will be deemed approved due to failure to
act).  What do you do?

       Answer:  Proceed with the public hearing anyway, render a
decision, and file it with the City or Town Clerk within the 90 OR 100
days.  When problems of this nature arise for a Board that must
act within a certain time frame or the application will be
constructively approved, the Board should comply with the
procedural requirements as best it can, then make sure it files a
decision with the Clerk before the deadline to avoid constructive
approval.  See Mullin v. Planning Board of Brewster, 17 Mass.
App. Ct. 139 (1983).

       Often, a procedural defect will not invalidate the decision.
First, a procedural defect can usually be asserted only by a
party who has been harmed by it.  In the above example, chances
are the applicant cannot attack the Board's decision on the

LMAN AND PAIGE F C

grounds that notice was defective, since he was at the meeting
and therefore obviously had notice. Usually, only a person who
missed the hearing because he did not receive adequate notice may
use this as a grounds for appealing the decision. Gamache v.
Acushnet, 14 Mass. App. Ct. 215 (1982). Secondly, if the
procedural defect was so slight that it clearly was not
misleading, as is sometimes the case with typographical errors,
the court may uphold the Board's decision anyway. Finally, even
if the decision is appealed by a person who was actually harmed
by the defect in the notice, and the defect was not
insignificant, a court will usually simply remand the case back
to the Board to rehear it, rather than overrule the Board. See
Mullin v. Planning Board of Brewster, 17 Mass. App. Ct. 139
(1983). So if there is no time to remedy a defect in a hearing,
the best bet is to vote on the application and file notice with
the Clerk if the Board wants to avoid constructive approval. Of
course, if there is time to re-notify and post a new hearing
date, that course is preferable since it will avoid the expense
of possible appeals on the procedural grounds.

*ZONING BOARD*

Another situation that often arises is when a Zoning Board
of Appeals or Planning Board has a ▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨ (3 OF 5)
but lacks enough members to grant the relief requested. (For

*4 OF 5 VOTES FOR*

example, a five member Board has ▨▨▨▨▨▨▨▨▨▨▨ for a
hearing on a special permit, ▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨
▨▨▨▨▨▨▨▨▨▨▨▨. In my opinion, the Board may continue the
hearing to another date when at least four members will be
present. If there isn't time for a continuance, and the
applicant refuses to grant an extension, the Board should proceed
with the hearing. There is some question as to whether a simple
majority of the Board is a quorum in such a case, or whether four
members are needed for a quorum. However, in my opinion the
Board has no choice but to ▨▨▨▨▨▨▨▨▨▨▨▨, vote, and file with
the clerk's office. However, ▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨
▨▨▨▨▨▨▨ the permit will be denied even if all three vote in
favor. (Once this is explained to the applicant, he will usually
agree to a continuance).

A third situation that often arises is when a public hearing
is held over a series of nights, and not all members are present
at all nights of the hearing. The question then becomes, who
should vote on the application? The law is clear that a member
who was not at any of the public hearings may not vote. Mullin v.
Planning Board of Brewster, 17 Mass. App. Ct. 139 (1983). When a

*ONLY IF EVIDENCE
WAS PRESENTED*

Memorandum to Municipal Clients
October 25, 1989
Page 3

Zoning Board of Appeals or Planning Board is acting on an application, it is acting in a quasi-judicial capacity and all members who are voting should have attended the entire hearing. While it is not clear whether attending a portion of the public hearing is sufficient to enable a member to vote, all members who vote should attend all parts of the public hearing. If this is impossible, and an extension cannot be obtained, then a quorum of the Board should vote on the application, but members who were not at the entire hearing should abstain. This should avoid a constructive approval.

Finally, I am often asked what course should be followed when a Board member who attended a public hearing on a particular matter resigns from the Board before the vote is taken. In my opinion, once a resignation is effective, that person is no longer on the Board and may not vote. If there are insufficient members remaining who are eligible to vote on the matter, it should be re-noticed and re-heard by the Board if there is time. If not, and the applicant will not grant an extension, the remaining eligible members should vote and file a decision with the clerk.

In summary, when a Board is faced with a quorum problem or defect in notice, it should:

1. Continue the hearing or re-notice the hearing if there is time; or

2. Seek a continuance from the applicant if there is insufficient time before the constructive approval deadline; or

3. If neither of the above can be accomplished, proceed with the hearing and vote in as close compliance with the law as possible, and file the decision with the Clerk.

Very truly yours,

Barbara J. Saint Andre

BJS/myj