UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11971-GAO

JANET M. BUTLER, )
)
)
       Plaintiff, )
VS. )
)
)
)
MARK S. BEATON, Individually and in his capacity )
as a Member of the BOARD OF SELECTMEN OF )
THE TOWN OF KINGSTON, )
PAUL M. GALLAGHER, OLAVO B. DEMACEDO, )
JOSEPH D. KELLEHER, RICHARD E. KENNEY )
in their capacities as Members of the )
BOARD OF SELECTMEN OF THE TOWN OF KINGSTON )
and TOWN OF KINGSTON, )
)
)
       Defendants. )

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS

The Defendants hereby move for denial of the plaintiff's Motion for Judgment on the Pleadings.

I. <u>Introduction.</u>

The plaintiff filed this action in the Plymouth (Massachusetts) Superior Court on September 2, 2004, alleging that the defendants had violated her Fifth and Fourteenth Amendment rights by removing her for cause from her volunteer position as an alternate member of the Kingston Zoning Board of Appeals. The case was removed to this Court by the defendants on federal question grounds on September 14, 2004, and the Court scheduled an expedited consideration of the plaintiff's motion for judgment on the pleadings. The plaintiff's Motion should be denied because the decision to remove her for cause from the Kingston Zoning Board of Appeals (hereinafter, "ZBA") was not arbitrary or capricious,

and because the pre-termination hearing she received fulfilled her procedural due process rights.

II. Procedural Posture.

"The standard for evaluating a Rule 12(c) motion for judgment on the pleadings is 'essentially the same as the standard for evaluating a Rule 12(b)(6) motion.'" Petricca v. City of Gardner, 194 F.Supp.2d 1, 4 (D.Mass. 2002)(quoting Furtick, et al. v. Medford Housing Authority, et. al., 963 F.Supp. 64, 67 (D.Mass. 1997). The trial court must accept all of the nonmovant's well-pleaded facts, and all reasonable inferences therefrom as true. Rossiter v. Potter, 357 F.3d 26, 27 (1st Cir. 2004); United States v. U.S. Currency $81,000, 189 F.3d 28, 33 (1st Cir. 1999). Judgment on the pleadings is proper when "it appears beyond a doubt that the [plaintiff] can prove no set of facts in support of [her] claim[s] which would entitle [her] to relief." U.S. Currency, 189 F.3d at 33 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Massachusetts has a statute that sets forth the rules and requirements applying to membership of Zoning Boards of Appeals. That statute is M.G.L. c. 40A, § 12. It specifies the rights of ZBA members with respect to their removal as follows: "Any member may be removed for cause by the appointing authority upon written charges and after a public hearing." Id. In this case, the appointing authority is the Town's Board of Selectmen. Id.

Because the plaintiff was removed for cause--excessive absences in violation of the Board of Selectmen's policy--and because she was duly afforded notice and an opportunity to be heard, she can prove no facts entitling her to relief. Therefore, her Motion should be denied.

III.    The Facts.

At the June 1, 2004 meeting of Kingston's Board of Selectmen, the Board reviewed the reappointment list for membership on Town Boards and Committees. While reading aloud the names of persons up for reappointment, Board of Selectmen Chairman Mark Beaton noted that he wanted to comment on the members of the ZBA who were up for reappointment. Mr. Beaton alerted the Selectmen that, upon researching attendance records of the ZBA, he found that alternate member Janet Butler, the plaintiff, had attended only 60% of its meetings over the previous year. Mr. Beaton also discussed another ZBA member's abstention from voting due to a conflict of interest on several ZBA matters. Mr. Beaton indicated that during the next year several chapter 40B affordable housing projects would be coming before the ZBA. He reasoned that the ZBA might potentially be the most important Board in Kingston, since the 40B projects would be major housing developments greatly affecting the Town. Noting that the 40B application process is complex and its results important, Mr. Beaton emphasized the significance of perfect attendance for members of the ZBA. See *Town of Kingston Board of Selectmen Minutes June 1, 2004*, attached as Exhibit 1. See also *Videotape of Town of Kingston Board of Selectmen Meeting June 1, 2004*, Exhibit 2.

Selectman DeMacedo then noted that the Board of Selectmen has a policy to address attendance. Exhibits 1, 2; see also *Policy on Attendance*, attached as Exhibit 3. The plaintiff was then reappointed to the ZBA on June 1, 2004. Exhibit 1; Exhibit 2.

The "Policy on Attendance For Committees, Boards, and Commissions Appointed by the Board of Selectmen," which was adopted on November 6, 2001 states:

> Any appointed official who serves on a multiple member board or commission shall attend all sessions of the board or commission for the respective term of office to which the person has been appointed. Officials who miss three meetings in a six month period shall be reported to the Office of the Board of Selectmen, by the respective chairman of the committee, and, after inquiry with the official, the Board of Selectmen may either request the resignation of the official, or, remove the official from office for failure to discharge the duties of office to which the official has been appointed.
> Nothing in this policy shall be construed as to remove an official from office, if in the opinion of the Board of Selectmen, that the reasons for absence have sufficient merit and the official is expected to return to his/her duties.

Exhibit 3.

Between January 9, 2003 and August 4, 2004, Janet Butler missed eight meetings of the ZBA. These dates include January 29, 2003, February 19, 2003, April 2, 2003, November 19, 2003, December 3, 2003, February 4, 2004, April 7, 2004, and July 28, 2004. Janet Butler missed more meetings than any other ZBA member during that time frame. See *ZBA Attendance records for January 9, 2004 to August 4, 2004*, attached as Exhibit 4.

At the June 15, 2004 meeting of the Board of Selectmen, Janet Butler read a statement to the Board regarding her attendance at ZBA meetings. Ms. Butler stated that her attendance reported at the June 1, 2004 Board of Selectmen meeting was inaccurate. Ms. Butler inquired of the Board of Selectmen why only a few Town Boards and Committees were singled out for scrutiny regarding attendance of its members. Mr. Beaton responded by informing Ms. Butler that he had requested the attendance information due to the importance of the upcoming 40B applications and the need to have the full ZBA hear all of the 40B

4

...

applications. See *Town of Kingston Board of Selectmen Minutes June 15, 2004*, attached as Exhibit 5.

At the July 27, 2004 meeting of the Board of Selectmen, Attorney Elizabeth Lane, serving as Town Counsel,[1] was present to answer questions about the 40B hearing process and the role of the ZBA. Mr. Beaton specifically stated that the questions posed to Attorney Lane were to pertain solely to the ZBA's responsibilities and would not involve any personal issues. Mr. Beaton explained that the televised July 7, 2004 meeting of the ZBA did not reflect well upon the ZBA. Attorney Lane explained that any ZBA member who is not present for each hearing on a 40B application is prohibited from voting on the final permit. Because some 40B applications involve numerous hearings by the ZBA, it is crucial to have members of the ZBA attend all meetings to hear all evidence related to each 40B application. Attorney Lane answered questions from the Board of Selectmen and the ZBA members who were present. Janet Butler was present on this date. See *Town of Kingston Board of Selectmen Minutes July 27, 2004*, attached as Exhibit 6.

On the very next evening, July 28, 2004, the ZBA had a regularly scheduled meeting. Janet Butler was absent. Exhibit 4.

The issue of ZBA attendance was addressed again at the August 10, 2004 meeting of the Board of Selectmen. Mr. Beaton stated that he wanted all members of the ZBA to resign and reapply for their positions. Mr. Beaton suggested that the Board of Selectmen request the resignations of all ZBA members and made a motion to that affect which was seconded by Mr.

---

[1] Kopelman & Paige. P.C.

Gallagher. Mr. Gallagher stated that the ZBA had recently held a full hearing on the Fountain Knoll 40B project, only one ZBA member had been prepared, and the applicant's attorney had chastised the ZBA for not being prepared. Mr. Beaton expressed his concern at the competency of the members of the ZBA. The motion to ask the ZBA members to resign and reapply for appointment to the ZBA did not pass. See *Town of Kingston Board of Selectmen Minutes August 10, 2004*, attached as Exhibit 7.

A special meeting of the Board of Selectmen was held on August 17, 2004. Mr. Beaton announced that the purpose of the special meeting was to address the membership of the ZBA. He acknowledged the receipt of resignation letters from John Haas and Gail Gleason. Mr. Beaton thanked Mr. Haas and Ms. Gleason for their cooperation and interest in being reappointed to the ZBA. At that time, Mr. Beaton explained that the Board of Selectmen, acting as the appointing authority, could remove any member of the ZBA for cause. See also M.G.L. c. 40A, § 12. He read aloud a draft letter containing reasons for action against each remaining ZBA member, including the plaintiff. The Selectmen considered the draft charges against the plaintiff, decided to withdraw one charge, and unanimously voted to proceed against her on the basis of two remaining charges. See *Town of Kingston Board of Selectmen Minutes August 17, 2004*, attached as Exhibit 8. On the same date, a written notice was sent to the plaintiff. See letter dated August 17, 2004, attached as Exhibit 9.

The pre-termination hearing for the plaintiff occurred on August 24, 2004. The hearing was an open session of the Board of Selectmen. Mr. Beaton explained the procedure for the hearing: a) the Board would present the causes for removal; b) the ZBA member or their counsel would have an opportunity to

6

respond; and c) public comments would be heard. The Board of Selectmen agreed that the ZBA members or their counsel would be allowed to respond to any public comments after a motion made by Plaintiff's counsel, Robert W. Galvin, Esq. See *Videotape of Town of Kingston Board of Selectmen Meeting August 24, 2004*, Exhibit 9.

Next, Mark Reich, Esq.,[2] serving as Town Counsel, reviewed the written charges of August 17, 2004. They were: 1) on July 7, 2004 the plaintiff took part in and allowed a vote on a special permit even though she knew the vote was procedurally invalid, causing the special permit petitioner to re-apply; and 2) the plaintiff was absent for three meetings within a six month period, in violation of the Board of Selectmen's policy on attendance.[3] See *Videotape of Town of Kingston Board of Selectmen Meeting August 24, 2004*, previously submitted to the Court and referred to as Exhibit 10.

After Mr. Reich discussed the charges, Attorney Galvin, on behalf of the plaintiff, had the opportunity to dispute them. Attorney Galvin alleged that Mr. Beaton was biased against the plaintiff and asked him to recuse himself, which Mr. Beaton refused to do. Attorney Galvin notified the Board of Selectmen that there were potentially other appointed officials in the Town of Kingston who were also in violation of the Board's policy on attendance. Further, Attorney Galvin gave the members of the Board of Selectmen a memorandum dated October 26, 1989 by Kopelman & Paige regarding ZBA voting when there is not a

---

[2] Also of Kopelman & Paige.
[3] The August 17, 2004 letter addressed to Janet Butler stated that she had missed three meetings within the *last* six months. This was a clerical error – Janet Butler was in clear violation of the Board of Selectmen's Policy on Attendance. See Exhibit 8, page 3, paragraph 4.

7

quorum. Attorney Galvin argued that the plaintiff relied on this memorandum in support of her vote on July 7, 2004. Attorney Galvin was also allowed to read two letters from prior members of the ZBA expressing their support for the Plaintiff. After Attorney Galvin spoke at length, the Board of Selectmen voted to remove the Plaintiff, Janet Butler, from the ZBA. See *Videotape of Town of Kingston Board of Selectmen Meeting August 24, 2004*, Exhibit 10.

IV.  Argument.

    A. The Appropriate Standard of Review is "Arbitrary and Capricious."

In Levy, et al. v. Acting Governor, et al., 436 Mass. 736, 746 (2002), the Supreme Judicial Court differentiated between the standard of review which applies when the removal of a public official is carried out by a) an appointing authority which has broad supervisory or managerial responsibility and control over the official's actions ("broad oversight"); versus b) an appointing authority whose supervisory or managerial interest in the official is limited ("limited oversight").

Here, the statutory grant of authority explicitly provides the Selectmen with the right to remove ZBA members "for cause." M.G.L. c. 40A §12. By definition, therefore, the Selectmen have "broad oversight" over the tenure of ZBA members.

In cases such as this one, where the appointing authority has broad oversight, "whether under the circumstances it is sufficient to justify a removal, is for the [executive] to decide and his decision is final." Levy, at 746, (quoting Ayers v. Hatch, 175 Mass. 489, 492 (1900)). The decision of the removing authority "can be revised by this court [under certiorari review] only when there has been an arbitrary exercise of power." Levy, 436 Mass. at 746, (quoting Dunn

8

v. Mayor of Taunton, 200 Mass. 252, 258 (1908)).  Reversal of the Board of Selectmen's decision is warranted only if it *"lacks any rational explanation that reasonable persons might support."* Doe v. Superintendent of Schools of Stoughton, 437 Mass. 1, 6 (2002), (quoting Cambridge v. Civil Serv. Comm'n, 43 Mass.Ap.Ct. 300, 303 (1997)(emphasis added).  For other examples of an executive having broad oversight, see McSweeney v. Town Manager of Lexington, 379 Mass. 794, 800 (1980) (removal of town engineer and superintendent of public works by town manager for incompetence and inefficiency); Dunn v. Mayor of Taunton, 200 Mass. 252, 258 (1908) (mayor removed sewer commissioners for failure to comply with statute requiring imposition of sewer assessments); Gaw v. Ashley, 195 Mass. 173, 177 (1907) (removal of member of board of health by mayor); Ayers v. Hatch, 175 Mass. 489, 492 (1900) (removal of assessor by mayor).

Where there is limited oversight of the official by the appointing authority, then the public official, and perhaps others, have a greater interest in retention, so a higher review standard may be more appropriate.  See Boston Edison, 374 Mass. at 47.  In Levy, 436 Mass. at 746-747, the court concluded that the Governor had limited or no executive oversight over the Massachusetts Turnpike Authority, which can independently fix tolls, issue notes and bonds, and carry out corporate policy, since the Legislature did not explicitly grant oversight by the Governor as it has in other areas.  The court reasoned that since the Authority acts as an independent corporate body, and  "because the Governor has no broad power of oversight of the Authority here, the "substantial evidence" test should be applied."  Id. at 748.  Thus, "cause to remove a member [of the Authority] should be in the order of malfeasance, misfeasance, or willful

neglect of duty, the standard of removal applicable to comparable independent authorities." Id. at 749.

In contrast, the Kingston Zoning Board of Appeals is not an "independent corporate body." It has no power to set fees or raise revenues, incur debt, appropriate funds, or to draft or revise zoning bylaws. The Board of Selectmen is the appointing authority and has a supervisory, managerial, and proprietary interest in the ZBA. M.G.L. c. 40A § 12 explicitly grants the "appointing authority" the right to appoint and remove for cause any member of the ZBA. Decisions of the ZBA can be appealed by "[a]ny person aggrieved..." M.G.L. c.40A §17. In fact, the Board of Selectmen, or any of its individual members, has statutorily conferred standing to appeal ZBA decisions. Id. Decisions by the ZBA frequently result in litigation and can result in the Town of Kingston having to defend against the ZBA's actions. The ZBA's decisions affect public and private property, property values, public health and safety and the overall quality of life within Kingston. These matters certainly fall within the purview of the Board of Selectmen. Moreover, the ZBA operates in areas of interest shared by other governing bodies subordinate to the Selectmen, such as the Conservation Commission, the Planning Board, and the Board of Health.

The ZBA's decisions directly affect the Town of Kingston and its Board of Selectmen in a multitude of ways. The supervisory, managerial and proprietary interest in decisions of the ZBA is greater for the government of the Town of Kingston and its residents than that for decisions of the Authority by the Commonwealth, and thus the Board of Selectmen have a greater interest in supervision over the ZBA. It follows that the Board of Selectmen are able to

remove for cause any member as long as the reasons for removal are not arbitrary or capricious.

### B. Under the Arbitrary and Capricious Standard of Review, the Plaintiff's Motion Should be Denied.

The "for cause" standard in M.G.L. c. 40A §12 reflects a legislative intention to allow the Board of Selectmen to exercise its judgment in making personnel decisions relative to subordinate appointed officials. The Board of Selectmen has discretion to remove volunteer officials such as the plaintiff, so long as the Board does not exercise that discretion in an arbitrary or capricious manner. The causes for removal of the plaintiff were set forth in the August 17, 2004 termination letter from the Board of Selectmen.

It was not "arbitrary and capricious" for the Board of Selectmen to remove plaintiff for cause regarding her absences from the ZBA meetings. She missed more meetings between January 9, 2003 and August 4, 2004 than any other member of the ZBA. When the plaintiff's position as an alternate member of the ZBA was up for reappointment on June 1, 2004, the Board of Selectmen discussed her previous absences and emphasized the importance of perfect attendance in regards to the upcoming 40B applications. The Board of Selectmen reviewed concerns about the plaintiff's pattern of poor attendance and the implication of this behavior on the upcoming 40B application processes. Between June 1, 2004 and August 17, 2004, the Board of Selectmen made every effort to raise the significance of attendance and the role of ZBA members and alternate members in the 40B application process. The special Selectmen's meeting on July 27, 2004 was such an effort. The plaintiff missed the following ZBA meeting on the very

11

next night. The plaintiff was certainly made aware prior to August 17, 2004 that her attendance would be carefully scrutinized by the Board of Selectmen.

After being presented with the written charges required by statute, plaintiff's counsel exercised the opportunity rebut the evidence presented by the Board of Selectmen and present her side of the issue at the public hearing. After reviewing all the evidence presented at the hearing, the Board of Selectmen decided to remove the Plaintiff from the ZBA. The Plaintiff cannot show that the grounds asserted by the Board of Selectmen to remove her for cause were not asserted in good faith or were arbitrary, irrational, unreasonable, or irrelevant to the Board of Selectmen's task of ensuring efficient enforcement of the Zoning Bylaws and the Board of Selectmen's policy on absences. The causes alleged were reasonable and legally sufficient for her removal, as were the notice provided and opportunity to be heard.

### C. The Board of Selectmen Provided Plaintiff with Sufficient Due Process Protections.

In her 42 U.S.C. § 1983 claim, the plaintiff alleges that the defendants violated her Fifth and Fourteenth Amendment due process rights by failing to give her a proper pre-termination hearing. The Plaintiff specifically alleges that the Board of Selectmen refused to permit any cross-examination of the witnesses, refused to allow questioning of Mark Beaton, the chairman of the Board of Selectmen on bias, Mark Beaton refused to recuse himself from the removal determination, and the Board failed to allow sufficient opportunity for the plaintiff to offer documentary evidence at the hearing.

Where protected interests in employment are at stake, a pre-termination hearing is required by the due process clause, but it "need not be elaborate."

12

Cleveland Board of Education v. Loudermill, 470 U.S. 532, 546 (1985). The essential notion of due process is that a deprivation of life, liberty, or property be preceded by notice and opportunity for a hearing appropriate to the nature of the case. Loudermill, 470 U.S. 532, 546.

In this situation, "something less" than a full evidentiary hearing is sufficient prior to adverse administrative action. Loudermill, at 545, (citing Mathews v. Eldridge, 424 U.S. 319 (1976)). The opportunity to present reasons, either in person or in writing, why proposed action should not be taken is a fundamental due process requirement. To require more than this prior to termination would intrude to an unwarranted extend to the government's interest in quickly removing an unsatisfactory employee. Loudermill, at 546. See Panozzo v. Rhoads, 905 F.2d 135, 138 (7th Cir.1990) (due process requires only "abbreviated pre-termination processes where full post-deprivation processes are available").

A pre-termination hearing does not have to "definitively resolve the propriety of the discharge;" rather, "[i]t should be an initial check against mistaken decisions." Loudermill, 470 U.S. at 533. Thus, a pre-termination hearing should merely resolve "whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action." Id. at 545-546.

In such hearings, the rules of evidence do not apply, there is no right to cross-examination and normally, volunteer members of boards conduct such hearings. See Staples v. City of Milwaukee, 142 F.3d 383, 387 (7th Cir.1998) (in pre-termination hearing, city employee was not entitled to opportunity to present witnesses in his defense, to confront adverse witnesses, and to cross-

examine them). M.G.L. c. 40A § 12, requires only written charges and a public hearing. Both were provided to the plaintiff.

In Jackson v. Norman, 2002 WL 31121090, *1 -*3 (D.Mass. September 24, 2002), the Court held that Massachusetts Bay Community College ("MBCC") did not violate the plaintiff's Fourteenth Amendment right to due process. The Court (O'Toole, J.) wrote, "MBCC has notified Jackson of the termination proceedings, it has shown Jackson the evidence on which it is basing its decision, and it has provided Jackson with opportunities to either present his own evidence *or to dispute the evidence MBCC is relying on.*" Jackson, at *3 (emphasis added). Here, plaintiff's counsel had the opportunity to present evidence, did so, and exercised the opportunity to call into question the evidence used by the Board of Selectmen.

At the August 24, 2004 for cause hearing, plaintiff's counsel argued that: a) there were allegedly repeated absences by other members on other boards and that those members had not been reprimanded; b) plaintiff was allegedly in possession of the Kopelman & Paige memorandum before her vote on July 7, 2004 and relied upon said memorandum when exercising her vote; and c) Mark Beaton, Chairman of the Board of Selectmen, was allegedly biased. After Plaintiff's counsel had the opportunity to dispute the Board of Selectmen's evidence, the Board still voted to remove the plaintiff.

Moreover, due process does not "require the state to provide an impartial decisionmaker at the pretermination hearing." Cronin, 895 F.Supp. at 387, (citing Schaper v. City of Huntsville, 813 F.2d 709, 715 (5th Cir. 1987). See, Arnett v. Kennedy, 416 U.S. 134, 170 n.5 (1974) ("In most cases, the employee's supervisor is the official best informed about the 'cause' for termination. If disqualification

14

is required on the ground that the responsible supervisor could not be wholly impartial, the removal procedure would become increasingly complex") (Powell, J. concurring).

A party contending "that the combination of investigative and adjudicative functions necessarily creates an unconstitutional risk of bias in administrative adjudication" has a "difficult burden of persuasion to carry" because he must overcome "a presumption of honesty and integrity in those serving as adjudicators." Withrow v. Larkin, 421 U.S. 35, 47 (1975). See Wilson v. Brookline Housing Authority, 383 Mass. 878, 879 (1981) (bias on the part of members of appointing authority does not prevent authority from exercising power to remove employee); Mayor of Everett v. Superior Court, 324 Mass. 144, 151 (1949) (officers enjoy no immunity from termination simply because removing authority biased or prejudiced).

Based on the foregoing, the Board of Selectmen did not violate the plaintiff's due process protections during her pre-termination hearing.

V. Conclusion

Wherefore, the defendants respectfully request that the Plaintiff's Motion for Judgment on the Pleadings be denied.

> Respectfully submitted,
> The Defendants,
> By their attorneys,
>
> /s/ Leonard H. Kesten
> Leonard H. Kesten, BBO #542042
> Thomas P. Campbell, BBO #564124
> Brody, Hardoon, Perkins & Kesten, LLP
> One Exeter Plaza, 12th Floor
> Boston, MA 02116
> (617) 880-7100

Exhibit List

Exhibit 1  Town of Kinston Board of Selectmen Minutes, June 1, 2004.

Exhibit 2  Videotape of Town of Kingston Board of Selectmen Meeting, June 1, 2004.

Exhibit 3  Policy on Attendance For Committees, Boards, and Commissions Appointed by the Board of Selectmen.

Exhibit 4  ZBA Attendance Records for January 9, 2004 to August 4, 2004.

Exhibit 5  Town of Kingston Board of Selectmen Minutes, June 15, 2004.

Exhibit 6  Town of Kingston Board of Selectmen Minutes, July 27, 2004.

Exhibit 7  Town of Kingston Board of Selectmen Minutes, August 10, 2004.

Exhibit 8  Town of Kingston Board of Selectmen Minutes, August 17, 2004.

Exhibit 9  Notice Letter to Plaintiff, August 17, 2004.

Exhibit 10 Videotape of Board of Selectmen Meeting, August 24, 2004.